Kaveh S. Elihu, Esq. (SBN 268249)
kelihu@ejlglaw.com
Daniel J. Friedman, Esq. (SBN 289670)
dfriedman@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorney for Plaintiff,
DOMINIQUE WASHINGTON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-05226-MCS-KSx<br>Removed from Los Angeles Superior Court Action No. 19STCV16767<br><br>*[Assigned to the Hon. Mark C. Scarsi, Courtroom 5A]*<br><br>**PLAINTIFF DOMINIQUE WASHINGTON'S NOTICE OF MOTION AND MOTION *IN LIMINE NO. 1* TO PRECLUDE REFERENCE TO ALLEGATIONS THAT PLAINTIFF OBTAINED TWO PREGNANCY RELATED ABORTIONS; DECLARATION OF DANIEL J. FRIEDMAN, ESQ.**<br><br>[Motion 1 of 4] |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**

Complaint Filed: May 14, 2019
Trial Date: July 13, 2021

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE **TAKE NOTICE t**hat on July 27, 2020 at 11:00 a.m. in Department 5A of the above-referenced court, located at 350 W. 1st Street, Los Angeles, California, 90012, Plaintiff Dominique Washington ("Plaintiff"), by and through her attorneys of record, moves for the following Orders *in Limine*:

    1.    An order to exclude any and all evidence, references to evidence, arguments and testimony related to any allegations that Plaintiff ever terminated a pregnancy, including but not limited to allegations that Plaintiff obtained two pregnancy related abortions.

    2.    An order that the attorneys for all parties shall instruct all parties and any persons who may be called as witnesses of the court's exclusionary order on this Motion; and

    3.    An order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

    The motion is made on the following grounds:

    1.    This is an employment disability discrimination case. The alleged evidence concerning Plaintiff's termination of her pregnancy during her employment with Defendant is not relevant to any material issue in this case and thus, is not admissible, and is highly prejudicial to Plaintiff. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. Further, the alleged evidence would waste the court's time and resources, and cause jury confusion. Fed. R. Evid. 403. If counsel wishes to secure permission from the court in advance of trial to make any references to allegations that Plaintiff obtained an abortion during her employment with Defendant, defense counsel's references should be limited to the phrase "pregnancy-related medical procedure," if that.

-2-

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**

2. It is immaterial and unnecessary to the disposition of this case, contrary to the established principles in this district to permit such evidence or inference, and would be highly prejudicial to Plaintiff as jurors may be inflamed into believing that an individual who would terminate her pregnancy does not deserve the protections of the law.

3. The above-described orders are necessary to ensure that Plaintiff will be accorded a fair trial and that the trial record will not be tainted with reversible error to the prejudice of Plaintiff.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel J. Friedman—all matters of which this court may properly take judicial notice—any argument heard on this motion, the pleadings and papers filed herein, and all other matters properly before the court.

DATED: June 1, 2021

**EMPLOYEE JUSTICE LEGAL GROUP, PC**

By: _____
Kaveh S. Elihu, Esq.
Daniel J. Friendman, Esq.
Attorneys for Plaintiff
DOMINIQUE WASHINGTON

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

This is an employment disability discrimination case stemming from Defendant's termination of Plaintiff due to her need to take medical leave from work related to her pregnancy.

The Plaintiff in this case is Dominique Washington ("Plaintiff"). Plaintiff worked for Defendant FedEx Ground Package System, Inc. ("Defendant") between on or around September 16, 2016 through May 16, 2017, the day she was terminated due to her need to take medical leave from work related to her pregnancy. Plaintiff turned in all medical notes to her supervisor, and always verbally informed him both in person and over the phone of her need to take time off work due to pregnancy-related illness. Despite this, Defendant—a sophisticated Fortune 50 company—completely disregarded Plaintiff's rights and terminated her because it did not want to deal with accommodating her pregnancy-related medical needs.

Defendant has made repeated mention of Plaintiff's two pregnancy-related abortions when referring to the facts and circumstances that gave rise to Plaintiff's complaint in a fashion that indicates Defendant intends to present evidence on this topic at trial. [Friedman Decl., ¶ 2.] Plaintiff anticipates Defendant may attempt to *inappropriately* present and manipulate evidence, including evidence that Plaintiff terminated her pregnancy during her employment with Defendant and had a second abortion after her termination.

