Kaveh S. Elihu, Esq. (SBN 268249)
kelihu@ejlglaw.com
Daniel J. Friedman, Esq. (SBN 289670)
dfriedman@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorney for Plaintiff,
DOMINIQUE WASHINGTON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| DOMINIQUE WASHINGTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation, and DOES 1 through 20, inclusive<br><br>Defendant. | Case No. 2:19-cv-05226-MWF-KS<br>Removed from Los Angeles Superior Court Action No. 19STCV16767<br><br>*[Assigned to the Hon. Michael W. Fitzgerald, Courtroom 5A]*<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3: TO EXCLUDE DEFENDANT'S PSYCHOLOGICAL EXPERT'S REPORT AND TESTIMONY BASED THEREON FOR FAILURE TO CONDUCT A DEFENSE MEDICAL EXAMINATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. FRIEDMAN; REQUEST FOR JUDICIAL NOTICE**<br><br>[Motion 3 of 4]<br><br>Complaint Filed: May 14, 2019<br>Trial Date: August 25, 2020 |

-1-

1

2

3

4

_____

5

6

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:

7

8

PLAINTIFF Dominique Washington hereby moves this Court for an Order in Limine excluding

9

(1) the psychological report of Francine B. Kulick, Ph.D. ("Dr. Kulick") dated as of May 22, 2020

10

("Report"), (2) any evidence of or related to, testimony regarding, or mention of the Report, and (3) any

11

other evidence from or testimony by Dr. Kulick regarding Plaintiff's mental condition and the apparent

12

13

cause of any emotional distress that Plaintiff suffered (clauses (1) through (3) collectively, the

14

"Unreliable Expert Testimony").

15

The motion is made pursuant to Federal Rule of Evidence § 702 on the grounds that (1) the

16

Unreliable Expert Testimony violates applicable ethical principles and the code of conduct of the

17

American Psychological Association (of which Dr. Kulick is a member) because Dr. Kulick failed to

18

conduct a Defense Medical Exam ("DME") of Plaintiff prior to drafting the Report and (2) therefore, the

19

20

Unreliable Expert Testimony will not help the jury to understand the evidence or to determine a fact in

21

issue,[1] is based on insufficient facts and data, is the product of unreliable principles and methods, and

22

did not reliably apply the psychological principles and methods to the facts of the instant case.

23

24

25

26

_____

27

1 To the contrary, the Unreliable Expert Testimony will confuse the jury and is thus independently
excludable pursuant to FRE 403 because its probative value is substantially outweighed by a danger of
unfair prejudice, confusing the issues, and misleading the jury.
.

28

-2-

**PLAINTIFFS' MOTION IN LIMINE NO: 3 TO EXCLUDE UNRELIABLE EXPERT TESTIMONY**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The motion will be based on the Memorandum of Points and Authorities, the declaration of Daniel J. Friedman, and the requests for judicial notice, filed and served herewith; upon the records on file herein; and upon such evidence and oral argument as may be presented at the hearing of this motion.

Dated: June 2, 2021                              **EMPLOYEE JUSTICE LEGAL GROUP, P.C.**

By: _____
         Kaveh S. Elihu, Esq.
         Daniel J. Friedman, Esq.
         Attorneys for Plaintiff
         DOMINIQUE WASHINGTON

**PLAINTIFFS' MOTION IN LIMINE NO: 3 TO EXCLUDE UNRELIABLE EXPERT TESTIMONY**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION AND STATEMENT OF FACTS

3

4     This is an employment disability and pregnancy discrimination case stemming from Defendant's

5  termination of Plaintiff due to her need to take medical leave from work related to her pregnancy. The

6  Plaintiff in this case is Dominique Washington ("Ms. Washington" or "Plaintiff"). Ms. Washington

7  worked for Defendant FedEx Ground Package System, Inc. ("Defendant") between on or around

8  September 16, 2016 through May 16, 2017, the day she was terminated due to her need to take medical

9  leave from work related to her pregnancy. Ms. Washington attempted to turn in all medical notes to her

10 supervisor, and always verbally informed him in person and over the phone of her need to take off work

11 due to pregnancy related disabilities. Despite this, Defendant—a sophisticated Fortune 50 company—

12 completely disregarded Ms. Washington's rights and terminated her because it did not want to deal with

accommodating her pregnancy-related medical needs.

