Rhett T. Francisco, Esq. (SBN 232749)
RFrancisco@ejlglaw.com
Kaveh S. Elihu, Esq. (SBN 268249)
kelihu@ejlglaw.com
Daniel J. Friedman, Esq. (SBN 289670)
dfriedman@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
DOMINIQUE WASHINGTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE WASHINGTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: CV 19-05226-MWF-(KSx)<br><br>**DECLARATION OF DANIEL J. FRIEDMAN, IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO.'s 1 - 4 TO PRECLUDE REFERENCE TO ALLEGATIONS THAT PLAINTIFF OBTAINED TWO PREGNANCY RELATED ABORTIONS**<br><br>**Final Pretrial Conference**<br>Date: June 21, 2021<br>Time: 1:30 p.m.<br>Dept: 5A |

DECL. OF DANIEL J FRIEMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1

## **DECLARATION OF DANIEL J. FRIEDMAN**

I, Daniel J. Friedman , declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am associated withthe EMPLOYEE JUSTICE LEGAL GROUP, PC, counsel for Plaintiff Dominique Washington herein.  I have personal knowledge of the facts set forth herein and if called upon as a witness could and would testify competently thereto.  I file this declaration in support of Plaintiff's four Motions *In Limine*.

2. On May 25, 2021, I spoke to opposing Counsel Shaun Voight and Sean Daley on the phone regarding Plaintiff's intention to file the four motions *in limine*.  Defendant's counsel stated they will not stipulate to any of Plaintiff's motions *in limine*.

3. Attached hereto as **Exhibit 1**, and incorporated herein by this reference, is a true and correct copy of Dr. Francine Kulic Rebuttal Expert Report..

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed June 1, 2021, at Los Angeles, California.

                                              */s/ Daniel J. Friedman*
                                              Daniel J. Friedman

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010.

On June 1, 2021, I served the foregoing document described on the attached **DECLARATION OF DANIEL J. FRIEDMAN, IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO.'s 1 - 4 TO PRECLUDE REFERENCE TO ALLEGATIONS THAT PLAINTIFF OBTAINED TWO PREGNANCY RELATED ABORTIONS**

   on the interested parties in this action as follows:

| | |
|---|---|
| Shaun J. Voigt, Esq. | *Attorney for Defendants* |
| Fisher & Phillips LLP | |
| 444 South Flower Street, Suite 1500 | |
| Los Angeles, CA  90071 | |
| svoigt@fisherphillips.com | |

☒    BY CM/ECF:  With the Clerk of the United States District Court of California, using the CM/ECF System.  the Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on June 1, 2021, at Los Angeles, California.

☒    FEDERAL   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Bryant Gamez | /s/ Bryant Gamez |

# Exhibit 1

**Francine B. Kulick, Ph.D.**
Licensed Psychologist

2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
(310) 424-1417
E-mail: fkulickphd@aol.com

CONFIDENTIAL

May 22, 2020

Shaun J. Voigt, Esq.
Fisher & Phillips LLP
444 South Flower St.
Suite 1500
Los Angeles, CA 90071

**PSYCHOLOGICAL REPORT**

Re: Dominique Washington vs. FedEx Ground Package System, Inc.
Case No. 2:19-cv-05226-MWF-KS

Dear Mr. Voigt:

Thank you for engaging my services to provide expert witness testimony in the above-referenced matter.

To date, I have reviewed Ms. Washington's legal complaint, her deposition testimony dated January 16, 2020 including exhibits and videos, medical records from SCPMG, thirty-nine pages of various medical records (Plaintiff's Document Production in response to FedEx Ground's Request for Production) and the report of Dr. Reading. Ms. Washington has made claims, which include discrimination, retaliation and wrongful termination.

I have been asked to provide rebuttal testimony regarding Ms. Washington's mental condition and the apparent cause of any emotional distress that she may have suffered.

Ms. Washington was hired as a package handler at FedEx on September 16, 2016. She was notified of her job termination on May 16, 2017 and was told that she was let go due to missing so many days at work.

Dr. Reading has opined (in his report dated April 14, 2020) that Ms. Washington experienced the onset of symptoms of depression following the loss of her job. He diagnosed her with Adjustment Disorder with Depressed Mood with the precipitating stressor being the job termination. He believes that her symptoms improved approximately two months before she got her current job at the Colin Powell School.

