| | |
|---|---|
| 1 | Kaveh S. Elihu, Esq. (SBN 268249) |
| 2 | kelihu@ejlglaw.com<br>Daniel J. Friedman, Esq. (SBN 289670) |
| 3 | dfriedman@ejlglaw.com<br>**EMPLOYEE JUSTICE LEGAL GROUP** |
| 4 | 3055 Wilshire Boulevard, Suite 1120<br>Los Angeles, California 90010 |
| 5 | Telephone: (213) 382-2222<br>Facsimile: (213) 382-2230 |
| 6 | Attorney for Plaintiff, |
| 7 | DOMINIQUE WASHINGTON |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | CASE NO.: 2:19-cv-05226-MWF-KS<br>Removed from Los Angeles Superior Court Action No. 19STCV16767<br><br>*[Assigned to the Hon. Michael W. Fitzgerald, Courtroom 5A]*<br><br>**PLAINTIFF DOMINIQUE WASHINGTON'S NOTICE OF MOTION AND MOTION *IN LIMINE NO. 4* TO PRECLUDE REFERENCE TO ALLEGATIONS OF STREET DRUG USE BY PLAINTIFF; DECLARATION OF DANIEL J. FRIEDMAN, ESQ.**<br><br>[Motion 4 of 4]<br><br><br>Complaint Filed:   May 14, 2019<br>Trial Date:           August 25, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE **TAKE NOTICE t**hat on July 27, 2020 at 11:00 a.m. in Department 5A of the above-referenced Court, located at 350 1st Street, Los Angeles, California, 90012, Plaintiff Dominique

-1-

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**

-2-

Washington ("Plaintiff"), by and through her attorneys of record, moves for the following Orders *in Limine*:

      1.     An order to exclude any and all evidence, references to evidence, arguments, and testimony related to any allegations that Ms. Washington allegedly engaged in street drug use;

      2.     An order that the attorneys for all parties shall instruct all parties and any persons who may be called as witnesses of the Court's exclusionary order on this Motion; and

      3.     An order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

The motion is made on the following grounds:

      1.     This is an employment disability discrimination case. The evidence concerning Plaintiff's alleged street-drug use is not relevant under the test set forth in Federal Rule of Evidence ("FRE") 401 and therefore is not admissible pursuant to FRE 402. Moreover, evidence concerning Plaintiff's alleged street-drug use is excludable pursuant to FRE 403 because it is highly and unfairly prejudicial to Plaintiff, confuses the issues, and will mislead the jury, particularly in light of the fact that the alleged street drug was legal in California at the time that Plaintiff allegedly used it. In addition, pursuant to FRE 404, evidence of Plaintiff's alleged street-drug use is not admissible to prove Plaintiff's character in order to show that on a particular occasion Plaintiff acted in accordance with the character.

      2.     The above-described orders are necessary to ensure that Plaintiff will be accorded a fair trial and that the trial record will not be tainted with reversible error to the prejudice of Plaintiff.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel J. Friedman., all matters of which this Court may properly take judicial notice, any argument heard on this motion, the pleadings and papers filed herein, and all other matters properly before the Court.

DATED: June 1, 2021                                 EMPLOYEE JUSTICE LEGAL GROUP, PC

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**

By: _____
Kaveh S. Elihu, Esq.
Daniel J. Friendman, Esq.
Attorneys for Plaintiff
DOMINIQUE WASHINGTON

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND STATEMENT OF FACTS**

This is an employment disability discrimination case stemming from Defendant's termination of Plaintiff due to her need to take medical leave from work related to her pregnancy.

The Plaintiff in this case is Dominique Washington ("Ms. Washington" or "Plaintiff"). Ms. Washington worked for Defendant FedEx Ground Package System, Inc. ("Defendant") between on or around September 16, 2016 through May 16, 2017, the day she was terminated due to her need to take medical leave from work related to her pregnancy. Ms. Washington attempted to turn in all medical notes to her supervisor, and always verbally informed him in person and over the phone of her need to take off work due to pregnancy related illness. Despite this, Defendant—a sophisticated Fortune 50 company—completely disregarded Ms. Washington's rights and terminated her because it did not want to deal with accommodating her pregnancy-related disability.

In Plaintiff's medical records, there is a reference to Plaintiff's alleged use of cannabis on or around May 14, 2017, which the medical record refers to as "Street Drug Use." However, on November 8, 2016, California voters passed Proposition 64, the Adult Use of Marijuana Act. Under Proposition 64, adults 21 years of age or older can legally grow, possess, and use cannabis for non-medicinal purposes. Plaintiff was born on July 5, 1988, and thus was 28 years and ten-months old in May 2017.  Prior to the passage of Proposition 64, it was generally illegal to possess or to use cannabis. For example, possession of less than one ounce of cannabis was punishable by a fine. However, after the passage of Proposition 64, adults over 21 years of age could legally consume cannabis in a private home and could legally possess up to 28.5 grams of cannabis (or up to 8 grams of concentrated cannabis, such as hashish).

