Rhett T. Francisco, Esq. (SBN 232749)
RFrancisco@ejlglaw.com
Kaveh S. Elihu, Esq. (SBN 268249)
kelihu@ejlglaw.com
Daniel J. Friedman, Esq. (SBN 289670)
dfriedman@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
DOMINIQUE WASHINGTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE WASHINGTON, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No.: CV 19-05226-MWF-(KSx)<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Final Pretrial Conference**<br>Date: June 21, 2021<br>Time: 1:30 p.m.<br>Dept: 5A |

Plaintiff Dominique Washington ("Plaintiff") submits the following Memorandum of Contentions of Fact and Law pursuant to this Court's November 20, 2020 Pretrial and Trial Order, Federal Rules of Civil Procedure 26(a)(3)(A), and Central District of California Local Rule 16-4.

## I. SUMMARY OF CLAIMS

Plaintiff's Complaint alleges the following claims, which Plaintiff intends to pursue at trial.

<u>Claim 1:</u> Discrimination in Violation of Government Code sections 12940, *et seq.*;

<u>Claim 2:</u> Retaliation in Violation of Government Code sections 12940, *et seq.*;

<u>Claim 3:</u> Failure to Prevent Discrimination and Retaliation in Violation of Government Code section 12940(k).

<u>Claim 4:</u> Failure to Provide Reasonable Accommodations in Violation of Government Code section 12940, *et seq.*

<u>Claim 5:</u> Failure to Engage in a Good Faith Interactive Process in Violation of Government Code sections 12940, *et seq.*

<u>Claim 6:</u> Wrongful Termination in Violation of Public Policy.

<u>Claim 7:</u> Declaratory Judgment.

## II. ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS

**A. Claim 1: Discrimination in Violation of Government Code sections 12940,** *et seq.*

Plaintiff must prove the following elements by a preponderance of the evidence to succeed on this claim:

1. That Defendant was an employer covered by the California Fair Employment and Housing Act ("FEHA");
2. That Plaintiff was an employee of Defendant;
3. That Defendant discharged Plaintiff;

Case 2:19-cv-05226-MCS-KS   Document 40   Filed 06/01/21   Page 3 of 11   Page ID #:487

  4. That Plaintiff's pregnancy, pregnancy related disability, or sex-gender was a substantial motivating reason for Defendant's decision to discharge Plaintiff;

  5. That Plaintiff was harmed; and

  6. That Defendant's conduct was a substantial factor in causing Plaintiff's harm.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions ("CACI") No. 2500; Government Code section 12940, *et seq.*

<u>Key evidence:</u>  First, Plaintiff was a member of multiple protected classes because she was a pregnant woman who was disabled by pregnancy related illness. Second, Plaintiff was qualified for her position with accommodation because she only needed to take medical leave for her pregnancy related illness and to have a pregnancy related medical treatment. Indeed, Plaintiff had medical documentation, and she was on a medical leave at the time of her termination. Third, Plaintiff suffered the adverse employment action of termination after. Fourth, numerous circumstance suggest discriminatory motive, including tha , Defendant's position is that it decided to terminate Plaintiff because she had too many unexcused absences. However, when viewed as a whole, Defendant's purported reason for terminating Plaintiff does not stand to reason, and serves as a pretext for the true reason for her termination: her pregnancy and use of medical leave. Surely, Plaintiff was always a hardworking and diligent employee, who received accolades and who always performed all of her work duties when she was feeling well. Plaintiff was written up for absences that occurred while she was on medical leave, and Plaintiff's supervisors were aware of her pregnancy and condition.

  Moreover, Defendant's alleged reason for termination is pretextual. Defendant failed to conduct an investigation and its termination therefore had no basis in fact. Defendant's purported reason for termination was also insufficient to

motivate discharge based on Defendant's own policies where they wrote her up for "no call no shows" when in fact Plaintiff had called and her supervisor received emails informing him that she would be absent due to her pregnancy related disability.

### B. Claim 2: Retaliation in Violation of Government Code sections 12940, *et seq.*

Plaintiff must prove the following elements by a preponderance of the evidence to succeed on this claim:

1. That Plaintiff engaged in the protected activity of reporting her pregnancy and pregnancy related disabilities and taking medical leave;
2. That Defendant discharged Plaintiff;
3. That Plaintiff's act of reporting her pregnancy, pregnancy related disabilitie,s and taking medical leave was a substantial motivating reason for Defendant's decision to discharge Plaintiff;
4. That Plaintiff was harmed; and
5. That Defendant's decision to discharge Plaintiff was a substantial factor in causing him harm.

