REGINA A. PETTY, SBN 106163
rpetty@fisherphillips.com
SHAUN J. VOIGT, SBN 265721
svoigt@fisherphillips.com
SEAN F. DALEY, SBN 272493
sdaley@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES through 20, inclusive,,<br><br>    Defendant. | Case No: 2:19-cv-05226-MCS-KS<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO BIFURCATE PUNITIVE DAMAGES FROM LIABILITY AND EXCLUDE ALL ARGUMENT AND EVIDENCE REGARDING REFERENCE TO DEFENDANT'S PROFITS OR FINANCIAL CONDITION IN FRONT OF JURY; [PROPOSED] ORDER**<br><br>Final Pretrial Conference<br><br>Date:      June 21, 2021<br>Time:      2:00 p.m.<br>Location:  United States Courthouse<br>           350 W. First Street<br>           Courtroom 7C, 7th Floor<br>           Los Angeles, CA 90012<br><br>Complaint Filed: May 14, 2019<br>Trial Date:      July 13, 2021 |

**TO THE HONORABLE COURT, PLAINTIFF DOMINIQUE WASHINGTON AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 21, 2021, at 2:00 p.m., or as soon thereafter as it may be heard, Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground"), will, and hereby does, move this Court for an order bifurcating the trial in this action into two phases – liability and punitive damages – and precluding Plaintiff Dominique Washington ("Plaintiff"), her attorneys or witnesses, from (i) mentioning her claims for punitive damages to the jury during the liability phase, (ii) making reference to, or introducing evidence of, FedEx Ground's purported "punitive" conduct, and (iii) making reference to, or introducing evidence of FedEx Ground's financial condition during the liability phase. This motion will be made in the First Street Federal Courthouse before the Honorable Mark C. Scarsi, United States District Judge, located at 350 W. 1st Street, Los Angeles, California 90012, Courtroom 7C, 7th Floor.

This motion is made pursuant to Rule 42(b) of the Federal Rules of Civil Procedure ("FRCP") and Rules 403 of the Federal Rules of Evidence ("FRE") on the grounds that evidence relating to punitive damages is confusing, irrelevant, prejudicial and unnecessary unless and until the jury returns a verdict allowing for the recovery of punitive damages and further will prevent the unnecessary expense and consumption of judicial time and resources. Moreover, the probative value of such evidence at the liability phase of trial is outweighed by the prejudicial effect.

Defendant respectfully requests the order precluding the introduction of any such evidence to be made to apply from the beginning of jury selection and continue throughout the trial and requests the Court to instruct Plaintiff and her counsel not to refer to, interrogate any witness concerning, or comment on, including during *voir dire,* or present evidence of documents relating to the issue of punitive damages or FedEx Ground's financial condition.

///

1

DEFENDANT'S MOTION *IN LIMINE* NO. 1

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

As set forth in the attached Declaration of Sean F. Daley, pursuant to Local Rule 7-3, counsel for FedEx Ground timely met and conferred with Plaintiff's counsel on this motion.

DATE: June 1, 2021          FISHER & PHILLIPS LLP

By: */s/Sean F. Daley* _____
REGINA A. PETTY
SHAUN J. VOIGT
SEAN F. DALEY
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

19674.0261
FP 40664412.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dominique Washington ("Plaintiff") alleges claims against Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground") for: 1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); 2) retaliation in violation of FEHA; 3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in a good faith interactive process in violation of FEHA; (6) wrongful termination in violation of public policy; and (7) declaratory judgment. Plaintiff seeks an award of damages, including an award for lost earnings and earnings capacity, emotional distress, reasonable attorneys' costs and fees and punitive damages.

Plaintiff was employed part-time by FedEx Ground from September 12, 2016 to May 11, 2017 as a Package Handler at FedEx Ground's Santa Fe Springs station. FedEx Ground terminated Plaintiff on May 11, 2017 because she had multiple unexcused absences between April 13, 2017 and May 10, 2017.

