| | |
|---|---|
| 1 | REGINA A. PETTY, SBN 106163<br>rpetty@fisherphillips.com |
| 2 | SHAUN J. VOIGT, SBN 265721<br>svoigt@fisherphillips.com |
| 3 | SEAN F. DALEY, SBN 272493<br>sdaley@fisherphillips.com |
| 4 | FISHER & PHILLIPS LLP<br>444 South Flower Street, Suite 1500 |
| 5 | Los Angeles, California 90071<br>Telephone: (213) 330-4500 |
| 6 | Facsimile: (213) 330-4501 |
| 7 | Attorneys for Defendant<br>FEDEX GROUND PACKAGE SYSTEM, INC. |
| 8 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE WASHINGTON, | | Case No: 2:19-cv-05226-MCS-KS |
| | Plaintiff, | |
| v. | | **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY REGARDING THE RELIGIOUS BELIEFS OF THIRD PARTY WITNESSES; [PROPOSED] ORDER** |
| FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES through 20, inclusive,, | | |
| | Defendant. | |
| | | <u>Final Pretrial Conference</u> |
| | | Date:        June 21, 2021<br>Time:       2:00 p.m.<br>Location:  United States Courthouse<br>                  350 W. First Street<br>                  Courtroom 7C, 7th Floor<br>                  Los Angeles, CA 90012 |
| | | Complaint Filed:  May 14, 2019<br>Trial Date:           July 13, 2021 |

DEFENDANT'S MOTION *IN LIMINE* NO. 2

**TO THE HONORABLE COURT, PLAINTIFF DOMINIQUE WASHINGTON AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 21, 2021, at 2:00 p.m., or as soon thereafter as it may be heard, Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground"), will, and hereby does, move this Court for an order excluding testimony regarding the religious beliefs, including views on abortion and a woman's right to choose, of third party witnesses. This motion will be made in the First Street Federal Courthouse before the Honorable Mark C. Scarsi, United States District Judge, located at 350 W. 1st Street, Los Angeles, California 90012, Courtroom 7C, 7th Floor.

This motion is made on the grounds that testimony regarding the religious beliefs of third party witnesses is irrelevant, is inadmissible as it relates to character evidence, and will serve only to improperly inflame the passions of the jury in violation of Federal Rules of Evidence 401, 402, 403, and 610. Moreover, the probative value of such evidence is outweighed by the prejudicial effect.

This motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

As set forth in the attached Declaration of Sean F. Daley, pursuant to Local Rule 7-3, counsel for FedEx Ground timely met and conferred with Plaintiff's counsel on this motion.

DATE: June 1, 2021          FISHER & PHILLIPS LLP

By: /s/Sean F. Daley
REGINA A. PETTY
SHAUN J. VOIGT
SEAN F. DALEY
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dominique Washington ("Plaintiff") alleges that Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground") discriminated and wrongfully terminated her in violation of the California Fair Employment Housing Act because she was pregnant. Plaintiff was a part-time package handler at the Santa Fe Springs station who was terminated for poor attendance less than a year after she was hired pursuant to the Package Handler Attendance Policy that Plaintiff signed and accepted as a requirement of the job. Her 30-day attendance history from April 13 to May 10, 2017 had eleven infractions of the attendance policy. Plaintiff's infractions included three no call/no show occurrences in less than two weeks. In her final week, there were three consecutive unexcused days of absence (May 8, 2017, May 9, 2017 and May 10, 2017).

As a short-term, part-time employee, Plaintiff was ineligible for family medical leave under the FMLA or CFRA for herself and her family during the eight months of her employment. Plaintiff neither submitted a request for a disability accommodation nor did she submit any healthcare provider's notes to excuse her from or limit her work schedule due to pregnancy.

Plaintiff alleges she was terminated while she was on pre-approved medical leave related to terminating her pregnancy. Casey Robledo ("Mr. Robledo") was Plaintiff's supervisor and wrote Plaintiff up for missing work while Plaintiff alleges she was on medical leave related to her pregnancy. These write-ups were used to terminate Plaintiff's employment. FedEx Ground denies these allegations and states that Plaintiff was written up for unexcused absences during this period.

Mr. Robledo did not know on May 11, 2017, when Plaintiff was terminated (or at any time prior to that date), that Plaintiff wanted time off to terminate her pregnancy. Email correspondence from the Santa Fe Springs office administrator related to calls and messages from employees calling off from work do not show

that Plaintiff disclosed to FedEx Ground any pregnancy related symptoms or an absence scheduled for the purpose of terminating her pregnancy.

