REGINA A. PETTY, SBN 106163
rpetty@fisherphillips.com
SHAUN J. VOIGT, SBN 265721
svoigt@fisherphillips.com
SEAN F. DALEY, SBN 272493
sdaley@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES through 20, inclusive,,<br><br>Defendant. | Case No:  2:19-cv-05226-MCS-KS<br><br>**DECLARATION OF SEAN F. DALEY IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY REGARDING THE RELIGIOUS BELIEFS OF THIRD PARTY WITNESSES**<br><br><u>Final Pretrial Conference</u><br><br>Date:          June 21, 2021<br>Time:          2:00 p.m.<br>Location:      United States Courthouse<br>                350 W. First Street<br>                Courtroom 7C, 7th Floor<br>                Los Angeles, CA 90012<br><br>Complaint Filed:   May 14, 2019<br>Trial Date:         July 13, 2021 |

## DECLARATION OF SEAN F. DALEY

I, Sean F. Daley hereby declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California. I am partner with Fisher & Phillips LLP, counsel of record for Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("Defendant" or "FedEx Ground").  I am one of the attorneys primarily responsible for the handling of this case and, as such, have personal knowledge of the facts surrounding the present action and all facts herein stated. If called upon to testify, I could and would competently do so under oath as to the truth of the matters stated herein.

2.      This Declaration is made in support of FedEx Ground's Motion *in Limine* No. 2 for an order excluding testimony regarding the religious beliefs, including views on abortion and a woman's right to choose, of third party witnesses.

3.      Prior to filing this Motion, Defendant engaged in good faith meet and confer discussions with Plaintiff, but was unable to resolve the issues which are the subject of this Motion. Specifically, on May 25, 2021, Plaintiff's counsel and Defendant's counsel met and conferred regarding the scope of this motion *in limine*.  Plaintiff's counsel was unwilling to stipulate.

4.      Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts of the deposition of Casey Robledo taken on November 12, 2019. Mr. Robledo testified multiple times that he did not know Plaintiff was pregnant or that Plaintiff was having or intended to have an abortion. This testimony is highlighted in green in the attached exhibit. The private questions regarding religious beliefs, including views on abortion and a woman's right to choose, are highlighted in yellow in the attached exhibit.

5.      Attached hereto as **Exhibit B** is a true and correct copy of relevant excerpts of the deposition of Alejandro Nunez taken on November 12, 2019.

6.      Attached hereto as **Exhibit C** is a true and correct copy of relevant

excerpts of the first volume of the deposition of Melissa Madrid taken on January 9, 2020.

7.    Attached hereto as **Exhibit D** is a true and correct copy of relevant excerpts of the second volume of the deposition of Melissa Madrid taken on May 15, 2020.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed on June 1, 2021, at Pasadena, California.

*/s/Sean F. Daley*
Sean F. Daley

DECLARATION OF SEAN F. DALEY ISO DEFENDANT'S MOTION *IN LIMINE* NO. 2

FP 40665138.1

# Exhibit A

Atkinson-Baker, Inc.
www.depo.com

```
 1              UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

 3

 4   DOMINIQUE WASHINGTON, an ) Case No.: 2:19-cv-05226-MWF-KS
     individual,              )
 5                            )
                Plaintiff,    )        CERTIFIED COPY
 6                            )
                vs.           )
 7                            )
     FEDEX GROUND PACKAGE      )
 8   SYSTEM, INC., a Delaware )
     corporation; and DOES 1  )
 9   through 20, inclusive,   )
                              )
10              Defendants.    )
     _____)

11

12

13

14

15        VIDEOTAPED DEPOSITION OF CASEY ROBLEDO, taken on

16   behalf of the Plaintiff, at 3055 Wilshire Boulevard,

17   Suite 1120, Los Angeles, California, commencing at 1:23

18   p.m., Tuesday, November 12, 2019, before BRITTANY SILVA,

19   CSR NO. 13940, pursuant to NOTICE.

20

21

22

23
     ATKINSON-BAKER
24   (800) 288-3376
     www.depo.com
25   FILE NO.: AD0B080
```

Atkinson-Baker, Inc.
www.depo.com

1   APPEARANCES OF COUNSEL:

2

3   FOR THE PLAINTIFF:

4        EMPLOYEE JUSTICE LEGAL GROUP, P.C.
         BY:  DANIEL J. FRIEDMAN, ESQ.
5        3055 Wilshire Boulevard, Suite 1120
         Los Angeles, CA 90010
6        (213) 382-2222
         Dfriedman@EJLGlaw.com
7

