| | |
|---|---|
| 1 | REGINA A. PETTY, SBN 106163 |
| | rpetty@fisherphillips.com |
| 2 | SHAUN J. VOIGT, SBN 265721 |
| | svoigt@fisherphillips.com |
| 3 | SEAN F. DALEY, SBN 272493 |
| | sdaley@fisherphillips.com |
| 4 | FISHER & PHILLIPS LLP |
| | 444 South Flower Street, Suite 1500 |
| 5 | Los Angeles, California 90071 |
| | Telephone: (213) 330-4500 |
| 6 | Facsimile: (213) 330-4501 |

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON, | Case No: 2:19-cv-05226-MCS-KS |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES through 20, inclusive,, | Trial: July 13, 2021<br>Time: 8:30 a.m.<br>Ctrm: United States Courthouse<br>350 W. First Street<br>Courtroom 7C, 7th Floor<br>Los Angeles, CA 90012 |
| Defendant. | |
| | Complaint Filed: May 14, 2019<br>Trial Date: July 13, 2021 |

Pursuant to Local Rule 16-4, Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground") hereby submits its Memorandum of Contentions of Fact and Law as follows:

**I.    CLAIMS AND DEFENSES [Local Rule 16-4.1(a-g)]**

Plaintiff Dominique Washington ("Plaintiff") asserts claims of discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodation, and failure to engage in a good faith interactive process in violation of the California Fair Employment and Housing Act

1

(California Government Code §§ 12940 *et seq.* ("FEHA"), wrongful termination in violation of public policy and declaratory judgment. Plaintiff was employed part-time by FedEx Ground from September 12, 2016 to May 11, 2018 as a Package Handler at FedEx Ground's Santa Fe Springs station.

FedEx Ground terminated Plaintiff on May 11, 2017 because she missed work and had multiple unexcused absences between April 13, 2017 and May 10, 2017. Plaintiff was terminated for attendance pursuant to the Package Handler Attendance Policy which Plaintiff acknowledged and accepted. Her final week included three consecutive unexcused days of absence (May 8, 2017, May 9, 2017 and May 10, 2017). FedEx Ground did not discriminate or retaliate against Plaintiff because she was pregnant. Neither Mr. Robledo nor Human Resources knew about Plaintiff's pregnancy when she was terminated on May 11, 2017. Plaintiff did not submit any healthcare provider's notes to excuse her from or limit her work schedule due to pregnancy. Mr. Robeldo did not know on May 11, 2017 that Plaintiff wanted time off to terminate her pregnancy. Email correspondence from the Santa Fe Springs office administrator related to calls and messages from employees calling off from work do not show that Plaintiff disclosed to FedEx Ground any pregnancy related symptoms or an absence scheduled for the purpose of terminating her pregnancy." Plaintiff did not request any disability accommodation. Plaintiff was ineligible for family medical leave under the FMLA or CFRA.

Summary of Plaintiff's Claims

<u>Claim No. 1</u>: Plaintiff alleges that she was discriminated against as a pregnant woman with a perceived disability and/or disability engaged in a protected activity in violation of the FEHA.

<u>Claim No. 2</u>: Plaintiff alleges that she was retaliated against for exercising her right to medical leave related to her pregnancy in violation of the FEHA.

<u>Claim No. 3</u>: Plaintiff alleges that FedEx Ground failed to prevent discrimination and retaliation in violation of the FEHA.

<u>Claim No. 4</u>: Plaintiff alleges that FedEx Ground failed to accommodate Plaintiff related to her pregnancy in violation of the FEHA.

<u>Claim No. 5</u>: Plaintiff alleges that FedEx Ground failed to engage in a good faith interactive process with Plaintiff related to her pregnancy in violation of FEHA.

<u>Claim No. 6</u>: Plaintiff alleges that she was wrongfully terminated in violation of public policy.

<u>Claim No. 7</u>: Plaintiff alleges that she should have a declaratory judgment entered in her favor.

**A.  Elements Required to Establish Plaintiff's Claims**

    1.  <u>Elements Required to Establish Discrimination</u>

To succeed on her discrimination claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) FedEx Ground was an employer covered by the FEHA;

(2) Plaintiff was an employee of FedEx Ground;

(3) Plaintiff was disabled and/or perceived as disabled by pregnancy;

(4) Plaintiff was able to perform the essential job duties with or without an accommodation;

(5) FedEx Ground discharged Plaintiff;

(6) Plaintiff was harmed; and

(7) The conduct of FedEx Ground was a substantial factor in causing Plaintiff's harm.

*See* CACI 2540.