Evidence that Plaintiff obtained terminated pregnancies is completely irrelevant to whether or not she is entitled to recover based on Defendant's violations of its duties to Plaintiff as her employer, and does not relate to any matter of liability or even credibility. Moreover, evidence thereof would be highly prejudicial and confusing to the jury because, if admitted, the jury might be inflamed into believing that a woman who would terminate a pregnancy is not worthy of any award for a wrongful termination. This prejudice significantly outweighs any marginal probative value of referring to Plaintiff's

pregnancy-related medical procedures as having obtained "two pregnancy-related abortions."

As such, Plaintiff brings this Motion *in Limine* to exclude any and all documents and evidence, references to evidence, or arguments relating to evidence that Plaintiff obtained a pregnancy-related abortion. If counsel wishes to secure permission from the court in advance of trial to make any references to allegations that Plaintiff obtained an abortion during her employment with Defendant, defense counsel's references should be limited to the phrase "pregnancy-related medical procedure," if that.

## II. THIS COURT MAY EXCLUDE PREJUDICIAL EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

FRE 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This Court has the inherent power to grant a motion *in limine* to exclude any kind of evidence which could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41 (1984); *U.S. v. Caputo*, 313 F. Supp. 2d 764, 767–68 (N.D. Ill. 2004), opinion vacated on reconsideration, 2004 WL 5576653 (N.D. Ill. 2004), amended in part, 2004 WL 5576652 (N.D. Ill. 2004); *U.S. v. Lachman*, 48 F.3d 586, 590–94 (1st Cir. 1995).

FRE 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of unfair prejudice. *Old Chief v. U.S.*, 519 U.S. 172, 180–92 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800–02 (1st Cir. 1995); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).

Further, FRE 103(d) and FRE 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Bd. of Regents,* 629 F.2d 993, 999–1001 (5th Cir. 1980).

## III. ONLY RELEVANT EVIDENCE IS ADMISSIBLE

Only relevant evidence is admissible. Fed. R. Evid. 402.  Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.  Fed. R. Evid. 401; *Huddleston v. U.S.*, 485 U.S. 681, 682–92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon,* 17 F.3d 409, 443–46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)).  The court has no discretion to admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288–89 (9th Cir. 1992).

In the case at hand, alleged evidence about Plaintiff undergoing a pregnancy-related abortion during her employment with Defendant is not relevant because Plaintiff's claims pertain to Defendant's discrimination, retaliation, wrongful termination, failure to provide reasonable accommodations based, and failure to engage in the good faith interactive process on Plaintiff's pregnancy related disability and use of medical leave. Plaintiff's decision to terminate her pregnancy is distinct from the injuries she claims, as the injuries were caused by Defendant's discriminatory actions towards Plaintiff for her engagement in a protected activity.  Therefore, the pregnancy-related abortion is not relevant to any issue in this case.  As a result, evidence related to Plaintiff's pregnancy-related abortion during her employment with Defendant is inadmissible and should be excluded at trial.

### IV. EVIDENCE OF PLAINTIFF'S ALLEGED PAST CONDUCT IS NOT RELEVANT TO ANY ISSUE IN THIS CASE, AND WOULD BE HIGHLY PREJUDICIAL, INCLUDING BECAUSE IT WOULD INFLAME THE PASSIONS OR EMOTIONS OF THE JURORS

This motion is based upon the grounds that evidence of Plaintiff's pregnancy-related abortion is irrelevant to the issues in this case, is expressly prohibited for impeachment purposes by FRE 608, and will create a substantial danger of undue prejudice to Plaintiff.  This motion is used to exclude inadmissible evidence of any kind relating to whether Plaintiff terminated any pregnancy during her employment with Defendant.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**

Plaintiff objects to the introduction of testimony or evidence regarding these prior acts. Plaintiff's past conduct with regards to obtaining a pregnancy-related abortion is irrelevant and impertinent character evidence that would unfairly prejudice the jury against Plaintiff and brand her as a bad person. *F.W. Woolworth Co. v. Wilson*, 74 F.2d 439, 443 (5th Cir. 1934); *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53, 55 (7th Cir. 1959); *Morrissey v. Welsh Co.*, 821 F.2d Conn 1294, 1303 (8th Cir. 1987); and *Campbell v. Ingersoll Milling Mach. Co.,* 893 F.2d 925, 929 (7th Cir. 1989).