13     Defendant retained Francine B. Kulick, Ph.D. ("Dr. Kulick") as an expert witness "to provide

14 rebuttal testimony regarding Ms. Washington's mental condition and the apparent cause of any

15 emotional distress that she may have suffered." (Friedman Decl. ¶ 2, Exhibit 1[Report at 1].) Dr. Kulick

16 sent her psychological report to Defendant's counsel on May 22, 2020 ("Report"). (Id.) In preparing her

17 Report, Dr. Kulick "reviewed Ms. Washington's legal complaint, her deposition testimony dated

18 January 16, 2020 including exhibits and videos, medical records from SCPMG, thirty-nine pages of

19 various medical records (Plaintiff's Document Production in response to FedEx Ground's Request for

20 Production) and the report of Dr. Reading" (collectively, the "Record"). (Id. [Report at 1].)

21     Significantly, Dr. Kulick did not conduct a Defense Medical Exam ("DME") of Plaintiff prior to

22 preparing her Report. Dr. Kulick's failure to conduct a DME of Plaintiff makes Dr. Kulick's Report

23 unreliable based on well-established psychological principles and methods. Accordingly, Plaintiff brings

24 this Motion *in Limine* to exclude (1) the Report, (2) any evidence of or related to, testimony regarding,

25 or mention of the Report, and (3) any other evidence from or testimony by Dr. Kulick regarding

26 Plaintiff's mental condition and the apparent cause of any emotional distress that Plaintiff suffered

27 (clauses (1) through (3) collectively, the "Unreliable Expert Testimony") from trial pursuant to Federal

28 Rule of Evidence ("FRE") § 702 because the Unreliable Expert Testimony will not help the jury to

**PLAINTIFFS' MOTION IN LIMINE NO: 3 TO EXCLUDE UNRELIABLE EXPERT TESTIMONY**

understand the evidence or to determine a fact in issue,[2] is based on insufficient facts and data, is the product of unreliable principles and methods, and did not reliably apply the psychological principles and methods to the facts of the instant case.

## II.   LEGAL ARGUMENT

### a.   The Unreliable Expert Testimony Violates Applicable Ethical Principles and the Code of Conduct of the American Psychological Association

According to her CV, Dr. Kulick is a member of the American Psychological Association ("APA"). (Declaration of Daniel J. Friedman ("Friedman Decl."), Ex. 1 .) Dr. Kulick, therefore, is subject to the Ethical Principles of Psychologists and Code of Conduct of the APA (the "APA Ethics Code"). (Request for Judicial Notice ("RJN"), ¶ 2 [https://www.apa.org/ethics/code].) Although the general, ethical principles in the APA Ethics Code "are aspirational goals to guide psychologists toward the highest ideals of psychology . . . [and] are not themselves enforceable rules [but] . . . should be considered by psychologists in arriving at an ethical course of action, [t]he Ethical Standards set forth enforceable rules for conduct as psychologists." (APA Ethics Code: Introduction and Applicability.) "APA may impose sanctions on its members for violations of the standards of the Ethics Code, including termination of APA membership, and may notify other bodies and individuals of its actions." (Id.)

In preparing her Report regarding Plaintiff's mental condition and the apparent cause of any emotional distress that Plaintiff suffered, Dr. Kulick should have considered the principles and the Ethical Standards of the APA Ethics Code. (Id.) Ethical Standard 2.04 requires that psychologists' work be "based upon established scientific and professional knowledge of the discipline." Pursuant to Ethical Standard 9.01, psychologists must "base the opinions contained in their . . . reports . . . on information and techniques sufficient to substantiate their findings." (Id., Section 9) Specifically, "**psychologists provide opinions of the psychological characteristics of individuals only after they have conducted an examination of the individuals adequate to support their statements or conclusions**." (Id.,

---

2 To the contrary, the Unreliable Expert Testimony will confuse the jury and is thus independently excludable pursuant to FRE 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

emphasis added.) In the instant case, Dr. Kulick failed to conduct an examination of Plaintiff, and there is no evidence that a DME in the instant case was impracticable, not warranted, or unnecessary.