The job history that Dr. Reading reports for Ms. Washington includes a series of relatively short-lived jobs, some temporary in nature as well as two jobs from which she was terminated (Toys R Us and a prior assignment at the Colin Powell School). He also lists interim periods of time where she was not employed. He reports that she has a history of being the victim of domestic violence, while in a relationship with the individual who is the father of her two children. Further, he reports that in a subsequent relationship, Ms. Washington's partner had a negative reaction to her becoming pregnant. She subsequently had a therapeutic abortion on May 15, 2017 followed by medical complications, which led to a visit to the emergency room at SCPMG. Dr. Reading reviewed various documents including Ms. Washington's deposition testimony, in which he notes that she testified to a subsequent therapeutic abortion (in approximately October 2017 according to the SCPMG records). Further, Ms. Washington testified that her father suffered a heart attack in 2018 or 2019. Dr. Reading reports based on review of Ms. Washington's deposition testimony that she didn't start looking for other employment following her termination from FedEx Ground because she was earning money as a babysitter. He reports that during the clinical interview she became tearful when discussing her decision to have a therapeutic abortion.

Dr. Reading concludes that absent Ms. Washington's job termination she wouldn't have developed symptoms consistent with an Adjustment Disorder with Depressed Mood. I disagree with this conclusion. I believe he reaches this conclusion largely based on Ms. Washington's self-report. I don't see mention of these symptoms in the medical records including over twelve hundred pages of records from SCPMG that I do not believe were seen in their entirety by Dr. Reading. Ms. Washington has a stressful life. She has financial difficulties. In videos of her deposition testimony she clearly looks upset when questioned about a history of having had two therapeutic abortions. Ms. Washington has had the serious pre-existing stressor of having experienced domestic violence (prior to beginning her job at FedEx Ground). She has a history of atypical chest pain. She has had subsequent stressors (after the end of her job at FedEx Ground) including another therapeutic abortion as well as her father having had a heart attack. Ms. Washington may well have experienced an Adjustment Disorder with Depressed Mood but based on available information there are numerous possible precipitating events. Further, I disagree with Dr. Reading's conclusion on page 25 of his report that "where adverse events are seen to result from the actions of others, as was the case here, the injurious effects have been shown to be longer lasting and more severe (DSM-5, p.275)". This quote is not related to the diagnosis of Adjustment Disorder. It is specifically mentioned in the section of the diagnostic manual that describes aspects of another mental condition, Posttraumatic Stress Disorder.

It is deferred to the trier of fact whether Ms. Washington was in any way mistreated by her former employer.

In order to comply with the requirements of the Federal code I have appended my curriculum vitae, a list of all cases in which I have testified within the preceding four years, and a current fee schedule.

Sincerely,

*Francine B Kulick, Ph.D*

Francine B. Kulick, Ph.D.
Licensed Psychologist

# Francine B. Kulick, Ph.D.
## Licensed Psychologist

2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
(310) 424-1417
E-mail: fkulickphd@aol.com

## CURRICULUM VITAE
## 2020

### CURRENT ACTIVITIES (1996 – Present)

Private practice of psychology. Conduct forensic evaluations in civil litigation matters and provide expert witness testimony. Provide litigation consultation.

### PROFESSIONAL EXPERIENCE

1990 - 1996   Director - Forensic Evaluation & Consultation Service: Barrington Psychiatric Center. Duties included: Administration and supervision; Conducting evaluations and providing expert witness testimony; Coordination of MCLE Presentations; Clinical supervision for the Los Angeles Free Clinic.

1985 - 1990   Senior Psychologist and Assistant Clinic Director: Family Court Mental Health Services, Brooklyn, NY. Duties included: Performing court-ordered evaluations in child custody, delinquency, child neglect & abuse matters; Providing expert witness testimony and consultation with judges and other court personnel.

1978 - 1990   Private Practice of Psychology: Individual & marital therapy; Psychological testing; Consultant to the Office of the Corporation Counsel, City of NY.

1986 - 1987   Clinic Administrator & Director of Psychological Services (part-time position): Youth & Family Consultation Center, Brooklyn, NY. Duties included: Clinical supervision; Formulation of grant & contract proposals; Provision of direct services in psychotherapy and psychological testing.

1984 - 1985   Staff Psychologist: City Hospital Center - Elmhurst, NY. Duties included: Intern supervision; Interdisciplinary team consultation; Individual and group therapy; Psychodiagnostic evaluation.

1981 - 1984   Staff Psychologist: Dept. of Psychiatry, University of Miami - Jackson Memorial Medical Center. Adjunct Faculty Member, University of Miami Medical

Curriculum Vitae
Francine Kulick
Page Two

School. Duties included: Interdisciplinary team consultation; Psychodiagnostic assessment; Instruction of medical students on the psychiatry rotation.

1978 - 1981   Staff Psychologist: Dade County Department of Youth & Family Development, Miami FL. Duties included: Individual & family therapy; Clinical supervision of social work staff; Workshop presentations.

**EDUCATION**

1978   Ph.D., Clinical Psychology, University of Miami, Coral Gables, FL
(included completion of an accredited internship at Patton State Hospital, San Bernardino, CA, 1974-1975)

**PUBLICATIONS**

McDonald, J. & Kulick, F., Eds. Mental and emotional injuries in employment litigation, Second Edition. Bureau of National Affairs, Inc., 2001.