Accordingly, cannabis was no longer an illegal "street drug" in May 2017 when Plaintiff allegedly consumed it. As such, Plaintiff's medical records prejudicially mischaracterize the legal status of cannabis in California in 2017. Thus, the consumption of cannabis in a private home by a 28-year old adult in California in 2017 had the same legal consequences as consuming aspirin or Arugula. Nevertheless, Defendant should not be allowed to mention Plaintiff's alleged legal consumption of cannabis as "street-drug use" or otherwise at trial.

-4-

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**

## II. LEGAL ARGUMENT

### a. CANNABIS IS NOT A "STREET DRUG" BECAUSE CONSUMPTION OF CANNABIS BY ADULTS IN CALIFORNIA IN 2017 WAS ENTIRELY LEGAL

As stated above, Plaintiff's medical records include a reference to Plaintiff's alleged use of cannabis on or around May 14, 2017. Plaintiff's medical records misleadingly labeled such alleged cannabis use as "Street Drug Use." The term "street drug" is synonymous with "illicit drug" or "illegal drug." (Request for Judicial Notice, ¶ 1, [https://www.ojp.gov/ncjrs/virtual-library/abstracts/street-drug-analysis-eleven-year-perspective-illicit-drug; https://medical-dictionary.thefreedictionary.com/street+drug ].)

However, on November 8, 2016, California voters passed Proposition 64, the Adult Use of Marijuana Act. Under Proposition 64, adults 21 years of age or older can legally grow, possess, and use cannabis for non-medicinal purposes. Plaintiff was born on July 5, 1988, and thus was 28 years and ten-months old in May 2017.

Prior to the passage of Proposition 64, cannabis may have legitimately been considered a "street drug" since it was illegal to possess or to use cannabis in California. For example, possession of less than one ounce of cannabis was punishable by a fine. Yet, after the passage of Proposition 64, adults over 21 years of age in California could legally consume cannabis in a private home and could legally possess up to 28.5 grams of cannabis (or up to 8 grams of concentrated cannabis, such as hashish).

Accordingly, even if, *arguendo*, Plaintiff consumed cannabis in May 2017, cannabis use or consumption was completely legal, and cannabis was no longer a "street drug" in California at that time. As such, Plaintiff's medical records prejudicially mischaracterize the legal status of cannabis in California in 2017. Thus, the alleged consumption of cannabis in a private home by a 28-year old adult in California in 2017 had the same legal consequences as consuming aspirin or Arugula, none of which could legitimately be characterized as "street drugs."

### b. EVIDENCE OF PLAINTIFF'S ALLEGED USE OF CANNABIS IS NOT RELEVANT AND THEREFORE IS INADMISSIBLE

Pursuant to FRE 401, evidence is only relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the

-5-

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**

1  action. *See Huddleston v. U.S.*, 485 U.S. 681, 682–92, 25 Fed. R. Evid. Serv. 1 (1988*); U.S. v. Brandon*,
2  17 F.3d 409, 443–46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082
3  (7th Cir. 1998)). Only relevant evidence is admissible under FRE 402, and the court has no discretion to
4  admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288–89, 37 Fed. R. Evid. Serv. 733 (9th Cir.
5  1992).

6        In her complaint, Plaintiff seeks damages for discrimination, retaliation, failure to prevent
7  discrimination and retaliation, failure to provide reasonable accommodation, and failure to engage in a
8  good faith interactive process in violation of Government Code §§ 12940 et seq., and wrongful
9  termination in violation of public policy. Plaintiff's alleged use of cannabis is irrelevant to the elements
10 of her claims (and to Defendant's defense therefrom) because it has no tendency to make a fact related
11 to Plaintiff's claims (or Defendant's defense) more or less probable than it would be without such
12 evidence and it is of no consequence in determining the instant action. (FRE § 401.) In the instant case,
13 Plaintiff is not claiming damages for injuries or for discrimination, harassment, or retaliation relating to
14 her alleged consumption of cannabis. Defendant did not terminate or otherwise discipline Plaintiff for
15 her alleged consumption of cannabis. Plaintiff did not take any leave from her job due to or related in
16 any way to her alleged consumption of cannabis. Plaintiff did not allegedly consume cannabis while at
17 work or on Defendant's premises, and there is no evidence that Plaintiff ever worked while under the
18 influence of cannabis. Accordingly, Plaintiff's alleged use of cannabis is completely irrelevant in the
19 instant case, and this Court must exclude any evidence of or related to, testimony regarding, or mention
20 of Plaintiff's alleged cannabis use or "street-drug use" from trial.