Authority: CACI No. 2505; Government Code section 12940, *et seq.*

Key evidence:  First, Plaintiff engaged in the protected activity of taking medical leaves of absence. Second, Plaintiff was subjected to the adverse employment action of termination.  Third, a causal link exists because Plaintiff was written up and terminated on dates that she had medical leave.

Moreover, Defendant's alleged reason for termination is pretextual. Defendant failed to conduct an investigation and its termination therefore had no basis in fact. Defendant's purported reason for termination was also insufficient to motivate discharge based on Defendant's own policies.

### C. Claim 3: Failure to Prevent Discrimination and Retaliation in Violation of Government Code section 12940(k).

Plaintiff must prove the following elements by a preponderance of the evidence in order to succeed on this claim:

1. That Plaintiff was an employee of Defendant;
2. That Plaintiff was subjected to discrimination and retaliation in the course of employment;
3. That Defendant failed to take all reasonable steps to prevent the discrimination and retaliation;
4. That Plaintiff was harmed; and
5. That Defendant's failure to take all reasonable steps to prevent discrimination and retaliation was a substantial factor in causing Plaintiff's harm.

Authority:  CACI No. 2527; Government Code section 12940(k).

Key evidence:  First, it is undisputed that Plaintiff was an employee of Defendant. Second, as explained above, Plaintiff was subject to discrimination and retaliation as a result of her pregnancy, pregnancy related disability, taking medical leave, including terminating third. Third, Plaintiff complained to Manager Alejando Nunez about being terminated for taking medical leave. Defendant clearly failed to take any reasonable steps to prevent discrimination and retaliation, because despite Plaintiff's complaint to Alejandro Nunez regarding her protests for being terminated for taking medical leave, Mr. Nunez ratified Fed Ex's conduct and approved of the termination.  Fourth and fifth, the termination and failure to prevent discrimination and retaliation caused Plaintiff harm because, as a result of it, she barely got out of bed, and she felt worthless, she felt like a failure, she cried at certain points, and she lost income as a result.

### D. Claim 4: Failure to Provide Reasonable Accommodations in Violation of Government Code sections 12940, *et seq.*

Plaintiff must prove the following elements by a preponderance of the evidence in order to succeed on this claim:

1. That Defendant was an employer covered by the FEHA;
2. That Plaintiff was an employee of Defendant;
3. That Plaintiff had a physical condition that limited his ability to perform the essential functions of his job;
4. That Defendant knew of Plaintiff's disability that limited his ability to perform the essential functions of his job;
5. That Plaintiff was able to perform the essential duties of his current position or a vacant alternative position to which he could have been reassigned with reasonable accommodation for his disability;
6. That Defendant failed to provide reasonable accommodation for Plaintiff's disability;
7. That Plaintiff was harmed; and
8. That Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

Authority:  CACI 2541; Government Code section 12940(m)

Key evidence:  First, it is undisputed that Plaintiff suffered from a pregnancy related disability. Second, Defendant failed to accommodate Plaintiff because in response to Plaintiff taking time off to treat her pregnancy related disability, as soon as she attempted to return to work, Plaintiff was written up for missing days that she was out on medical leave, and ultimately terminated.

E. **Claim 5: Failure to Engage in a Good Faith Interactive Process in Violation of Government Code sections 12940, *et seq.***

Plaintiff must prove the following elements by a preponderance of the evidence in order to succeed on this claim:

1. That Defendant was an employer covered by the FEHA;
2. That Plaintiff was an employee of Defendant;
3. That Plaintiff had a disability that was known to defendant;

4. That Plaintiff requested that Defendant make reasonable accommodation for her disability so that she would be able to perform the essential job requirements;
5. That Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements;
6. That Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made;
7. That Plaintiff was harmed; and
8. That Defendant's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

Authority: CACI No. 2546; Government Code section 12940(n)

Key evidence:  First, it is undisputed that Plaintiff suffered from a pregnancy related disability, requiring her take medical leave. Second, Plaintiff requested the accommodation of being able to take off time to treat her pregnancy related disability. Third, Plaintiff was willing to participate in the interactive process to determine if a reasonable accommodation could be made, especially considering that she consistently notified her supervisor and Defendant when she was going to miss time due to her pregnancy related disability. Fourth, Defendant' failed to participate in timely good faith interactive process with Plaintiff because instead of accommodating her, they wrote her up and ultimately terminated her employment. Fifth and sixth, Plaintiff was harmed because, as a result of Defendant's actions, she barely got out of bed, and she felt worthless, she felt like a failure, she cried at certain points, and she lost income as a result.