Plaintiff was terminated pursuant to the Package Handler Attendance Policy which Plaintiff acknowledged and accepted. Her 30-day attendance history had approximately eleven infractions of the attendance policy. In her final week of employment, there were three consecutive unexcused days of absence (May 8, 2017, May 9, 2017 and May 10, 2017).

There is no direct evidence that FedEx Ground discriminated or retaliated against Plaintiff because she was pregnant because it did not do so. Neither Mr. Robledo nor Human Resources knew about Plaintiff's pregnancy when she was terminated on May 11, 2017. Plaintiff did not submit any healthcare provider's notes to excuse her from work or to limit her work schedule due to pregnancy. Mr. Robledo did not know when he concurred with the termination decision on May 10, 2017 that Plaintiff wanted time off relating to her pregnancy. Email

correspondence from the Santa Fe Springs office administrator related to calls and messages from employees calling off from work do not show that Plaintiff disclosed to FedEx Ground any pregnancy related symptoms or an absence scheduled for the purpose of terminating her pregnancy. Plaintiff was ineligible for family medical leave under the FMLA or CFRA.

Plaintiff's punitive damages claim is unwarranted. Nevertheless, FedEx Ground anticipates that Plaintiff will prematurely attempt to refer to or introduce evidence pertaining to her claim for punitive damages while attempting to meet her burden of demonstrating FedEx Ground's alleged liability. Such testimony and evidence is premature unless and until the jury first decides to impose liability, as well as potential punitive damages. If divulged before the jury, such evidence raises a possibility of substantial danger of undue prejudice and confusing or misleading the jury, regardless of any objection that may be made at trial. FRE 403.

Judicial economy requires that Plaintiff first demonstrate FedEx Ground's liability before introducing evidence that punitive damages are warranted, as such will avoid the unnecessary waste of judicial resources should the jury find in FedEx Ground's favor on liability. This is especially the case given that even if Plaintiff could somehow prove malice, oppression, or fraud to warrant punitive damages, she cannot show employer ratification pursuant to California Civil Code § 3294(b) – a necessary showing for punitive damages. Furthermore, allowing Plaintiff to present evidence of punitive damages, which is irrelevant to FedEx Ground's liability, will unfairly prejudice FedEx Ground.

In light of the above, pursuant to FRCP 42(b) and FRE 403, FedEx Ground respectfully requests this Court issue an order *in limine* bifurcating the trial into two phases – liability and punitive damages – so that that punitive damages are not tried unless and until the jury returns a verdict holding FedEx Ground liable to Plaintiff for actual damages and finding, by clear and convincing evidence, that an officer, director, or managing agent of FedEx Ground is guilty of oppression, fraud,

or malice. *See* Cal. Civ. Code § 3295(d); *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1056 (9th Cir. 1997) (punitive damages claims arising under state law are subject to state law standards for recovery); *see also California v. Altus Fin. S.A.*, 540 F.3d 992, 1000-01 (9th Cir. 2008) (applying California law to determination of availability of punitive damages).

FedEx Ground further requests this Court preclude Plaintiff and her attorneys and witnesses from (i) mentioning her claims for punitive damages to the jury during the liability phase, (ii) making reference to, or introducing evidence of, FedEx Ground's purported "punitive" conduct during the liability phase, and (iii) making reference to, or introducing evidence of FedEx Ground's financial condition during the liability phase of trial.

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 42(b) Authorizes Bifurcation Of Trial On Punitive Damages.

Federal Rule of Civil Procedure, Rule 42(b) states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third party claims.

*See* Fed. R. Civ. P. 42(b).

In considering a motion for separate trials, courts consider whether: (1) the issues are separable; (2) separate trials would lessen the risk of jury confusion; (3) separate trials would foster judicial economy; and (4) separate trials would avoid undue prejudice. A party requesting a separate trial needs to satisfy only one of the criteria enumerated in Fed. R. Civ. P. 42(b). *Saxion v. Titan-C Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (bifurcation of liability and damages was not an abuse of discretion); *Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390 *35 fn. 18 (C. D. Cal. June 2007); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th

Cir. 1985) (court has broad discretion to bifurcate issues). Indeed, the court has broad discretion to order separate trials if doing so could avoid time-consuming and costly proceedings. *Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001) (separate trial to determine which of two contracts controlled "was a reasonable way to promote clarity and judicial economy . . . ."); *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002).