During the depositions of Mr. Robledo and other FedEx Ground witnesses, including Sort Manager, Alejandro Nunez, and Operations Manager, Melissa Madrid, Plaintiff's counsel questioned the witnesses about their religious beliefs, including their views on abortion and a woman's right to choose. The questions [highlighted in yellow] included:

| | | |
|---|---|---|
| Pg. 102: 24 | Q. | Are you a religious person? |
| Pg. 103:5 | Q. | Do you believe in abortion? |
| Pg. 104:21-25 | Q. | Do you think a woman should have the right to choose – to terminate a pregnancy? |

*See* Declaration of Sean F. Daley, **Exhibit A** (relevant excerpts of the deposition of Casey Robledo taken on November 12, 2019). This line of questioning was objected to based on the witnesses' privacy rights as well as relevancy since each of the witnesses testified that they did not know Plaintiff was pregnant or that Plaintiff was having or intended to have an abortion. *See id.* at pg. 42:5-6, 53:5-8, 55:2-4, 100:17-25, 105:24-106:2 [highlighted in green]; **Exhibit B** (relevant excerpts of the deposition of Alejandro Nunez taken on November 12, 2019), at pg. 53:9-16, 55:2-5; **Exhibit C** (relevant excerpts of the first volume of the deposition of Melissa Madrid taken on January 9, 2020), at pg. 73:18-74:1; **Exhibit D** (relevant excerpts of the second volume of the deposition of Melissa Madrid taken on May 15, 2020), at pg. 170:19-171:5.

FedEx Ground anticipates that Plaintiff will ask similar questions regarding third party witnesses' religious beliefs at the time of trial. However, such testimony regarding a witness' personal and religious beliefs are privileged. Moreover, such testimony is irrelevant here as neither Mr. Robledo nor any other witness, including Mr. Nunez and Ms. Madrid, testified that they knew that Plaintiff was pregnant or that Plaintiff was having or intended to have an abortion. Thus, the personal and

emotional nature of such irrelevant testimony regarding witnesses' religious beliefs will serve only to inflame the passions of the jury, rendering the testimony far more prejudicial than probative.

## II. LEGAL ARGUMENT

### A. The Personal and Religious Beliefs of FedEx Ground's Witnesses are Privileged and Irrelevant Here Because No Witness Had Any Knowledge of Plaintiff's Pregnancy.

Any testimony regarding a witness' religious beliefs is privileged and irrelevant and should be excluded in its entirety. FRE 401 states that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Moreover, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. And, even with regards to relevant evidence, the Court has wide latitude to exclude it the probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Finally, "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." Fed. R. Evid. 610. Courts routinely exclude evidence that is not relevant to the allegations found in the parties' pleadings. *See, e.g., Lloyd v. Pac. Elec. Ry. Co.*, 207 F.2d 662 (9th Cir. 1953).

Here, there is no tenable argument that a witness' personal and religious beliefs about abortion are relevant or that Plaintiff's need for the information substantially outweighs the witness' right to privacy in his or her personal/religious beliefs. For example, multiple times throughout Mr. Robledo's deposition, Plaintiff's counsel, Daniel Friedman, asked Mr. Robledo about his knowledge of Plaintiff's pregnancy:

Friedman:       Did she ever tell you she was pregnant?
Robledo:        No.

| | | |
|---|---|---|
| Friedman: | | So she didn't tell you at this point that she thought she was pregnant and needed a day off to go check? |
| Robledo: | | No. |
| Friedman: | | And did she mention she was nauseous because she was – she felt pregnant? |
| Robledo: | | No. |
| Friedman: | | When was the first time that you found out that Ms. Washington was pregnant? |
| Robledo: | | I never found out. I never even knew she was pregnant. |
| Friedman: | | Until today? |
| Robledo: | | Yeah. Until this meeting right now. |
| Friedman: | | And she didn't try to mention that when you were terminating her? |
| Robledo: | | No. |

**Ex. A**, Robledo Depo., at pg. 42:5-6; 53:5-8; 55:2-4; 100:17-25. Plaintiff's counsel even implicitly accepted Mr. Robledo's assertion that he had no knowledge of Plaintiff's pregnancy:

| | | |
|---|---|---|
| Friedman: | | Did you – did you – if you had known that she was pregnant, would you have followed this pregnancy leave and accommodation? |
| Robledo: | | Of course. |

*Id.* at pg. 100:7-9. Mr. Nunez and Ms. Madrid were also asked if they knew Plaintiff was pregnant. They both testified that they had no knowledge of Plaintiff's pregnancy. *See* **Ex. B**, Nunez Depo., at pg. 53:9-16, 55:2-5; **Ex. C**, Madrid Depo. Vol. 1, at pg. 73:18-74:1; **Ex. D**, Madrid Depo. Vol. 2, at pg. 170:19-171:5.

In this matter, views on abortion could only possibly be relevant if they have bearing on Plaintiff's pregnancy and termination; even then, their relevance

remains dubious at best. Mr. Robledo testified—under oath—at least *four different times* that he had *no knowledge* of Plaintiff's pregnancy. Mr. Nunez and Ms. Madrid also testified under oath that they did not have knowledge of Plaintiff's pregnancy. Therefore, Plaintiff cannot establish any basis for relevance and cannot demonstrate that these witnesses' personal/religious beliefs about abortion are needed in this case when the witnesses testified under penalty of perjury that they did not know Plaintiff was pregnant at any point during her employment. It follows that none of these witnesses had any knowledge Plaintiff had an abortion during her employment with FedEx Ground.