8

    FOR THE DEFENDANT:
9
         FISHER PHILLIPS
10       BY:  SHAUN J. VOIGT, ESQ.
         444 South Flower Street, Suite 1500
11       Los Angeles, CA 90071
         (213) 330-4486
12       Svoigt@fisherphillips.com

13

14

15  ALSO PRESENT:

16  Peter Kalisch, Videographer

17  Dominique Washington, Plaintiff

18  Stephanie Bellamy, FedEx Ground Representative

19

20

21

22

23

24

25

Atkinson-Baker, Inc.
www.depo.com

```
 1   BY MR. FRIEDMAN:
 2       Q.   When she would tell you that she was -- needed
 3   to leave early, would she give you a reason why?
 4       A.   No.
 5       Q.   Did she ever tell you she was pregnant?              14:24:13
 6       A.   No.
 7       Q.   Did she ever tell you that she was sick?
 8       A.   No.
 9       Q.   How often would you say that she would only work
10   a partial shift?                                             14:24:39
11       A.   Maybe, like two times out of the week.  Three
12   times.
13       Q.   While you were supervisor?
14       A.   Yes.
15       Q.   Did she have that problem before you were          14:24:53
16   supervisor?
17       A.   Yes.  Because I'd always hear about it from the
18   other manager.
19       Q.   Who did you hear about it from?
20       A.   Matt.                                              14:25:04
21       Q.   When did he tell you that?
22       A.   When I was going into the new area.
23       Q.   I thought earlier you said that he didn't tell
24   you anything about --
25       A.   That was just the rundown about my area.           14:25:12
```

Atkinson-Baker, Inc.
www.depo.com

1    Q.   That's it?

2    A.   Yes.

3    Q.   That would have been Mr. Nunez at the time?

4    A.   Or Freddy depending.

5    Q.   So she didn't tell you at this point that she                    14:37:26

6    thought she was pregnant and needed a day off to go

7    check?

8    A.   No.

9    Q.   And then the April 12th, 2017, date, do you see

10   that one there?                                                        14:37:41

11   A.   Yep.

12   Q.   Excused absence unpaid PH PA, and then

13   underneath it says "this day approved."  Do you see that?

14   A.   Yes.

15   Q.   Did you approve that one?                                         14:37:55

16   A.   I did not.

17   Q.   How could you tell that you did not approve that

18   one?

19   A.   Because I would have known if I did or not.

20   Q.   How -- how would you know?                                        14:38:01

21   A.   I mean, I would just know.

22   Q.   You remember every time that you allowed -- gave

23   her an excused absence?

24   A.   Not all the time, no, but I mean, like I said, I

25   would know if -- if I would have excused it or not.                    14:38:09

Atkinson-Baker, Inc.
www.depo.com

```
 1        A.    Just tired from lifting packages.
 2        Q.    And did she mention she was nauseous because she
 3   was -- she felt pregnant?
 4        A.    No.
 5              MR. VOIGT:  Asked and answered multiple times.        14:40:14
 6   You can answer again.
 7              THE WITNESS:  No.
 8   BY MR. FRIEDMAN:
 9        Q.    And then on April 20th, do you see that there?
10   There's an unexcused absence unpaid PH PA.  Did you enter       14:40:27
11   that in?
12        A.    Yeah.
13        Q.    And did you write her up for that one?
14        A.    The 20th?
15        Q.    Yeah.                                                 14:40:39
16        A.    No, I did not.
17        Q.    And April 21st, 2017, one, did you enter that
18   unexcused absence?
19        A.    On the 21st?
20        Q.    Yeah.                                                 14:40:53
21        A.    No.
22        Q.    You -- you did not enter that one?
23        A.    No, I did not enter that one.
24        Q.    How do you know which one you entered and which
25   one you did not?                                                14:41:00
```

1    Q.   Is it because she had told you that she was

2  suffering from morning sickness?

3    A.   No.  I don't remember.

4    Q.   So now you -- you don't remember if she told

5  you?                                                          15:40:33

6    A.   No.

7    Q.   Okay.  Did you -- did you -- if you had known

8  that she was pregnant, would you have followed this

9  pregnancy leave and accommodation?

10   A.   Of course.                                            15:40:45

11   Q.   Have you ever had to follow this pregnancy leave

12 and accommodation policy?

13   A.   Just for my employee that I dealt with for,

14 like, two weeks ago who was pregnant.

15   Q.   That was the only time?                              15:40:57

16   A.   Yeah.

17   Q.   When was the first time that you found out that

18 Ms. Washington was pregnant?

19   A.   I never found out.  I never even knew she was

20 pregnant.                                                    15:41:19

21   Q.   Until today?

22   A.   Yeah.  Until this meeting right now.

23   Q.   And she didn't try to mention that when you were

24 terminating her?