    2.  <u>Elements Required to Establish Retaliation</u>

To succeed on her retaliation claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) Plaintiff engaged in the protected activity of exercising her right to medical leave related to her pregnancy;

(2) FedEx Ground discharged Plaintiff;

(3) Plaintiff's exercise of her right to medical leave related to her pregnancy was a substantial motivating reason for FedEx Ground's decision to discharge Plaintiff;

(4) Plaintiff was harmed; and

(5) FedEx Ground's decision to discharge Plaintiff was a substantial factor in causing Plaintiff's harm.

See CACI 2505.

### 3. Elements Required to Establish Failure to Prevent Discrimination and Retaliation

To succeed on her failure to prevent discrimination and retaliation claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) Plaintiff was an employee of FedEx Ground;

(2) Plaintiff was discriminated against in the course of her employment;

(3) FedEx Ground failed to take all reasonable steps to prevent the discrimination and/or retaliation;

(4) Plaintiff was harmed; and

(5) FedEx Ground's failure to take all reasonable steps to prevent the discrimination and/or retaliation was a substantial factor in causing Plaintiff's harm.

See CACI 2527.

### 4. Elements Required to Establish Failure to Provide Reasonable Accommodations

To succeed on her failure to provide reasonable accommodations claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) FedEx Ground was an employer;

(2) Plaintiff was an employee of FedEx Ground;

(3) FedEx Ground knew Plaintiff had a disability that limited a major life activity;

(4) Plaintiff was able to perform the essential job duties with or without a reasonable accommodation;

(5) FedEx Ground failed to provide a reasonable accommodation for Plaintiff's disability;

(6) Plaintiff was harmed; and

(7) FedEx Ground's failure to provide a reasonable accommodation was a substantial factor in causing Plaintiff's harm.

See CACI 2541.

### 5. Elements Required to Establish Failure to Engage in a Good Faith Interactive Process

To succeed on her failure to engage in a good faith interactive process claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) FedEx Ground was an employer;

(2) Plaintiff was an employee of FedEx Ground;

(3) FedEx Ground knew that Plaintiff was disabled by pregnancy;

(4) Plaintiff requested that FedEx Ground make a reasonable accommodation for her disability so that she would be able to perform the essential job requirements;

(5) Plaintiff was willing to participate in an interactive process to determine whether a reasonable accommodation could be make so that she would be able to perform the essential job requirements

(6) FedEx Ground failed to participate in a timely good faith interactive process to determine whether a reasonable accommodation could be made;

(7) Plaintiff was harmed; and

    (8) FedEx Ground's failure to participate in a timely good faith interactive process to determine whether a reasonable accommodation could be made was a substantial factor in causing Plaintiff's harm.

See CACI 2546.

### 6. Elements Required to Establish Wrongful Termination in Violation of Public Policy

To succeed on her wrongful termination in violation of public policy claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

    (1) Plaintiff was an employee of FedEx Ground;

    (2) Plaintiff was disabled by pregnancy, or she exercised, or attempted to exercise her right to medical leave related to her pregnancy;

    (3) FedEx Ground discharged Plaintiff;

    (4) Plaintiff's disability, or the exercising or attempting to exercise her rights to medical leave related to her pregnancy, was a substantial motivating reason for Plaintiff's discharge; and

    (5) The discharge caused Plaintiff's harm.

See CACI 2430.

### 7. Elements Required to Establish Declaratory Judgment

To succeed on her declaratory judgment claim, Plaintiff has the burden of proving by a preponderance of the evidence that:

    (1) A proper subject of declaratory relief exists; and

    (2) An actual controversy involving justiciable questions relating to Plaintiff's rights or obligations exists.

See *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 909 (2013).

### 8. Elements Required to Establish Damages

To obtain an award for damages based on employment discrimination, Plaintiff has the burden of proving by a preponderance of the evidence:

    (1) That Plaintiff suffered damages caused by Defendant's actions;

(2) The existence of back wages, lost pay and/or employee benefits; and

(3) The amount of back wages, lost pay and/or employee benefits.

*See* Ninth Circuit Manual of Model Civil Jury Instruction 5.1 and 5.2.

### B.     Evidence in Opposition to Plaintiff's Claims

The evidence, including exhibits, Plaintiff's deposition and trial testimony along with Defendant's witnesses' deposition and trial testimony will establish the following:

Plaintiff was not disabled at the time of her termination of employment.

Defendant was not aware that Plaintiff was disabled based on pregnancy or that she otherwise required an accommodation.

As of the expiration of her approved leave and her termination, Plaintiff was not entitled to any medical leave.

Plaintiff did not request a reasonable accommodation.