FRE 402 states that "[i]rrelevant evidence is not admissible." Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401. In assessing whether evidence is relevant, the general rule followed by courts is, "to inquire whether 'a reasonable man might believe probability of truth of consequential fact to be different if he knew of proffered evidence.'" *U.S. v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976) (quoting J. Weinstein & M. Berger, *Weinstein's Evidence* at 401–27 (1975)).

In the present case, Plaintiff makes no claim for injuries related to aborting a pregnancy, nor does Plaintiff allege any claim of discrimination, harassment, or retaliation related to whether or not Plaintiff aborted any pregnancy during her employment. Defendant's position is that it decided to terminate Plaintiff because she missed too many days of work. However, when viewed as a whole, Defendant's purported reason for terminating Plaintiff does not stand to reason, and serves as a pretext for the true reason for her termination: her pregnancy and use of medical leave. Thus, the issues of law germane to this case are limited as to whether Defendant can articulate a legitimate business reason for terminating Plaintiff, whether Defendant's alleged legitimate reason was pretextual, and whether terminating Plaintiff violated the California Fair Employment and Housing Act because Defendant failed to accommodate, discriminated, and retaliated against Plaintiff based on her disability and sex - gender.

If counsel wishes to secure permission from the court in advance of trial to make any references to allegations that Plaintiff obtained an abortion during her employment

with Defendant, defense counsel's references should be limited to the phrase "pregnancy-related medical procedure," if that.

The alleged evidence regarding Plaintiff's pregnancy-related abortion is *wholly irrelevant* to whether or not Plaintiff is entitled to recover for Defendant's violations of duties to Plaintiff as an employee, and to any matters relating to liability or even credibility, and is not admissible. This evidence is irrelevant under FRE 401, and any minimal probative value is substantially outweighed by the risks of unfair prejudice. Thus, this evidence is inadmissible and must be excluded at trial.

### V.   INFLAMATORY EVIDENCE REGARDING PLAINTIFF'S ALLEGED PAST CONDUCT WOULD BE HIGHLY PREJUDICIAL, AND WOULD ONLY CONFUSE THE JURY AND WASTE THIS COURT'S TIME

Alternatively, even if this evidence did possess some potential probative value, in an emotionally charged society, mention of Plaintiff's pregnancy-related abortion during her employment with Defendant will almost certainly prejudice the jury in this case. FRE 404 states that other acts evidence must be probative of an issue other than character or propensity. *U.S. v. Brooke*, 4 F.3d 1480, 1482 (9th Cir. 1993). The exceptions noted in FRE 404 are to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Leading cases have also reached the conclusion that even when other acts evidence is presented for a permissible purpose under FRE 404(b), it must pass two other evidentiary hurdles: it must be relevant and its probative value must not be substantially outweighed by unfair prejudice. Fed. R. Evid. 401; Fed. R. Evid. 403; *Brooke,* 4 F.3d at 1483. "[O]ther acts evidence may only be introduced to prove a material issue in the case." *U.S. v. Bracy*, 67 F.3d 1421, 1432 (9th Cir. 1995).

Moreover, even if this evidence was relevant to some issue, and it is not, the alleged relevance is so inconsequential to any issue that any alleged evidence is grossly outweighed by the probability that its admission will create substantial danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed.

R. Evid. 403.  Leading cases have also reached the conclusion that evidence used and intended principally to arouse the passions of the jury or inflame juror emotions is improper and must be excluded.  *Wilson*, 74 F.2d at 443; *Klotz*, 267 F.2d at 55; *Morrissey*, 821 F.2d at 1303 n.4; *Campbell*, 893 F.2d at 929.