Moreover, although Dr. Kulick did not conduct a DME of Plaintiff, her Report failed to "clarify the probable impact of [her] limited information on the reliability and validity of [her] opinions" and to limit appropriately "the nature and extent of [her] conclusions or recommendations." (Id.) To the contrary, the Report fails to even mention (let alone explain the implications and/or indicate the significant limitations caused thereby on her opinion) that Dr. Kulick did not examine Plaintiff. However, the APA Ethics Code required Dr. Kulick, **prior to making any statement regarding Plaintiff's mental condition <u>based solely on a record review</u>**, to first determine that the information she had, and the techniques used to gather that information, were adequate to support her findings. Her Report fails to indicate that she first made that determination and that based thereon a DME was not warranted or necessary for her Report.

Basing the Report exclusively on a record review is unethical and violates the APA Ethics Code because rendering a psychological diagnosis should be an interactive process in which Dr. Kulick would have been able to assess directly (as Dr. Reading did) the extent to which information in the Record relevant to the diagnosis of Plaintiff could be relied upon and to gather additional information as necessary. By foregoing a DME of Plaintiff, Dr. Kulick severely limited her ability to assess the quality of the data in the Record and totally inhibited her from exploring aspects of the Record that are ambiguous or incomplete. The Report fails to mention whether Dr. Kulick believes that Record can be relied upon in rendering her opinion. The Report does not include any limiting language that reflects the limited information that Dr. Kulick reviewed in the absence of a DME. Thus, the Report violates both the ethical principles and the methods that the APA Ethics Rules required Dr. Kulick to use in preparing the Report, and therefore Dr. Kulick did not properly apply sound, required principles and methods to the facts of the instant case, making her Report both unethical and completely unreliable.

**b.  <u>The Unreliable Expert Testimony Does Not Meet the Showing Required by FRE § 702</u>**

FRE § 702 allows a witness who is qualified as an expert by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise only if each of the following

conditions is satisfied: (1) the expert's scientific, technical, or other specialized knowledge will help the jury to understand the evidence or to determine a fact in issue, (2) the testimony is based on sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the expert has reliably applied the principles and methods to the facts of the case. FRE § 702 was amended in April 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999). (Notes of Advisory Committee on FRE § 702.) *Daubert* clarified that trial judges are gatekeepers tasked with excluding unreliable expert testimony, such as the Unreliable Expert Testimony in the instant case. (Id.) Accordingly, the trial court must assess the reliability and the helpfulness of proffered expert testimony. (Id.)

Factors relevant in determining whether expert testimony is sufficiently reliable to be considered by the jury include: (1) Whether the expert "is being as careful as he would be in his regular professional work outside his paid litigation consulting." *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997). *See Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1176 (1999) (*Daubert* requires the trial court to assure itself that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field"); and (2) Whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give. *See Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1175 (1999) (*Daubert's* general acceptance factor does not "help show that an expert's testimony is reliable where the discipline itself lacks reliability, as, for example, do theories grounded in any so-called generally accepted principles of astrology or necromancy."); *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998) (en banc) (clinical doctor was properly precluded from testifying to the toxicological cause of the plaintiff's respiratory problem, where the opinion was not sufficiently grounded in scientific methodology); *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188 (6th Cir. 1988) (rejecting testimony based on "clinical ecology" as unfounded and unreliable). (Id.) Other factors may also be relevant. In essence, the proffered testimony must be the product of reliable principles and methods that are also reliably applied to the facts of the case. As the court noted in *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994), " *any* step that renders the analysis unreliable . . . renders the expert's testimony inadmissible. *This is true whether the step completely changes a reliable methodology or merely*

-7-

1    *misapplies that methodology.*" Therefore, FRE § 702 sets forth the overarching requirement of

2    reliability, and an analysis of the sufficiency of the expert's basis of information cannot be divorced from

3    the ultimate reliability of the expert's opinion." (Notes of Advisory Committee on FRE § 702.)