McDonald, J., Kulick, F. & Creighton, M. Mental disabilities under the ADA: A management rights approach. Employee Relations Law Journal, 1995, 20(4), 541-567.

McDonald, J. & Kulick, F., Eds. Mental and emotional injuries in employment litigation. Bureau of National Affairs, Inc., 1994.

**PRESENTATIONS**

Winning Trial Practices: How to Tackle Your Opponent's Expert Through Cross-Examination. Beverly Hills Bar Association – December 2016

Proving and Defending Emotional Distress Damages in Employment Litigation. Beverly Hills Bar Association – June 2013

The Role of the Forensic Psychologist in Employment Litigation. Seminar presented at the University of Miami Counseling Center, Miami, FL, February 2003.

Mental Disorders in the Workplace. Seminar presented at the 2000 Civilian Personnel Law Conference, Western Area Counsel Office, San Diego, CA.

Psychology: Understanding and utilizing the science and methodology. San Antonio, TX, June 1998.

Curriculum Vitae
Francine Kulick
Page Three

## PROFESSIONAL AFFILIATIONS

American Psychological Association
American Psychology-Law Society

## PSYCHOLOGY LICENSURE

California, New York, & Florida

# Francine B. Kulick, Ph.D.
## Licensed Psychologist

2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
(310) 424-1417
E-mail: fkulickphd@aol.com

LIST OF DEPOSITIONS, ARBITRATIONS & TRIALS (as of May 2020)
The following is a list in alphabetical order, by plaintiff's name within the preceding four years.

Bralock & Fryman v. AUHS – Deposition February 2019
Canizales v. The Pep Boys - Deposition December 2019; Arbitration Testimony AAA Los Angeles January 2020
DFEH (West) v. SCPMG - Deposition June 2017; Videotaped Trial Testimony June 2017
Flowers v. Denridge Foods - Trial Testimony LA Superior Court – July 2016
Genovia v. Gallatin Dental - Deposition February 2018
Gierut v. Applied Medical Resources Corporation – Deposition January 2019
Hernandez v. Brentwood Originals, Inc. - Deposition February 2018
Howell v. Health Net - Deposition – August 2017
Hudson v. California State University Los Angeles - Deposition – October 2017
Jimenez v. U.S. Continental Marketing - Deposition January 2018; Trial – Riverside Superior Court March 2018
Khoiny v. St. Mary Medical Center - Deposition July 2017
Lindsey v. Costco - Deposition August 2016
McElwain v. Kaiser - Trial Testimony Orange County Superior Court – December 2016
Molenkamp v. Disney Worldwide Services - Deposition June 2017
Moncada v. ABM - Deposition February 2017
Russota v. Three Hands - Deposition February 2017
Santrach v. CDCR - Deposition February 2017
Simers v. L.A. Times - Deposition October 2014; Trial LA Superior Court September 2015; Trial LA Superior Court August 2019
Tahami v. Global Cash Card – Deposition November 2019
Triplett v. Golden State Foods - Deposition – February 2017
Van Moore v. The Cheesecake Factory - Deposition – July 2019
Wergechik v. Anaheim Marina Management LLC, et al. - Deposition August 2017
Wiest v. The United Way - Deposition May 2017
Williams, Tanya v. SCPMG - Deposition August 2019
Wirth v. Anthem - Deposition June 2017

# Francine B. Kulick, Ph.D.
## Licensed Psychologist

2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
(310) 424-1417
E-mail: fkulickphd@aol.com

## DESCRIPTION OF FEES FOR CLINICAL SERVICES
## 2020

Medical Record Review; Report Preparation; Consultation- $475/hour
(Report transcription costs are billed separately)

Clinical Interview - $475/hour
The clinical interview consists of a mental status examination, an assessment of current functioning, delineation of the allegations, and exploration of concurrent history and past history.

MMPI-2 - $475 fee for test administration and interpretation (scoring service fees are billed separately)

Cancellation/Rescheduling/"No Show" fee - $1900 - applied if patient fails to appear on the scheduled date or changes are made re: the patient's appointment with less than 10 calendar days' notice for any reason including settlement. Please note that an entire professional day is set aside for the appointment.

Travel Time - Billed at ½ the applicable hourly rate.

*********************************************************************

## DESCRIPTION OF FEES FOR DEPOSITION & TESTIMONY

Depositions - $675/hour (1 hour minimum)
All preparation time is billed at the hourly deposition rate.
Travel time for depositions is billed at ½ the hourly deposition rate.

Testimony at Trial/Arbitration - Fees are billed portal to portal: $2700 half day minimum
All preparation time and additional testimony hours are billed at the hourly deposition rate

*********************************************************************

Receipt of a retainer in the amount of $3500 is required to be designated, to hold an evaluation date, to reserve a trial date in my schedule or to begin work. One half of this amount is non-refundable but may be applied to initial record review, consultation, clinical interview or late cancellation of an evaluation.