21       **c.** **EVIDENCE CONCERNING PLAINTIFF'S ALLEGED "STREET-DRUG USE"**
22               **IS HIGHLY AND UNFAIRLY PREJUDICIAL TO PLAINTIFF, CONFUSES THE**
23               **ISSUES, AND WILL MISLEAD THE JURY**

24       As stated above, "street drug" is synonymous with "illicit drug" or "illegal drug." (Request for
25 Judicial Notice, ¶ [ 1 ] [https://www.ojp.gov/ncjrs/virtual-library/abstracts/street-drug-analysis-eleven-
26 year-perspective-illicit-drug; https://medical-dictionary.thefreedictionary.com/street+drug ].) In effect,
27 the reference to "street-drug use" in Plaintiff's medical records characterizes Plaintiff as a criminal.
28 Moreover, despite the legality of cannabis in California at the time of Plaintiff's alleged use in May

2017, approximately one in three adults still were against the legalization of cannabis in 2018, preferring and considering cannabis as an illegal drug (as evidenced and proven by Plaintiff's medical records). (RJN, ¶ [ 2] [https://www.brookings.edu/wp-content/uploads/2019/08/9780815737896_ch1.pdf]. Thus, there is still a stigma associated with cannabis use among a plurality of the adult population who look down upon people who use cannabis and view them as criminals or addicts, especially since many people continue to consider cannabis as a gateway drug for other drugs that are illegal, such as cocaine and heroin. (Id.)

Even if, *arguendo*, Plaintiff's alleged consumption of cannabis were relevant evidence in the instant case, because of lingering negative attitudes and opinions regarding cannabis use and the synonymy of "street-drug use" and "illicit drug use" or "illegal drug use" among the pool of potential jurors, any probative value is far outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. This is particularly the case, where, as here, alleged cannabis use by Plaintiff in May 2017 would have been completely legal. Accordingly, Defendant would seek to introduce evidence of Plaintiff's cannabis use or "street-drug use" solely and exclusively to arouse and inflame the passions and emotions of the jury. For that reason, this Court must exclude any such evidence from trial. See FRE § 403; *F.W. Woolworth Co. v. Wilson*, 74 F.2d 439, 443 (5th Cir. 1934); *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53, 55 (7th Cir. 1959); *Murray v. Welsh*, 821 F.2d 1294, 1303 fn 4 (8th Cir. 1987); and *Campbell v. Ingersoll Milling Machine Co.,* 893 F.2d 925, 929 (7th Cir. 1989).

To the contrary, the jury may be mislead into believing that Plaintiff is not worthy of justice or adequate compensation in the instant case because she allegedly engaged in criminal behavior. It also may confuse the jury into believing that such evidence has or should have some bearing on whether or not Plaintiff is entitled to the protections of the Fair Employment and Housing Act and/or the other laws of this state.

    d. **EVIDENCE CONCERNING PLAINTIFF'S ALLEGED "STREET-DRUG USE" IS NOT ADMISSIBLE TO PROVE PLAINTIFF'S CHARACTER**

Pursuant to FRE 404, evidence of Plaintiff's alleged cannabis use or "street-drug use" is not admissible to prove Plaintiff's character in order to show that on a particular occasion Plaintiff acted in accordance with the character. The circumstantial use of character evidence is generally discouraged

because it carries serious risks of prejudice, confusion, and delay. See *Michelson v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice"). Moreover and as discussed above, in light of the legality of cannabis use by adults in California in 2017, the danger of undue prejudice vastly outweighs the probative value of Plaintiff's alleged cannabis use in view of the availability to Defendant of other means of proof, including vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof. Slough and Knightly, *Other Vices, Other Crimes*, 41 Iowa L.Rev. 325 (1956).

## III. CONCLUSION

Based on the above, Plaintiff respectfully requests that this Court grant this motion and make the following orders:

1. An order excluding the introduction, by Defendant, of any evidence of any kind relating to allegations that Ms. Washington used cannabis or engaged in "street-drug use."

2. An order that the attorneys for all parties shall instruct all parties and any persons who may be called as witnesses of the Court's exclusionary order on this Motion; and

3. An order that the subject medical document be redacted;

4. An order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

DATED: June 1, 2021                    **EMPLOYEE JUSTICE LEGAL GROUP, PC**

By: /s/ Daniel Friedmand
Kaveh S. Elihu, Esq.
Daniel J. Friendman, Esq.
Attorneys for Plaintiff
DOMINIQUE WASHINGTON

ORDER: Motion in Limine #4:  _____ GRANTED;  _____ DENIED

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010.

On June 1, 2021, I served the foregoing document described on the attached **PLAINTIFF DOMINIQUE WASHINGTON'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4 TO PRECLUDE REFERENCE TO ALLEGATIONS OF STREET DRUG USE BY PLAINTIFF; DECLARATION OF DANIEL J. FRIEDMAN, ESQ.**

on the interested parties in this action as follows:

| | |
|---|---|
| Shaun J. Voigt, Esq.<br>Fisher & Phillips LLP<br>444 South Flower Street, Suite 1500<br>Los Angeles, CA  90071<br>svoigt@fisherphillips.com | *Attorney for Defendants* |

☒ BY CM/ECF: With the Clerk of the United States District Court of California, using the CM/ECF System. the Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on June 1, 2021, at Los Angeles, California.

☒ FEDERAL  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


Bryant Gamez                                                   /s/ Bryant Gamez

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 FOR AN ORDER PRECLUDING DEFENDANT FROM INTRODUCING EVIDENCE THAT PLAINTIFF ALLEGEDLY USED CANNABIS**