**F. Claim 6: Wrongful Termination in Violation of the Public Policy of the State of California**

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Plaintiff must prove the following elements by a preponderance of the evidence in order to succeed on this claim:

1. That Plaintiff was employed by Defendant;
2. That Defendant discharged Plaintiff;
3. That Plaintiff's act of reporting his disabilities and taking medical leave was a substantial motivating reason for Plaintiff's discharge;
4. That Plaintiff was harmed; and
5. That the discharge was a substantial factor in causing Plaintiff's harm.

Authority:  CACI No. 2430.

Key evidence:  First, as explained above, an employer-employee relationship undoubtedly existed between Defendant and Plaintiff. Second, Defendant terminated Plaintiff. Third, as explained above, a nexus existed between the termination and protected activity since, among other things, Plaintiff was terminated when she attempted to return from her medical leave. And fourth, Plaintiff was harmed because, as a result of Defendant's actions, she barely got out of bed, and she felt worthless, she felt like a failure, she cried at certain points, and she lost income as a result.

Moreover, Defendant's alleged reason for termination is pretextual. Defendant failed to conduct an investigation and its termination therefore had no basis in fact. Defendant's purported reason for termination was also insufficient to motivate discharge based on Defendant's own policies.

### G. Claim 7: For Declaratory Judgment

Plaintiff must prove the following elements by a preponderance of the evidence in order to succeed on this claim:

1. That Plaintiff's claims are a proper subject of declaratory relief; and
2. There exists an actual controversy involving justiciable questions relating to Plaintiff's rights and/or Defendant's obligations.

Authority: Cal. Civ. Proc. Code section 1060

Key evidence: Given that an actual controversy clearly exists based on the disputed issues, all or some of the key evidence presented herein will be used to in support of this claim.

### III. ANTICIPATED EVIDENTIARY ISSUES

The Court will hear the Parties Motions *In Limine* at the Final Pretrial Conference on June 21, 2021, which present a majority of the evidentiary issues that Plaintiff anticipates. These issues include, Plaintiff's decision to terminate her pregnancy while on medical leave, Plaintiff terminating a subsequent pregnancy after she was wrongfully terminated, issues related to prejudicial documents and a motion to exclude Defendant's psychiatric expert from testifying due to the fact Defendant did not complete a Defense Medical exam of Plaintiff. All of these issues will be or have been addressed in the motions *in limine*.

**BIFURCATION**

Plaintiff does not seek bifurcation of any issues.

## IV. PLAINTIFF DEMANDS A JURY TRIAL

Plaintiff's Complaint, filed in Los Angeles County Superior Court, timely demanded a jury trial, set forth at the end of the pleading, which was signed by counsel. Accordingly, Plaintiff satisfied the requirements for a jury demand set forth in Central District of California Local Rule 38-1. All of Plaintiff's causes of action are triable by a jury.

## V. ATTORNEYS' FEES ARE RECOVERABLE

Plaintiff will be seeking attorney's fees. Attorneys' fees are recoverable under the Fair Employment and Housing Act (FEHA), as set forth in Plaintiff's Complaint. Government Code section 12965(b) allows recovery of attorneys' fees in any action under the FEHA.

DATED: June 1, 2021

EMPLOYEE JUSTICE LEGAL GROUP, PC

By: /s/ Daniel J. Friedman,
Kaveh S. Elihu, Esq.
Daniel J. Friedman, , Esq.
Attorneys for Plaintiff
STEPHEN FOSTER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010.

On June 1, 2021, I served the foregoing document described on the attached **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

| | |
|---|---|
| Shaun J. Voigt, Esq.<br>Fisher & Phillips LLP<br>444 South Flower Street, Suite 1500<br>Los Angeles, CA  90071<br>svoigt@fisherphillips.com | *Attorney for Defendants* |

☒ BY CM/ECF: With the Clerk of the United States District Court of California, using the CM/ECF System. the Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on June 1, 2021, at Los Angeles, California.

☒ FEDERAL   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


Bryant Gamez                                    /s/ Bryant Gamez