### B. Bifurcation Will Expedite The Trial And Avoid Jury Confusion And Prejudice to FedEx Ground.

FRCP Rule 42(b) authorizes district courts to bifurcate lawsuits into separate trials "in furtherance of convenience or to avoid prejudice," or when separate trials "will be conducive to expedition and economy." *Larez v. City of Los Angeles*, 946 F.2d 630, 635, 640 (9th Cir.1991); *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 452 n.5 (3rd Cir. 1997). Severance of the question of liability from other issues can "reduce the length of trial, particularly if the severed issue[s] [are] dispositive of the case, and can also improve comprehension of the issues and evidence." *Id*. Here, in the interest of economy, bifurcation of the liability and damage phases of trial—and exclusion of testimony regarding punitive damages during the initial liability phase of trial—is appropriate, as resolution of the issue of FedEx Ground's liability may prove to be dispositive of the entire action thereby precluding any need for exploration of Plaintiff's alleged damages.

In addition to serving the interests of judicial economy, bifurcation will avoid potential confusion of the jury and any prejudice FedEx Ground might be subjected to by way of the presentation of an inflated damages figure by Plaintiff during the liability phase of trial. To that point, courts routinely exclude evidence of defendants' profits or financial condition from the jury in the absence of a verdict awarding damages or findings that support punitive damages. *See, e.g., Brighton Collectibles, Inc. v. Renaissance Group Intern.,* 2008 WL 5500659, *6 (S.D. Cal. 2008) (granting motion *in limine* to exclude evidence of defendant's profits and

financial condition unless jury awarded damages to plaintiff and found defendant guilty of malice, oppression or fraud); *In re Homestore.com, Inc.*, 2011 WL 291176, *1 (C.D. Cal. Jan. 25, 201l) ("Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case."); *Rondor Music Int'l, Inc. v. TVT Records LLC*, 2006 U.S. Dist. LEXIS 97118, *37 (C.D. Cal. Aug. 21, 2006) (granting motion *in limine* to exclude "evidence at trial of the size, wealth, or financial condition of plaintiffs"); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (granting new trial in part because "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff"); *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (holding that remarks that "can be taken as suggesting that the defendant should respond in damages because he is rich and the plaintiff is poor" were grounds for new trial); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144(PAC), 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (excluding evidence of witness's wealth and lifestyle because it was "clearly irrelevant" and "its inclusion would be unfairly prejudicial").

In these situations, evidence and argument related to this information are bifurcated unless and until the court determines that the information should be seen by the jury. *See id.* In the instant case, evidence of FedEx Ground's profits would be irrelevant to the jury's inquiry and further would risk undue prejudice to FedEx Ground. If Plaintiff prevails on some but not all claims for relief, the jury's job may be less confusing when determining the appropriate measure of damages. The question of liability, given the seven claims for relief and prayer for punitive damages, will require the jury to understand and differentiate the legal standard for each claim. In order to present that evidence, the jurors will hear various witnesses' accounts of events. Asking the jurors to then add the appropriate measure of damages depending on which claim they are considering may result in sufficient confusion for the jury to reach an inexplicable result. This could be avoided by

7

DEFENDANT'S MOTION *IN LIMINE* NO. 1

separating the trials of liability and punitive damages. It should be noted that the risk of undue prejudice is especially high here, as punitive damages from FedEx Ground will only be available if Plaintiff is able to first pass the high hurdle of proving employer ratification pursuant to California Civil Code section 3294(b). FedEx Ground contends that Plaintiff will be unable to do so here. For these reasons, this Court should preclude Plaintiff from presenting any argument or evidence relating to FedEx Ground's profits to the jury.