Moreover, inserting these witnesses' personal and/or religious views on abortion into this case would only serve to confuse the issues and mislead jurors in the future, thus it should also be precluded under Rule 403 of the Federal Rules of Evidence. And lastly, if Plaintiff were to use the witnesses' religious beliefs to attack their credibility for whether they knew about the pregnancy (or any other matter), this would be impermissible under FRE 610's prohibition on the use of religious beliefs. In short, the Federal Rules of Evidence fully bar this line of questioning and testimony before a jury. Lastly, if the inference to be drawn from the evidence is the result of speculation or conjecture, the underlying evidence is not relevant and therefore should be excluded. *See, e.g., Engstrand v. Pioneer HiBred Int'l, Inc.*, 946 F.Supp. 1390, 1396, *aff'd* (8th Cir. 1997) 112 F3d 513; *American Cancer Soc. v. Cook*, 675 F.3d 524, 528-29 (5th Cir. 2012); General Considerations, Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8B.

Here, it seems that Plaintiff's counsel attempts to conjecture that Mr. Robledo (or any of the witnesses) is opposed to abortion and his personal beliefs on abortion were somehow indicative that he would discriminate against someone in the workplace context as a result of that belief. This attempt to twist assumed privately held beliefs into evidence of discrimination requires pure speculation and has no relevance to this matter, especially considering that Mr. Robledo and the

other witnesses testified under oath that they did not know Plaintiff was pregnant.

### B. The Right to Privacy of FedEx Ground's Witnesses Prevents Disclosure of Private Religious Beliefs.

The Right of Privacy is a privilege recognized by the federal courts. Although federal courts do recognize a general right of privacy, it is not absolute and the nature of the privacy will be weighed against the need for the information and interest in disclosure. *Rubin v. Regents of Univ. of Cal.*, 114 F.R.D. 1, 2 (N.D. Cal. 1986); *Allen v. Woodford* (E.D. Cal. Jan. 30, 2007, No. CV-F-05-1104 OWW LJO) 2007 U.S. Dist. LEXIS 11004, at 6-7. Courts must conduct this balancing test regarding private matters. *Ragge v. MCA/Universal*, 165 F.R.D. 601 (C.D. Cal. 1995). The court, in *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990), commented on the appropriateness of balancing the right to privacy with litigation goals:

> "While this court is of the view that such a balancing is appropriate, this court is also mindful of the fact that, by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependant on accuracy and truth. Nonetheless, the initiation of a law suit, does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. *A balance must be struck." The court also noted that even when a balance is struck, "'scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit.'"*

*Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. at 552, citing with approval *Moskowitz v. Super. Ct.*, 137 Cal. App. 3d 313, 316, (1982) (emphasis added).

"When the constitutional right of privacy is involved, the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (internal quotations omitted). There is no requisite precision between questions regarding religious beliefs and views on abortion and the allegations asserted in the Complaint. Plaintiff has not alleged that Mr. Robledo (who is a percipient witness and not a party to this action) or any other witness had any religious or personal beliefs about her pregnancy or abortion that resulted in Plaintiff's termination. *See generally* Plaintiff's Complaint. Moreover, Plaintiff has yet to provide a compelling interest that would be so strong as to outweigh a witness' privacy right to keep personal and religious beliefs regarding abortion outside the public sphere. *Artis*, 276 F.R.D. at 352. The privilege of privacy is fundamental and here, the witnesses' personal and religious views on abortion fall squarely within this protection. Accordingly, such evidence should be excluded.

### III. CONCLUSION

For all of the above-stated reasons, FedEx Ground respectfully requests an order excluding testimony regarding the religious beliefs, including views on abortion and a woman's right to choose, of third party witnesses.

DATE: June 1, 2021                     FISHER & PHILLIPS LLP

By: /s/Sean F. Daley
REGINA A. PETTY
SHAUN J. VOIGT
SEAN F. DALEY
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# PROOF OF SERVICE
## (CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 1, 2021, I served the foregoing document entitled **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY REGARDING THE RELIGIOUS BELIEFS OF THIRD PARTY WITNESSES; [PROPOSED] ORDER** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Kaveh S. Elihu, Esq.  
EMPLOYEE JUSTICE LEGAL GROUP  
3055 Wilshire Boulevard, Suite 1120  
Los Angeles, CA 90010  

Attorney for Plaintiff  
DOMINIQUE WASHINGTON  

Tel: 213.382.2222  
Fax: 213.382.2230  
E-mail: kelihu@ejlglaw.com;  
dfriedman@ejlglaw.com;  
hortiz@ejlglaw.com  

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 1, 2021, at Los Angeles, California.

Mayra Hernandez  
Print Name  

By: */s/Mayra Hernandez*  
Signature