25   A.   No.                                                  15:41:28

1  receive an employee handbook?

2     A.   I did.

3     Q.   Did you read the handbook?

4     A.   I did.

5     Q.   Were you aware of the pregnancy leave policy?    15:42:28

6     A.   Yes.

7     Q.   Do you think most employees when they sign up

8  or -- strike -- strike that.

9         Do you think most employees when they start

10 working for FedEx are aware of the pregnancy leave    15:42:38

11 policy?

12        MR. VOIGT:  Object.  Calls for speculation.

13        THE WITNESS:  I don't know.

14 BY MR. FRIEDMAN:

15    Q.   If Ms. Washington had known about the pregnancy    15:42:45

16 leave policy, do you think she would have told you at her

17 termination meeting that she was dealing with

18 pregnancy-related issues?

19        MR. VOIGT:  I'll object.

20        THE WITNESS:  I don't know.    15:42:58

21        MR. VOIGT:  Calls for speculation.

22        THE WITNESS:  I don't know.

23 BY MR. FRIEDMAN:

24    Q.   Are you a religious person?

25        MR. VOIGT:  I'll object based on privacy.  You    15:43:04

```
 1   don't have to answer that question.
 2          THE WITNESS:  No.  I'm not going to answer that.
 3   BY MR. FRIEDMAN:
 4      Q.   Do you believe in abortion?
 5          MR. VOIGT:  I'll object based on privacy and          15:43:14
 6   instruct you not to answer.
 7          THE WITNESS:  I'm not going to answer that.
 8          MR. FRIEDMAN:  Can you explain -- I'm trying to
 9   meet and confer.  What are your grounds for objecting
10   based on his --                                              15:43:20
11          MR. VOIGT:  Somebody's personal religious views
12   and/or views of abortion are private, have nothing to do
13   with -- with anything that's at issue here for a --
14          MR. FRIEDMAN:  Well, we're -- we're alleging
15   that Ms. Washington was terminated after she had informed   15:43:32
16   her supervisor that she was going to terminate her -- her
17   pregnancy, and then this supervisor is the one who wrote
18   her up and led to her termination.  So I think it's very
19   relevant for this case.
20          MR. VOIGT:  I -- Mr. Robledo has testified that      15:43:53
21   he didn't make the termination decision, and this is a
22   private -- purely private matter.  I stand with my
23   objection.
24   BY MR. FRIEDMAN:
25      Q.   Who -- who made the termination decision?           15:44:03
```

Atkinson-Baker, Inc.
www.depo.com

1      A.   Upper management.

2      Q.   Who in upper management?

3      A.   Freddy or Alex and HR.

4      Q.   And who from HR?

5           MR. VOIGT:  Calls for speculation.                    15:44:14

6           THE WITNESS:  I don't know.

7    BY MR. FRIEDMAN:

8      Q.   Did you tell HR that Ms. Washington had been

9    missing time?

10     A.   I mean, I'm pretty sure that they would know    15:44:21

11   from her time card, yeah.

12     Q.   But did -- were -- did you inform them that you

13   thought that she had missed too many days and was subject

14   for termination?

15     A.   Just my manager.  I wouldn't let -- let HR know.  15:44:31

16     Q.   You told Mr. Nunez that?

17     A.   Yes.

18     Q.   And you thought that she should be terminated?

19     A.   I mean, not showing up for work, yeah.  I think

20   anybody should be terminated.                               15:44:43

21     Q.   Do you think a woman should have the right to

22   choose --

23           MR. VOIGT:  I'll object based on --

24   BY MR. FRIEDMAN:

25     Q.   -- to terminate a pregnancy?                          15:44:48

Atkinson-Baker, Inc.
www.depo.com

1    MR. VOIGT:  I'll object based on privacy.

2    Instruct the witness you don't have to answer that

3    question.

4    THE WITNESS:  I don't know.

5    BY MR. FRIEDMAN:                                          15:44:55

6    Q.   You don't know or you're not going to answer?

7    A.   I'm not going to answer.

8    MR. FRIEDMAN:  I'd like to further meet and

9    confer on this issue and give myself an opportunity to

10   potentially file a motion to compel to bring this witness   15:45:04

11   back on these grounds.

12   MR. VOIGT:  Sure.  You can send a meet and

13   confer letter.