Plaintiff was not subjected to any allegedly discriminatory conduct and was not discriminated against. The decision to terminate Plaintiff was based on a legitimate, good faith business decision that had nothing to do with her alleged pregnancy disability.

Defendant created, published, and enforced robust policies to prevent discrimination and retaliation.

There is no evidence that Plaintiff was harmed by any conduct of Defendant.

### C.     Defendant's Defenses

Defendants asserted as affirmative defenses a number of defenses as to which it does not actually bear the burden of proof. Specifically, Defendant continue to assert, and do not abandon, each of the following defenses: First Affirmative Defense; Second Affirmative Defense; Fifth Affirmative Defense; Tenth Affirmative Defense; Eleventh Affirmative Defense; Thirteenth Affirmative Defense; Fourteenth Affirmative Defense; Fifteenth Affirmative Defense; Seventeenth Affirmative Defense; Eighteenth Affirmative Defense; Twentieth

Affirmative Defense; Twenty-First Affirmative Defense; and Twenty-Fourth Affirmative Defense. However, Defendant denies that it bears the burden of proof with respect to any of these defenses.

Defendant will pursue the following affirmative defenses wherein it maintains the burden of proof:

(1) Failure to Mitigate Damages;

(2) Avoidable Consequences Doctrine;

(3) Same Conduct Regardless of Motivation (Mixed Motive);

**D.     Elements of Defendant's Defenses**

1. <u>Twenty-Second Affirmative Defense – Failure to Mitigate Damages</u>

With respect to her alleged damages for personal injury, Plaintiff is not entitled to recover damages for harm that Defendant proves Plaintiff could have avoided with reasonable efforts or expenditures. *See* CACI 3930.

With respect to her alleged damages for past lost earnings, Plaintiff is not entitled to recover damages for economic losses that Defendant proves Plaintiff could have avoided by securing comparable gainful employment as soon as it was reasonable for her to do so. *See* CACI 3961.

With respect to her alleged damages for future lost earnings, Plaintiff is not entitled to recover damages for future economic losses that Defendant proves Plaintiff will be able to avoid by returning to gainful employment as soon as it is reasonable for her to do so. *See* CACI 3962.

2. <u>Twelfth Affirmative Defense – Avoidable Consequences Doctrine</u>

If Plaintiff proves that Defendant discriminated against her, Defendant is not responsible for some or all of the harm Plaintiff sustained if 1) Defendant took reasonable steps to prevent and correct workplace discrimination; 2) Plaintiff unreasonably failed to use the preventative and corrective measures for

discrimination that Defendant provided; and 3) the reasonable use of Defendant's procedures would have prevented some of all of Plaintiff's harm. *See* CACI 2526.

### 3. Sixteenth Affirmative Defense – Same Conduct Regardless of Motivation (Mixed Motive)

If Plaintiff establishes that discrimination was a substantial motivating reason for her termination, Plaintiff will not be entitled to reinstatement, back pay, or damages if Defendant establishes that it would have terminated Plaintiff at that time for a legitimate reason. *See* CACI 2512.

### E. Evidence Defendant Relies on to Support Its Defenses

#### 1. Evidence in Support of Failure to Mitigate Damages

To the extent Plaintiff alleges economic damages on account of her termination of employment by Defendant, Plaintiff failed to mitigate her damages because she has failed to secure other additional employment. To the extent that Plaintiff may have earned, or may be earning, less money after Defendant terminated her, Plaintiff has not made reasonable efforts to secure other, higher-paying employment.

Plaintiff did not immediately seek alternate, comparable part-time work or make a reasonable effort to secure comparable employment after Defendant terminated her.

To the extent Plaintiff alleges emotional distress damages, Plaintiff failed to mitigate her damages by failing promptly to report any of the allegedly harassing, discriminatory, or retaliatory conduct and to seek treatment for her alleged emotional distress following her termination.

#### 2. Evidence in Support of Avoidable Consequences Doctrine

Defendant created, published, and enforced robust policies to prevent discrimination and retaliation. Plaintiff was aware of these policies and completed training on these policies as an employee. Despite her allegations that she was discriminated against, at no time did Plaintiff follow those policies by properly

reporting her discrimination complaints to the proper channels or otherwise taking any steps to prevent the harm she claims to have sustained.

### 3. Same Conduct Regardless of Motivation (Mixed Motive)

Plaintiff was not disabled at the time of her termination of employment. Defendant was unaware that Plaintiff was pregnant or that she was seeking medical treatment related to her pregnancy. Rather, Defendant was of the belief that Plaintiff had three consecutive unexcused absences on May 8, May 9 and May 10, 2017.

### F. No Third Parties

Not applicable.