In *Ingle v. Circuit City*, No. 99-CV-1297-RHW, 2006 U.S. Dist. LEXIS 100620 (S.D. Cal. Feb. 1, 2006), the plaintiff, through a Motion *in Limine*, sought to exclude evidence of turbulence in her marriage, an extramarital affair, and an abortion.  The court excluded evidence regarding Plaintiff's abortion under Federal Rule of Evidence 403. Rule 403 gives the Court discretion to exclude relevant evidence "it its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  The Eighth Circuit has found a trial court abused its discretion by admitting evidence the plaintiff had an abortion. *Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 885 (8th Cir. 1998). The court explained that "[u]nfair prejudice relates to the risk that the jury will decide the case on an improper basis" and that "[i]nforming the jury that [the plaintiff] had had an abortion presented the danger of provoking 'the fierce emotional reaction  that is engendered in many people when the subject of abortion surfaces in any manner.'" *Id.* (citation omitted). Because this evidence "tends to be highly prejudicial" and "had very little probative value[,]" and it was offered with "no limiting instructions to the jury to consider the abortion evidence only as to damages and not in evaluating [the plaintiff's] character and credibility[,]" the Court found the district court abused its discretion. *Id.* These cases relate to the situation at issues where this Court should find that the fact that Plaintiff terminated her pregnancies tends to be highly prejudicial and has very little probative value. The danger of unfair prejudice is particularly high with respect to argument or evidence about such a controversial and inflammatory social issue as a woman's right to choose abortion.  In the present case, there is a substantial danger that jurors might believe Plaintiff's pregnancy-related abortion somehow relates to her current

injuries. Any evidence of the alleged pregnancy-related abortion will only serve to confuse the jury and unfairly prejudice Plaintiff.

Surely, admission of evidence about Plaintiff's termination of her pregnancy during her employment with Defendant raises the danger of both unfair prejudice against Plaintiff and of misleading the jury to rely on visceral feelings of prejudice or hostility towards Plaintiff, rather than encouraging jurors to decide this case based upon the relevant facts.

If admitted, the jury might be inflamed into believing that a woman who had a pregnancy related abortion is not worthy of any award as a result of a wrongful termination. It may confuse the jury to believe that the abortion has some bearing on whether or not Plaintiff is entitled to the protections of the California Fair Employment and Housing Act and/or the other laws of this state. Additionally, evidence of the abortion might be prejudicial against Plaintiff who the jury might erroneously believe is not entitled to equal treatment, and is thus not entitled to compensation for her injuries according to the law.

Plaintiff would be severely prejudiced should such evidence be presented at trial. This evidence, having no relevance to any issue, is inadmissible, and must be excluded at trial.

## VI. CONCLUSION

Based on the above, Plaintiff respectfully requests that this court grant this motion and make the following orders:

1. An order excluding the introduction by Defendant of any evidence of any kind relating to allegations that Plaintiff ever terminated a pregnancy, including but not limited to allegations that Plaintiff obtained a pregnancy-related abortion during her employment with Defendant.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**

2. An order that the attorneys for all parties shall instruct all parties and any persons who may be called as witnesses of the court's exclusionary order on this Motion; and

3. An order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

DATED: June 1, 2021

**EMPLOYEE JUSTICE LEGAL GROUP, PC**

By: _____
Kaveh S. Elihu, Esq.
Daniel J. Friendman, Esq.
Attorneys for Plaintiff
DOMINIQUE WASHINGTON

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010.

On June 1, 2021, I served the foregoing document described on the attached **PLAINTIFF DOMINIQUE WASHINGTON'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO PRECLUDE REFERENCE TO ALLEGATIONS THAT PLAINTIFF OBTAINED TWO PREGNANCY RELATED ABORTIONS; DECLARATION OF DANIEL J. FRIEDMAN, ESQ.**
**T** on the interested parties in this action as follows:

| | |
|---|---|
| Shaun J. Voigt, Esq.<br>Fisher & Phillips LLP<br>444 South Flower Street, Suite 1500<br>Los Angeles, CA  90071<br>svoigt@fisherphillips.com | *Attorney for Defendants* |

☒ BY CM/ECF: With the Clerk of the United States District Court of California, using the CM/ECF System. the Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on June 1, 2021, at Los Angeles, California.

☒ FEDERAL  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Bryant Gamez                                                            /s/ Bryant Gamez

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF OBTAINED AN ABORTION**