4            With respect to the instant case, by failing to conduct a DME of Plaintiff, Dr. Kulick was being

5    less careful than she would be in her regular professional work as a psychologist outside her paid

6    litigation consulting. (*Sheehan*, 104 F.3d at 942.) It defies credibility to believe that Dr. Kulick would

7    diagnose one of her patients without first examining her. Thus, the Report and the other Unreliable

8    Expert Testimony does not and will not employ in the courtroom the same level of professional rigor

9    that characterizes the ethical practice of psychology, making it unreliable and unsuitable for the jury as a

10   matter of law and of fact. (*Kumho*, 119 S.Ct. at 1176.)

11           Moreover, the field of psychology, as reflected by the APA Ethics Rules, does not reach reliable

12   results where the psychologist does not examine the patient. Accordingly, Ethical Standard 9.01,

13   requires "**psychologists [to] provide opinions of the psychological characteristics of individuals only**

14   **after they have conducted an examination of the individuals adequate to support their statements**

15   **or conclusions**." (APA Ethics Code: Section 9; emphasis added.) Pursuant to *In re Paoli R.R. Yard PCB*

16   *Litig.*, "*any step that renders the analysis unreliable . . . renders the expert's testimony inadmissible. This*

17   *is true whether the step completely changes a reliable methodology or merely misapplies that*

18   *methodology.*" Therefore, FRE § 702 sets forth the overarching requirement of reliability, and an

19   analysis of the sufficiency of the expert's basis of information cannot be divorced from the ultimate

20   reliability of the expert's opinion." (Notes of Advisory Committee on FRE § 702.)

21           Thus, because Dr. Kulick did not conduct a DME of Plaintiff prior to preparing her Report as

22   required by the APA Ethics Rules, Dr. Kulick did not reliably apply the principles and methods required

23   by the APA Ethics Rules to the facts of the instant case, and as a result, the Unreliable Expert Testimony

24   is neither (1) based on sufficient facts or data nor (2) the product of reliable principles and methods.

25   Accordingly, Dr. Kulick's scientific, technical, or other specialized knowledge reflected in the Report

26   will not help the jury to understand the evidence or to determine a fact in issue. To the contrary, the

27   Unreliable Expert Testimony will confuse and mislead the jury, creating a risk of unfair prejudice (i.e., a

28   tendency to suggest a decision on an improper basis). In this sense, the Unreliable Expert Testimony is

also independently excludable pursuant to FRE 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

III.   **CONCLUSION**

Based on the above, Plaintiff respectfully requests that this Court grant this motion and make the following orders:

1.     An order excluding the Unreliable Expert Testimony.

2.     An order that the attorneys for all parties shall instruct all parties and any persons who may be called as witnesses of the Court's exclusionary order on this Motion with respect to the Unreliable Expert Testimony; and

3.     An order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

DATED: June 1, 2021                          **EMPLOYEE JUSTICE LEGAL GROUP, PC**

                                     By:   /S/ Daniel Friedman
                                           Kaveh S. Elihu, Esq.
                                           Daniel J. Friendman, Esq.
                                           Attorneys for Plaintiff
                                           DOMINIQUE WASHINGTON

ORDER: Motion in Limine #3: _____ GRANTED; _____ DENIED

**PLAINTIFFS' MOTION IN LIMINE NO: 3 TO EXCLUDE UNRELIABLE EXPERT TESTIMONY**

**<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010.

On June 1, 2021, I served the foregoing document described on the attached **PLAINTIFFS' MOTION IN LIMINE NO. 3: TO EXCLUDE DEFENDANT'S PSYCHOLOGICAL EXPERT'S REPORT AND TESTIMONY BASED THEREON FOR FAILURE TO CONDUCT A DEFENSE MEDICAL EXAMINATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. FRIEDMAN; REQUEST FOR JUDICIAL NOTICE**

 on the interested parties in this action as follows:

    Shaun J. Voigt, Esq.                *Attorney for Defendants*
    Fisher & Phillips LLP
    444 South Flower Street, Suite 1500
    Los Angeles, CA  90071
    svoigt@fisherphillips.com

☒    BY CM/ECF:  With the Clerk of the United States District Court of California, using the CM/ECF System.  the Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on June 1, 2021, at Los Angeles, California.

    ☒    FEDERAL   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Bryant Gamez _____    /s/ Bryant Gamez _____

-10-

**PLAINTIFFS' MOTION IN LIMINE NO: 3 TO EXCLUDE UNRELIABLE EXPERT TESTIMONY**