Finally, because the issues of liability and damages involve entirely separate presentations of evidence and testimony, bifurcation will not result in the duplication of effort or undue consumption of time.

### C. California Law Further Supports Bifurcation.

The dispute between these parties is governed by California law. Pursuant to California Civil Code section 3295(d), a "court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294." In other words, courts are instructed to bifurcate the issue of punitive damages, and preclude evidence of financial condition, unless and until a plaintiff first establishes its entitlement to punitive damages.

Courts have held that the purpose of the bifurcation is to avoid the risk that defendants' financial condition might taint the jury's determination of the underlying liability and the issues of oppression, fraud, or malice. *See, e.g., Monclova-Chavez v. McEachern,* (June 21, 2012) 2012 U.S.D.C. (E.D. Cal.); *Medo v. Super. Ct.*, 205 Cal. App. 3d 64, 67-68 (1988). The time spent considering evidence of a defendant's financial condition becomes wasted time if the jury subsequently finds that the defendant did not engage in the underlying wrongful conduct. *See Westrec Marina Mgmt., Inc. v. Jardine Ins. Brokers Orange County, Inc.*, 85 Cal. App. 4th 1042, 1050 (2000). Similarly, even if wrongful conduct is

found, consideration of such evidence is a waste of time and resources, and substantially prejudicial to FedEx Ground, if Plaintiff does not establish by clear and convincing evidence, that an officer, director, or managing agent of FedEx Ground is guilty of oppression, fraud, or malice. These exact concerns have led courts to routinely exclude evidence relating to the amount of punitive damages during the liability phase of trial. *See, e.g., Vasbinder v. Ambach*, 926 F.2d 1333 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case.").

Therefore, FedEx Ground submits that under both Federal and California law, bifurcation of the liability and damage phases of trial is proper to promote economy and alleviate prejudice to FedEx Ground.

### III. CONCLUSION

For all of the above-stated reasons, FedEx Ground respectfully requests an order bifurcating the issues of liability and damages and further precluding Plaintiff from (i) mentioning her claims for punitive damages to the jury during the liability phase, (ii) making reference to, or introducing evidence of, FedEx Ground's purported "punitive" conduct, and (iii) making reference to, or introducing evidence of FedEx Ground's financial condition during the liability phase.

DATE: June 1, 2021　　　　　　　　　FISHER & PHILLIPS LLP

　　　　　　　　　　　　　　　　　　By: */s/Sean F. Daley*_____
　　　　　　　　　　　　　　　　　　　　REGINA A. PETTY
　　　　　　　　　　　　　　　　　　　　SHAUN J. VOIGT
　　　　　　　　　　　　　　　　　　　　SEAN F. DALEY
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　FEDEX GROUND PACKAGE
　　　　　　　　　　　　　　　　　　　　SYSTEM, INC.

# PROOF OF SERVICE
## (CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 1, 2021, I served the foregoing document entitled **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO BIFURCATE PUNITIVE DAMAGES FROM LIABILITY AND EXCLUDE ALL ARGUMENT AND EVIDENCE REGARDING REFERENCE TO DEFENDANT'S PROFITS OR FINANCIAL CONDITION IN FRONT OF JURY; [PROPOSED] ORDER** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kaveh S. Elihu, Esq.<br>EMPLOYEE JUSTICE LEGAL GROUP<br>3055 Wilshire Boulevard, Suite 1120<br>Los Angeles, CA 90010 | Attorney for Plaintiff<br>DOMINIQUE WASHINGTON<br><br>Tel: 213.382.2222<br>Fax: 213.382.2230<br>E-mail: kelihu@ejlglaw.com;<br>dfriedman@ejlglaw.com;<br>hortiz@ejlglaw.com |

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 1, 2021, at Los Angeles, California.

| Mayra Hernandez | By: */s/Mayra Hernandez* |
|---|---|
| Print Name | Signature |

10
PROOF OF SERVICE
19674.0261    FP 40664412.1