14   BY MR. FRIEDMAN:

15   Q.   I don't have any other questions for you, sir.      15:45:13

16   A.   No?

17   MR. VOIGT:  Okay.  Just a couple quick ones.

18                   CROSS-EXAMINATION

19   BY MR. VOIGT:

20   Q.   Prior to this lawsuit, did you have any            15:45:19

21   knowledge that Ms. Washington was pregnant during her

22   employment with FedEx Ground?

23   A.   I never knew she was pregnant.

24   Q.   Prior to this lawsuit, did you have any

25   knowledge that Ms. Washington had an abortion during her   15:45:30

Atkinson-Baker, Inc.
www.depo.com

1   employment with FedEx Ground?

2        A.   I never knew that either.

3        Q.   Prior to this lawsuit, have -- had -- did you

4   see any medical documentations or doctor's notes from

5   Ms. Washington?                                        15:45:39

6        A.   First time I saw it was with meeting up with the

7   other Sean.  That was the first time I saw the doctor's

8   notes.

9        Q.   Prior to this lawsuit, did you have any

10  knowledge that Ms. Washington alleged that she had a     15:45:53

11  medical condition during her employment with FedEx

12  Ground?

13       A.   No, I did not.

14           MR. VOIGT:  Okay.  Nothing else.  The deponent

15  would like a copy of the transcript.                    15:45:59

16           MR. FRIEDMAN:  Can I -- can I -- can I redirect?

17           MR. VOIGT:  The deponent would like the

18  opportunity to review a copy of the transcript.  Just so

19  I can get that on the record.

20           MR. FRIEDMAN:  Can I redirect?                  15:46:06

21           MR. VOIGT:  Yeah.  Of course.

22                    REDIRECT EXAMINATION

23  BY MR. FRIEDMAN:

24       Q.   When she had missed those five days in a row in

25  April, did you meet with her to find out why she had     15:46:11

Exhibit B

Atkinson-Baker, Inc.
www.depo.com

1        UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

3

4  DOMINIQUE WASHINGTON, an ) Case No.: 2:19-cv-05226-MWF-KS
   individual,               )
5                            )
               Plaintiff,    )
6                            )        CERTIFIED COPY
               vs.           )
7                            )
   FEDEX GROUND PACKAGE       )
8  SYSTEM, INC., a Delaware   )
   corporation; and DOES 1   )
9  through 20, inclusive,    )
                             )
10             Defendants.    )
   _____)

11

12

13

14

15      VIDEOTAPED DEPOSITION OF ALEJANDRO NUNEZ, taken on

16  behalf of the Plaintiff, at 3055 Wilshire Boulevard,

17  Suite 1120, Los Angeles, California, commencing at 10:04

18  a.m., Tuesday, November 12, 2019, before BRITTANY SILVA,

19  CSR NO. 13940, pursuant to NOTICE.

20

21

22

23
   ATKINSON-BAKER
24 (800) 288-3376
   www.depo.com
25 FILE NO.: AD0B080

Atkinson-Baker, Inc.
www.depo.com

```
 1        LOS ANGELES, CALIFORNIA; TUESDAY, NOVEMBER 12, 2019

 2                      10:04 a.m.

 3

 4        THE VIDEOGRAPHER:  I am Peter Kalisch, your

 5   videographer, and I represent Atkinson-Baker, Inc. in        10:04:54

 6   Glendale, California.  I'm not financially interested in

 7   this action nor am I a relative or employee of any

 8   attorney or any of the parties.  Today's date is November

 9   12th, 2019, and the time is 10:05 a.m.  This deposition

10   is taking place at Employee Justice Legal Group, LLP in     10:05:13

11   3055 Wilshire Boulevard, Suite 1120, Los Angeles,

12   California 90010.

13        This is Case Number 2:19-CV-05226-MWF-KS

14   entitled Dominique Washington versus FedEx Ground Package

15   System, Inc.  The deponent is Alex Nunez.  This             10:05:47

16   deposition is being taken on behalf of the plaintiff.

17   Your court reporter is Brittany Silva from

18   Atkinson-Baker.  Counsel will now please introduce

19   themselves.  After all counsel present have introduced

20   themselves, then the witness gets sworn in by the court     10:06:03

21   reporter.

22        MR. FRIEDMAN:  My name is Daniel Friedman of

23   Employee Justice Legal Group, and I represent plaintiff

24   Dominique Washington who is also present.

25        MR. VOIGT:  Shaun Voigt with Fisher Phillips for       10:06:15
```

```
 1   defendant FedEx Ground Package System, Inc.

 2

 3                        ALEJANDRO NUNEZ,

 4   called as a witness on behalf of Plaintiff, having been

 5   administered an oath in accordance with the Federal Rules    10:06:33

 6     of Civil Procedure, was examined and testified as

 7                           follows:

 8

 9                         EXAMINATION

10   BY MR. FRIEDMAN:                                             10:06:33

11     Q.   Good morning, Mr. Nunez.  My name is Daniel

12   Friedman.  As I stated, I represent plaintiff Dominique

13   Washington in her lawsuit against FedEx Ground Services,

14   Inc.  I'm probably just going to refer to it as FedEx.

15   Will you understand that I am referring to the defendant    10:06:45

16   in this case?

17     A.   Of course.

18     Q.   Okay.  Can you please state and spell your name

19   for the record.

20     A.   My name is Alejandro Nunez.  You want me to          10:06:52

21   spell it as well?

22     Q.   Yes.

23     A.   Alejandro is A-l-e-j-a-n-d-r-o, and then Nunez,

24   N-u-n-e-z.

25     Q.   Do you have a middle name?                           10:07:05
```