## II. EVIDENTIARY ISSUES [Local Rule 16-4.1(h)]

Defendant anticipates that there will be evidentiary issues regarding foundation, hearsay, improper opinion and relevance. Specifically, Defendant anticipates objections to Plaintiff's direct testimony regarding irrelevant issues or matters where she lacks personal knowledge, and to Plaintiff's improper opinion and hearsay statements. Defendant also anticipates objections regarding Plaintiff's economic damages claims and any use of expert testimony to support Plaintiff's allegations to the extent she failed to make disclosures in compliance with Fed. R. Civ. P. 26 or in discovery.

Defendant also intends to file the following motions *in limine*:

(1) To bifurcate liability and punitive damages, including exclusion of testimony regarding punitive damages during the liability phase; and

(2) To exclude testimony regarding witnesses' religious beliefs.

## III. ISSUES OF LAW [Local Rule 16-4.1(i)]

An employer "has leeway to make subjective business decisions, even bad ones." *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 748 (9th Cir. 2003). Employers have broad discretion to make personnel decisions and they should not be second guessed in the absence of unlawful motivation. *Denney v. City of Albany*, 247 F.3d

10

1172, 1187 n.8 (11th Cir. 2001) (Federal courts do not generally sit to second guess the business judgments of employers). FedEx Ground anticipates moving for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 with respect to the merits of each of Plaintiff's claims.

## IV. BIFURCATION OF ISSUES [Local Rule 16-4.3]

Defendant has requested that the Court bifurcate the trial of any claim of punitive damages, including the exclusion of testimony related to punitive damages during the liability phase. Defendant requests that issues relating to punitive damages be tried in the second phase of trial, only if Plaintiff establishes all of the requisite elements during the liability phase. Defendant requests that trial be bifurcated in order to avoid an unnecessary waste of time and resources, and to avoid prejudice to FedEx Ground by discussing issues related to punitive damages prior to Plaintiff establishing an entitlement to seek such damages.

## V. TRIAL [Local Rule 16-4.4]

Plaintiff demanded a trial by jury. The issue of liability and emotional distress damages can be decided by a jury. However, determinations regarding equitable remedies such as back pay, front pay, and reinstatement, are to be made by the Court rather than the jury. *See Lutz v. Glendale Union High School,* 403 F. 3d 1061, 1067-69 (9th. Cir. 2005); *Caudle v. Bristow Optical Co.*, 224 F.3d 1014 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000).

Defendant estimates a three-day trial.

## VI. ATTORNEY'S FEES [Local Rule 16-4.5]

California Government Code section 12965(b) provides that, "[i]n civil actions brought under this section, the court, in its discretion, may award to the prevailing party … reasonable attorney's fees and costs…." Plaintiff's claims are brought under Section 12965(b).

Plaintiff and Defendant have demanded recovery of their respective attorneys' fees. Defendant is, or will be, entitled to recovery of its attorneys' fees,

and Plaintiff is not, and will not be, entitled to recovery of her attorneys' fees, because Plaintiff is not entitled to prevail on any of her FEHA claims.

Even if Plaintiff does prevail on any of her FEHA claims, the Court should exercise its discretion to deny Plaintiff recovery of her attorneys' fees.

## VII. ABANDONMENT OF ISSUES [Local Rule 16-4.6]

Defendant abandons the following affirmative defenses because they are inapplicable: Third Affirmative Defense; Fourth Affirmative Defense; Sixth Affirmative Defense; Seventh Affirmative Defense; Eighth Affirmative Defense; Ninth Affirmative Defense; Thirteenth Affirmative Defense; Nineteenth Affirmative Defense; Twenty-Third Affirmative Defense.

DATE: June 1, 2021               FISHER & PHILLIPS LLP

By: */s/Sean F. Daley*
REGINA A. PETTY
SHAUN J. VOIGT
SEAN F. DALEY
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# PROOF OF SERVICE
## (CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 1, 2021, I served the foregoing document entitled **DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kaveh S. Elihu, Esq.<br>EMPLOYEE JUSTICE LEGAL GROUP<br>3055 Wilshire Boulevard, Suite 1120<br>Los Angeles, CA 90010 | Attorney for Plaintiff<br>DOMINIQUE WASHINGTON<br><br>Tel: 213.382.2222<br>Fax: 213.382.2230<br>E-mail: kelihu@ejlglaw.com;<br>dfriedman@ejlglaw.com;<br>hortiz@ejlglaw.com |

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 1, 2021, at Los Angeles, California.

| Mayra Hernandez | By: /s/Mayra Hernandez |
|---|---|
| Print Name | Signature |

13
PROOF OF SERVICE

19674.0261   FP 40666300.1