Atkinson-Baker, Inc.
www.depo.com

```
 1   Ms. Washington's attitude?
 2       A.   Not to my memory.
 3       Q.   Did anyone ever complain to you about
 4   Ms. Washington's behavior?
 5       A.   Not to my memory.                        11:31:39
 6       Q.   Did anyone complain to you about
 7   Ms. Washington's attendance?
 8       A.   Complain to me?  No.
 9       Q.   While you worked with Ms. Washington, were you
10   made aware that she -- she was pregnant?          11:32:11
11       A.   No, sir.
12       Q.   Were you ever made aware that she was pregnant?
13       A.   No, sir.
14       Q.   Were you ever made aware that Ms. Washington had
15   decided to terminate her pregnancy?               11:32:35
16       A.   No, sir.
17       Q.   To your understanding, what are the reasons that
18   Ms. Washington was terminated?
19           MR. VOIGT:  Object.  Calls for speculation.  If
20   you know.                                          11:33:13
21           THE WITNESS:  I don't know.
22   BY MR. FRIEDMAN:
23       Q.   Were you consulted with the decision to
24   terminate Ms. Washington's employment?
25       A.   I don't know about it.                    11:33:28
```

1      A.    No, I do not.

2      Q.    You don't have any memory of Ms. Washington

3   telling you that she was missing work due to

4   pregnancy-related issues?

5      A.    No, I do not.                                    11:36:26

6      Q.    Do you have any memories of having any

7   conversations with Ms. Washington while she worked at

8   FedEx?

9      A.    No, I do not.

10      Q.    Do you have any memories of speaking with     11:36:40

11   Ms. Washington after she left FedEx?

12      A.    No, I do not.

13      Q.    What's the policies and procedures that an

14   operations manager is -- needs to go through if they're

15   going to terminate an employee?                        11:36:59

16          MR. VOIGT:   Object.   It calls for speculation.

17   You can answer if you know.

18          THE WITNESS:   I can't recall the exact

19   procedure.

20   BY MR. FRIEDMAN:                                        11:37:08

21      Q.    What's your understanding of the procedure?

22      A.    My understanding, that there are rules and

23   guidelines set forth and that, if needed, could be

24   referenced back to see if any of those behaviors or

25   anything like that falls within those guidelines, and   11:37:24

Atkinson-Baker, Inc.
www.depo.com

```
 1   STATE OF CALIFORNIA              )
                                     )    ss.
 2   COUNTY OF LOS ANGELES           )

 3

 4          I, BRITTANY SILVA, CSR NO. 13940, do hereby

 5   certify:

 6          That prior to being examined, the witness name

 7   in the foregoing deposition, ALEJANDRO NUNEZ, was by me

 8   duly sworn to testify the truth, the whole truth, and

 9   nothing but the truth.

10          That said deposition was taken before me at the

11   time and place therein set forth and was taken down by me

12   in shorthand and thereafter was transcribed into

13   typewriting under my direction and supervision, and I

14   hereby certify the foregoing transcript is a full, true

15   and correct transcript of my shorthand notes so taken.

16          I further certify that I am neither counsel for

17   nor related to any party to said action, nor in any way

18   interested in the outcome thereof.

19          IN WITNESS WHEREOF, I have hereunto subscribed

20   my name this 25th day of November, 2019.

21

22

23          _____

24          BRITTANY SILVA, CSR NO. 13940

25   Signature requested
```

Exhibit C

Atkinson-Baker, Inc.
www.depo.com

1            UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

3

4

**CERTIFIED COPY**

5  DOMINIQUE WASHINGTON, AN INDIVIDUAL,  )
                                )

6                 Plaintiff,  )  Case No.:
                                )  2:19-CV-05226-

7    vs.                          )  MWF-KS
                                )

8  FEDEX GROUND PACKAGE SYSTEM, INC.,   )
  A DELAWARE CORPORATION; AND DOES 1    )

9  TO 20, INCLUSIVE,                )
                                )

10               Defendants.  )
  _____)

11

12

13

14      VIDEOTAPED DEPOSITION OF MELISSA MADRID

15           LOS ANGELES, CALIFORNIA

16             JANUARY 9, 2020

17

18

19

20  ATKINSON-BAKER

21  (800) 288-3376

22  www.depo.com

23

24  REPORTED BY:    BARBARA J. DAVIS, CSR No. 3228

25  FILE NO.:        AD0C397

Atkinson-Baker, Inc.
www.depo.com

```
 1      LOS ANGELES, CALIFORNIA; THURSDAY, JANUARY 9, 2020,

 2                         10:06 A.M.

 3

 4           THE VIDEOGRAPHER: This is Jacob Florez, the

 5  videographer, I represent Atkinson Baker, Inc. in

 6  Glendale, California, I'm not financially interested in

 7  this action nor am I a relative or employee of any

 8  attorney or any party.

 9           Today's date is January 9, 2020, the current

10  time on the monitor is 10:06 a.m., we're on record.

11           This deposition is taking place at 3055

12  Wilshire Boulevard, No. 1120, Los Angeles, California

13  90010, this is case No. 2-19-CV-05226-MWF-KS entitled

14  Washington vs FedEx Ground, our deponent is Melissa

15  Madrid, this videotaped deposition is requested on

16  behalf of plaintiff.

17           Would counsel please introduce themselves for

18  the record.

19           MR. FRIEDMAN: Good morning.  My name is Daniel

20  Friedman of Employee Justice Legal Group, we represent

21  plaintiff Dominique Washington.

22           MR. DALEY: Sean Daley on behalf of FedEx Ground

23  Package System, Inc.

24           THE VIDEOGRAPHER: Thank you.

25           Would our court reporter please swear in our
```

Atkinson-Baker, Inc.
www.depo.com

 1  witness.

 2                          MELISSA MADRID,

 3      having been first duly sworn by the reporter,

 4              was examined and testified as follows:

 5

 6                          EXAMINATION

 7  BY MR. FRIEDMAN:

 8      Q    Good morning.

 9           As I mentioned, my name is Daniel Friedman, I

10  represent plaintiff Dominique Washington in her lawsuit

11  against FedEx Ground Package System, Inc., if I refer to

12  it as FedEx you'll understand that I am referring to the

13  defendant in this matter?

14      A    Yes.

15      Q    Can you place state and spell your name for the

16  record.

17      A    Melissa Madrid, M-e-l-i-s-s-a M-a-d-r-i-d.

18      Q    Do you have a middle name?

19      A    No.

20      Q    Have you been known by any prior names?

21      A    No.

22      Q    Have you been deposed before?

23      A    No.

24      Q    Have you ever been a party to a lawsuit before?

25      A    No.

1    somebody up for someone leaving home early but I will

2    suggest that to write them up for being absent.

3       Q    Did you suggest to Mr. Robleto that he should

4    consider writing her up for being absent?

5       A    I don't remember telling him specifically.

6       Q    What was the name of the admin who would send

7    the emails?

8       A    Lorena.

9       Q    Did you ever have any conversations with Lorena

10   about Dominique Washington?

11      A    No.

12      Q    Did you ever have any conversations with Mr.

13   Smith about Dominique Washington?

14      A    No.

15      Q    Did Ms. Washington make any complaints of

16   discrimination?

17      A    No.

18      Q    Did Ms. Washington ever request accommodation

19   for pregnancy-related symptoms?

20          MR. DALEY: Objection, calls for speculation.

21          If you know.

22          THE WITNESS: I don't know.

23   BY MR. FRIEDMAN:

24      Q    Did anyone ever tell you that Ms. Washington

25   had called in related to pregnancy-related symptoms?

1      A    No.

2      Q    Did Ms. Washington ever contact FedEx to tell

3  them that she was going to miss work for medical

4  appointments?

5          MR. DALEY: Objection, calls for speculation.

6          THE WITNESS: I do not know.

7  BY MR. FRIEDMAN:

8      Q    Did you hear from anyone that Ms. Washington

9  had requested to miss time from work for doctors'

10  appointments?

11     A    No.

12     Q    If Ms. Washington attempted to give her

13  doctors' notes related to her pregnancy to Mr. Robleto

14  and Mr. Robleto did not accept those doctors' notes

15  would he be deviating company policy?

16          MR. DALEY: Objection, incomplete hypothetical.

17          THE WITNESS: I don't know how Casey ran his

18  area or what he does with his doctors' notes.

19  BY MR. FRIEDMAN:

20     Q    But if he didn't accept her pregnancy-related

21  doctors' notes would that have been a deviation from

22  company policy?

23     A    Yes.

24     Q    Besides being Mr. Robleto's colleague do you

25  have any other type of relationship with him?

Atkinson-Baker, Inc.
www.depo.com

```
 1              REPORTER'S CERTIFICATE

 2          I, BARBARA J. DAVIS, CSR 3228, certify:

 3          That the foregoing proceedings were taken

 4   before me at the time and place therein set forth, at

 5   which time the witness was put under oath by me; That

 6   the testimony of the witness and all objections and

 7   statements made at the time of the examination were

 8   recorded stenographically by me and thereafter

 9   transcribed;

10          I was relieved of my duty pursuant to Rule 30

11   of the Federal Rules of Civil Procedure;

12          That the foregoing is a true and correct

13   transcript of my shorthand notes so taken.

14          I further certify that I am not a relative or

15   employee of any attorney of the parties, nor financially

16   interested in the action.

17          I declare under penalty of perjury under the

18   laws of California that the foregoing is true and

19   correct.

20          Dated this 3rd day of February, 2020.

21

22

23

24          _____

25          BARBARA J. DAVIS, CSR NO. 3228
```

Exhibit D

Atkinson-Baker, Inc.
www.depo.com

1　　　　　　　　　UNITED STATES DISTRICT COURT

2　　　　　CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3

4

5 DOMINIQUE WASHINGTON, an　　　）
　 individual,　　　　　　　　　 ）
6　　　　　　　　　　　　　　　　）
　　　　　　Plaintiff,　　　　　 ）
7　　　　　　　　　　　　　　　　）
　　　　　　vs.　　　　　　　　　） Case No.
8　　　　　　　　　　　　　　　　） 2:19-cv-05226-MWF-KS
　 FEDEX GROUND PACKAGE SYSTEM,　） VOLUME II
9 INC., a Delaware corporation;　）
　 and DOES 1 through 20,　　　　 ）
10 inclusive,　　　　　　　　　　 ）
　　　　　　　　　　　　　　　　 ）
11　　　　　　Defendants.　　　　 ）
　　　　　　　　　　　　　　　　 ）
12

13

14

15　　　　　　　VIDEO DEPOSITION OF MELISSA MADRID

16　　　　　　　VIDEO CONFERENCE, CALIFORNIA

17　　　　　　　　　FRIDAY, MAY 15, 2020

18

19

20

21
　 ATKINSON-BAKER, INC.
22 800-288-3376
　 www.depo.com
23
　 REPORTED BY:　MONIKA C. COYLE, CSR No. 4254
24
　 FILE NO.:　AE0398B
25

1          THE VIDEO TECHNICIAN:  Good afternoon.  We are

2  on the record to begin the deposition of Melissa Madrid in

3  the matter of Dominique Washington versus FedEx Ground

4  Package System, Inc. et al.  This case is venued in the

5  United States District Court, Central District of

6  California, Western Division.  The case number is

7  2:19-cv-05226-MWF-KS.

8          Today's date is Friday, May, 15th 2020.  And the

9  time is 1:31 p.m.  The deposition is taking place remotely

10  with StoryCloud.  The legal videographer is James Tuverson

11  here on behalf of StoryCloud.  And the court reporter is

12  Monika Coyle here on behalf of Atkinson-Baker.

13          Counsel be aware your microphones are sensitive

14  and may pick up whispers, private conversations and

15  cellular interference which may be captured on the video as

16  well at taken down by the court reporter as part of the

17  record of these proceedings.

18          Would counsel please identify yourselves and

19  state whom you represent.

20          MR. FRIEDMAN:  My name is Daniel Friedman.  I

21  represent Plaintiff Dominique Washington.

22          MR. DALEY:  Sean Daley for Defendant FedEx

23  Ground Package System, Inc.  Along with Stephanie Bellamy

24  senior HR business partner for FedEx Ground Package System,

25  Inc.

1          THE VIDEO TECHNICIAN:  Thank you, Counsel.

2  Would the Reporter please swear in the witness.

3          THE REPORTER:  Okay.  I have to read this on the

4  record before we begin.  My name is Monika Coyle, I am a

5  certified court reporter in the State of California.  This

6  deposition is being held via video conferencing equipment.

7  The witness and reporter are not in the same room.  The

8  witness will be sworn in remotely pursuant to the agreement

9  of all parties.  The parties stipulate the testimony is

10  being given as if the witness was sworn in person.

11          Does everyone agree?

12          MR. FRIEDMAN:  Yes.

13          MR. DALEY:  Yes.

14

15                    MELISSA MADRID,

16              having been first duly sworn, was

17              examined and testified as follows.

18

19  THE VIDEO TECHNICIAN:  You may proceed.

20

21                    EXAMINATION

22  BY MR. FRIEDMAN:

23      Q.  Good afternoon.  As I stated my name is Daniel

24  Friedman.  We met earlier -- at the first volume of your

25  deposition in January 2020.  Can you please state and spell

1          Q.   Why do you say that?

2          A.   A disability would -- 'cause being sick is not a

3    disability.

4          Q.   Would you have to check to see what is wrong

5    with her to make sure that she didn't have a disability?

6          A.   The e-mail says she's calling and saying herself

7    she's ill.  She's not telling me that she's disabled.

8          Q.   What about the time that she went to the urgent

9    care?

10         A.   Again, I don't know why she went to urgent care.

11         Q.   Would you have attempted to investigate before

12   you wrote her up?

13         A.   If I -- it would depend on the situation.  I

14   don't know.  I -- as a manager in my area if she was my

15   employee and I would get so many call outs for being sick,

16   like I said earlier I would lose credibility in her

17   actually being sick.  And her using that excuse every month

18   that she feels sick.

19         Q.   What if you knew that she was pregnant?

20         A.   I did not know.  I wouldn't know if she was

21   pregnant or not.  If I knew -- if she -- if the employee

22   was my employee me as a manager if I had that relationship,

23   that communication from the employee to manager and she

24   communicated with me that she was pregnant or the issues

25   she was going through, it would be a different scenario or

Atkinson-Baker, Inc.
www.depo.com

1  we'll have more of an open conversation.

2          If I don't have that conversation and that

3  information from the employee, again and I would just get

4  e-mails that she's sick, I would assume that it's just an

5  excuse because of the trend.

6          Q.  I'm going to show you what I'm marking as

7  Exhibit.  It's FXG 11.

8                  (Whereupon, Plaintiff's Exhibit 5

9                  was marked for identification and is

10                  attached to the original transcript

11                  of this deposition.)

12          MR. FRIEDMAN:

13          Q.  Do you see that on your screen?

14          A.  Yes.

15          Q.  So her termination was processed on May 10th,

16  2017; correct?

17          MR. DALEY:  Objection.  Calls for speculation.

18  If you know or remember.

19          THE WITNESS:  Submission for termination --

20  submission for request to terminate is at the bottom.  On

21  May 5th.  I'm sorry.  May 10th, 2017.

22          MR. FRIEDMAN:

23          Q.  Okay.  Her last day of employment is May 11th,

24  2017?

25          A.  Correct.

Atkinson-Baker, Inc.
www.depo.com

```
 1                    REPORTER'S CERTIFICATE

 2

 3           I, MONIKA C. COYLE, CSR No. 4254, Certified

 4  Shorthand Reporter, certify;

 5           That the foregoing proceedings were taken before

 6  me at the time and place therein set forth, at which time

 7  the witness was put under oath by me;

 8           That the testimony of the witness, the questions

 9  propounded, and all objections and statements made at the

10  time of the examination were recorded stenographically by

11  me and were thereafter transcribed;

12           That the foregoing is a true and correct

13  transcript of my shorthand notes so taken.

14           I further certify that I am not a relative or

15  employee of any attorney of the parties, nor financially

16  interested in the action.

17           I declare under penalty of perjury under the

18  laws of California that the foregoing is true and correct.

19           Dated this 22nd day of May 2020.

20           _____

21           MONIKA C. COYLE, CSR No. 4254

22

23

24

25
```

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 1, 2021, I served the foregoing document entitled **DECLARATION OF SEAN F. DALEY IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY REGARDING THE RELIGIOUS BELIEFS OF THIRD PARTY WITNESSES** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kaveh S. Elihu, Esq.<br>EMPLOYEE JUSTICE LEGAL GROUP<br>3055 Wilshire Boulevard, Suite 1120<br>Los Angeles, CA 90010 | Attorney for Plaintiff<br>DOMINIQUE WASHINGTON<br><br>Tel: 213.382.2222<br>Fax: 213.382.2230<br>E-mail: kelihu@ejlglaw.com;<br>dfriedman@ejlglaw.com;<br>hortiz@ejlglaw.com |

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 1, 2021, at Los Angeles, California.

| | |
|---|---|
| Mayra Hernandez | By: */s/Mayra Hernandez* |
| Print Name | Signature |