Kaveh S. Elihu, Esq. (SBN 268249)
Daniel J. Friedman, Esq. (SBN 289670)
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222

Facsimile: (213) 382-2230

Attorneys for Plaintiff,
DOMINIQUE WASHINGTON

REGINA A. PETTY, SBN 106163
rpetty@fisherphillips.com
SHAUN J. VOIGT, SBN 265721
svoigt@fisherphillips.com
SEAN F. DALEY, SBN 272493
sdaley@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON,<br><br>              Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES through 20, inclusive,,<br><br>              Defendant. | Case No:  2:19-cv-05226-MCS-KS<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Complaint Filed:   May 14, 2019<br>Trial Date:          July 13, 2021 |

1

## INDEX OF JURY INSTRUCTIONS

Pursuant to this Court's Order re: Jury Trial (ECF No. 35), Plaintiff DOMINIQUE WASHINGTON ("Plaintiff" or "Ms. Washington") and Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("Defendant" or "FedEx Ground") submit their proposed joint agreed jury instructions:

| NO. | SUBJECT | SOURCE | PAGE |
|-----|---------|--------|------|
| A1. | DUTY OF JURY | 9th Circuit Model Civil Jury Instructions (2017 Edition) ("9th Cir.") 1.3 | |
| A2. | CLAIMS AND DEFENSES | 9th Cir. 1.5 | |
| A3. | CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT | 9th Cir. 4.1 | |
| A4. | LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE | 9th Cir. 4.2 | |
| A5. | BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE | 9th Cir. 1.6 | |
| A6. | WHAT IS EVIDENCE | 9th Cir. 1.9 | |
| A7. | WHAT IS NOT EVIDENCE | 9th Cir. 1.10 | |
| A8. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. 1.12 | |
| A9. | RULING ON OBJECTIONS | 9th Cir. 1.13 | |
| A10. | CREDIBILITY OF WITNESSES | 9th Cir. 1.14 | |
| A11. | CONDUCT OF THE JURY | 9th Cir. 1.15 | |
| A12. | NO TRANSCRIPT AVAILABLE | 9th Cir. 1.17 | |

| NO. | SUBJECT | SOURCE | PAGE |
|---|---|---|---|
| | TO JURY | | |
| A13. | TAKING NOTES | 9th Cir. 1.18 | |
| A14. | QUESTIONS TO WITNESSES BY JURORS | 9th Cir. 1.19 | |
| A15. | USE OF INTERROGATORIES OF A PARTY | Judicial Council of California Civil Jury Instructions (2018 Edition) ("CACI") 209 | |
| A16. | REQUESTS FOR ADMISSION | CACI 210 | |
| A17. | BENCH CONFERENCES AND RECESSES | 9th Cir. 1.20 | |
| A18. | OUTLINE OF TRIAL | 9th Cir. 1.21 | |
| B1. | DUTY OF JURY | 9th Cir. 1.4 | |
| B2. | CLAIMS AND DEFENSES | 9th Cir. 1.5 | |
| B3. | LIABILITY OF ENTITY DEFENDANTS – SCOPE OF AUTHORITY NOT IN ISSUE | 9th Cir. 4.2 | |
| B4. | BURDEN OF PROOF PREPONDERANCE OF THE EVIDENCE | 9th Cir. 1.6 | |
| B5. | WHAT IS EVIDENCE | 9th Cir. 1.9 | |
| B6. | WHAT IS NOT EVIDENCE | 9th Cir. 1.10 | |
| B7. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. 1.12 | |
| B8. | RULING ON OBJECTIONS | 9th Cir. 1.13 | |
| B9. | CREDIBILITY OF WITNESSES | 9th Cir. 1.14 | |

3

| NO. | SUBJECT | SOURCE | PAGE |
|---|---|---|---|
| B10. | QUESTIONS TO WITNESSES BY JURORS | Adapted from 9th Cir. 1.19 | |
| B11. | OPINION TESTIMONY OF A LAY WITNESS | CACI 223 | |
| C1. | DISABILITY DISCRIMINATION DISPARATE TREATMENT – ESSENTIAL FACTUAL ELEMENTS (Gov. Code, § 12940(a)) | CACI 2500 | |
| C2. | DISABILITY DISCRIMINATION – DISPARATE TREATMENT – ESSENTUAL FACTUAL ELEMENTS | CACI 2540 | |
| C3. | RETALIATION – ESSENTIAL FACTUAL ELEMENTS (GOVERNMENT CODE, § 12940(h)) | CACI 2505 | |
| C4. | "SUBSTANTIAL MOTIVATING REASON" EXPLAINED | CACI 2507 | |
| C5. | "SUBSTANTIAL FACTOR" EXPLAINED | CACI 430 | |
| C6. | "ADVERSE EMPLOYMENT ACTION" EXPLAINED | CACI 2509 | |
| C7. | BUSINESS JUDGMENT | CACI 2513 | |
| C8. | BUSINESS JUDGMENT RULE FURTHER EXPLAINED | Cal. Labor Code § 2922; CACI 2513, | |
| C9. | FAILURE TO PREVENT DISCRIMINATION OR RETALIATION - ELEMENTS OF CAUSE OF ACTION | CACI 2527 | |

4

| NO. | SUBJECT | SOURCE | PAGE |
|-----|---------|--------|------|
| C10. | FAILURE TO PROVIDE A REASONABLE ACCOMMODATION – ELEMENTS OF CAUSE OF ACTION | CACI 2541 | |
| C11. | "REASONABLE ACCOMMODATION" EXPLAINED | CACI 2542 | |
| C12. | INTRODUCTION TO VICARIOUS RESPONSIBILITY | CACI 3700 | |
| C13. | FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS – ELEMENTS OF CAUSE OF ACTION | CACI 2546 | |
| C14. | INTERACTIVE PROCESS OBLIGATIONS EXPLAINED | CACI 2546 | |
| C15. | "KNOWN" DISABILITY EXPLAINED | CACI 2546 | |
| C16. | WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY - ELEMENTS OF CAUSE OF ACTION | CACI 2430 | |
| C17. | LIMITATION ON REMEDIES - SAME DECISION | CACI 2512 | |
| C18. | BUSINESS JUDGMENT RULE | CACI 2513 | |
| D1. | INTRODUCTION TO TORT DAMAGES | CACI 3900 & 3923; 9th Cir. 5.1 | |
| D2. | SPECULATIVE DAMAGES NOT | California Jury | |

| NO. | SUBJECT | SOURCE | PAGE |
|---|---|---|---|
| | PERMITTED | Instructions – Civil (Spring 2017 Edition) ("BAJI") 14.60 | |
| D3. | DAMAGES MUST BE REASONABLE | CACI 3900 | |
| D4. | PUNITIVE DAMAGES | 9th Cir. 5.5 | |
| D5. | AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY | CACI 3927 | |
| D6. | DAMAGES ON MULTIPLE THEORIES | CACI 3934 | |
| D7. | WRONGFUL DISCHARGE DAMAGES | CACI 2433 | |
| D8. | ECONOMIC AND NONECONOMIC DAMAGES | CACI 3902 | |
| D9. | ITEMS OF ECONOMIC DAMAGE | CACI 3903 & 3903C | |
| D10. | MEDICAL EXPENSES – FUTURE (ECONOMIC DAMAGE) | CACI 3903A | |
| D11. | PREJUDGMENT INTEREST | CACI 3935 | |
| D12. | PRESENT CASH VALUE | CACI 3904A | |
| D13. | ITEMS OF NONECONOMIC DAMAGE | CACI 3905 & 3905A | |
| D14. | UNUSUALLY SUSCEPTIBLE PLAINTIFF | CACI 3928 | |
| D15. | AVOIDABLE CONSEQUENCES DOCTRINE | CACI 2526 (as modified) | |

| NO. | SUBJECT | SOURCE | PAGE |
|---|---|---|---|
| D16. | ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES | CACI 3925 | |
| D17. | DUTY TO MITIGATE (PERSONAL INJURY) | BAJI 14.67 | |
| D18. | MITIGATION OF DAMAGES (PERSONAL INJURY) | CACI 3930 | |
| D19. | AFFIRMATIVE DEFENSE – EMPLOYEE'S DUTY TO MITIGATE DAMAGES | CACI 2407 | |
| D20. | EFFECT OF DUTY TO MITIGATE ON DAMAGES | CACI 3961 & 3962 | |
| D21. | "COMPARABLE JOB" EXPLAINED | CACI 2603 | |
| D22. | ATTORNEY FEES AND COURT COSTS | CACI 3964 | |
| D23. | EXPERT WITNESS TESTIMONY | CACI 219 | |
| D24. | EXPERTS-QUESTIONS CONTAINING ASSUMED FACTS | CACI 220 | |
| E1. | DUTY TO DELIBERATE | 9th Cir. 3.1 | |
| E2. | CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY | 9th Cir. 3.2 | |
| E3. | COMMUNICATION WITH COURT | 9th Cir. 3.3 | |
| E4. | RETURN OF VERDICT | 9th Cir. 3.5 | |
| E5. | CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT | 9th Cir. 4.1 | |

JOINT PROPOSED JURY INSTRUCTIONS

1

Dated: June 7, 2021                    **EMPLOYEE JUSTICE LEGAL GROUP, P.C.**

2

3                                                     By:  /s/Daniel J. Friedman

4                                                          Kaveh S. Elihu, Esq.
                                                          Daniel Friedman, Esq.
5                                                          Attorneys for Plaintiffs

6

7        DATE:  June 7, 2021                          FISHER & PHILLIPS LLP

8

9                                                     By:/s/Sean  F. Daley
10                                                        REGINA A. PETTY
                                                          SHAUN J. VOIGT
11                                                        SEAN F. DALEY
                                                          Attorneys for Defendant
12                                                        FEDEX GROUND PACKAGE
                                                          SYSTEM, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

## A. INITIAL SET OF INSTRUCTIONS (GIVEN AFTER VOIR DIRE)

### JURY INSTRUCTION NO. 1
### DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

[Source: 9th Circuit Model Civil Jury Instructions (2017 Edition) ("9th Cir."), 1.3.]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____
_____
United States District Judge

1
2

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

3
4

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

5
6
7
8
9
10
11

Dominique Washington asserts that FedEx Ground terminated her due to her need to take medical leave from work related to her pregnancy. Ms. Washington informed FedEx in person and over the phone of her need to take off work due to pregnancy related illness. Despite this, FedEx Ground completely disregarded Ms. Washington's rights and terminated her because it did not want to deal with accommodating her pregnancy-related medical needs. Ms. Washington has the burden of proving each of her claims.

12
13
14
15
16
17

FedEx Ground denies each of Ms. Washington's claims. FedEx Ground contends that it accommodated Ms. Washington, that it was not aware of Ms. Washington's alleged disability at the time of her termination, and that Ms. Washington was terminated for legitimate, non-discriminatory, non-retaliatory reasons when Ms. Washington received many unexcused absences from her scheduled work shifts.

18
19
20
21
22
23
24
25
26
27

FedEx Ground also asserts certain affirmative defenses to Ms. Washington's claims. FedEx Ground contends that, if Ms. Washington can prove that her termination was actually motivated by both discriminatory and non-discriminatory reasons, it is not liable because their legitimate reasons for terminating Ms. Washington, standing alone, would have induced it to make the same decision at the same time. FedEx Ground further contends that Ms. Washington could have avoided all or some of her alleged harm by reasonable effort. FedEx Ground also contends that Ms. Washington has not made a reasonable effort to minimize her alleged damages. FedEx Ground has the burden of proof on each of its affirmative defenses.

28

[Source: 9th Cir. 1.5.]

| | |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____
United States District Judge

## JURY INSTRUCTION NO. 3

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

[Source: 9th Cir. 4.1]

| | |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 4

## LIABILITY OF ENTITY DEFENDANTS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation or limited liability company is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation or limited liability company is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

[Source: 9th Cir. 4.2]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

## JURY INSTRUCTION NO. 5

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Source: 9th Cir. 1.6]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

# **JURY INSTRUCTION NO. 6**

## **WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are admitted into evidence;

(3)     any facts to which the lawyers have agreed; and

(4)     any facts that I [may instruct] [have instructed] you to accept as proved.

[Source: 9th Cir. 1.9]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____
_____
United States District Judge

## JURY INSTRUCTION NO. 7
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)   Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Source: 9th Cir. 1.10]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused

United States District Judge

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JURY INSTRUCTION NO. 8**
## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

[Source: 9th Cir. 1.12]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 9
### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

[Source: 9th Cir. 1.13]

_____        Given

_____        Given as Modified

_____        Withdrawn

_____        Refused


_____
United States District Judge

## **JURY INSTRUCTION NO. 10**

## **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

[Source: 9th Cir. 1.14]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

## JURY INSTRUCTION NO. 11

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with

it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

[Source: 9th Cir. 1.15]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____
United States District Judge

# JURY INSTRUCTION NO. 12

## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

[Source: 9th Cir. 1.17]

_____      Given

_____      Given as Modified

_____      Withdrawn

_____      Refused

_____

United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 13
### TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[Source: 9th Cir. 1.18]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____

United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 14**

**QUESTIONS TO WITNESSES BY JURORS**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. *[Specific reasons for not allowing jurors to ask questions may be explained.*] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

[Source: 9th Cir. 1.19]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused

_____

United States District Judge

## JURY INSTRUCTION NO. 15

## USE OF INTERROGATORIES OF A PARTY

Before trial, each party has the right to ask the other parties to answer written questions. These questions are called interrogatories. The answers are also in writing and are given under oath. You must consider the questions and answers that were read to you the same as if the questions and answers had been given in court.

[Source: CACI 209]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

## **JURY INSTRUCTION NO. 16**

## **REQUESTS FOR ADMISSION**

Before trial, each party has the right to ask another party to admit in writing that certain matters are true. If the other party admits those matters, you must accept them as true. No further evidence is required to prove them.

However, these matters must be considered true only as they apply to the party who admitted they were true.

[Source: CACI 210]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____

United States District Judge

## **JURY INSTRUCTION NO. 17**

## **BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[Source: 9th Cir. 1.20]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

1
2

## JURY INSTRUCTION NO. 18
## OUTLINE OF TRIAL

3  Trials proceed in the following way: First, each side may make an opening
4  statement. An opening statement is not evidence. It is simply an outline to help
5  you understand what that party expects the evidence will show. A party is not
6  required to make an opening statement.

7  The plaintiff will then present evidence, and counsel for the defendant may
8  cross-examine. Then the defendant may present evidence, and counsel for the
9  plaintiff may cross-examine.

10  After the evidence has been presented, I will instruct you on the law that
11  applies to the case and the attorneys will make closing arguments.

12  After that, you will go to the jury room to deliberate on your verdict.

13  [Source: 9th Cir. 1.21]

14  _____    Given

15  _____    Given as Modified

16  _____    Withdrawn

17  _____    Refused

18
19
20  _____
     United States District Judge

21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTIONS

**B. <u>INITIAL SET OF INSTRUCTIONS (GIVEN AFTER VOIR DIRE)</u>**

<u>**JURY INSTRUCTION NO. 1**</u>

<u>**DUTY OF JURY**</u>

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

[Source: 9th Cir. 1.4]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 2

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Dominique Washington asserts that FedEx Ground terminated her due to her need to take medical leave from work related to her pregnancy. Ms. Washington informed her supervisor at FedEx Ground in person and over the phone of her need to take off work due to a pregnancy related disability. Despite this, FedEx Ground disregarded Ms. Washington's rights and terminated her because it did not want to deal with accommodating her pregnancy-related medical needs. Ms. Washington has the burden of proving each of her claims.

FedEx Ground denies each of Ms. Washington's claims. FedEx Ground contends that it accommodated Ms. Washington, that it was not aware of Ms. Washington's alleged disability at the time of her termination, and that Ms. Washington was terminated for legitimate, non-discriminatory, non-retaliatory reasons when Ms. Washington received many unexcused absences from her scheduled work shifts.

FedEx Ground also asserts certain affirmative defenses to Ms. Washington's claims. FedEx Ground contends that, if Ms. Washington can prove that her termination was actually motivated by both discriminatory and non-discriminatory reasons, it is not liable because their legitimate reasons for terminating Ms. Washington, standing alone, would have induced it to make the same decision at the same time. FedEx Ground further contends that Ms. Washington could have avoided all or some of her alleged harm by reasonable effort. FedEx Ground also contends that Ms. Washington has not made a reasonable effort to minimize her alleged damages. FedEx Ground has the burden of proof on each of its affirmative defenses.

[Source: 9th Cir. 1.5]

_____      Given

_____      Given as Modified

_____      Withdrawn

_____      Refused

_____

_____

United States District Judge

## **JURY INSTRUCTION NO. 3**
## **LIABILITY OF ENTITY DEFENDANTS**

Under the law, a corporation or limited liability company is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation or limited liability company is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

[Source: 9th Cir. 4.2]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____
United States District Judge

1
2

### **JURY INSTRUCTION NO. 4**
### **BURDEN OF PROOF**

3
4
5
6

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

7
8

You should base your decision on all of the evidence, regardless of which party presented it.

9

[Source: 9th Cir. 1.6]

10
11
12
13

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

14
15
16

_____

United States District Judge

17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    any facts to which the lawyers have agreed; and

(4)    any facts that I [may instruct] [have instructed] you to accept as proved.

[Source: 9th Cir. 1.9]

_____        Given

_____        Given as Modified

_____        Withdrawn

_____        Refused


_____

United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Source: 9th Cir. 1.10]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

## **JURY INSTRUCTION NO. 7**

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

[Source: 9th Cir. 1.12]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____

United States District Judge

1

2

## JURY INSTRUCTION NO. 8
## RULING ON OBJECTIONS

3

4

5

6

7

8

9

   There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

10

11

12

13

   Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

[Source: 9th Cir. 1.13]

14

15

16

17

_____        Given

_____        Given as Modified

_____        Withdrawn

_____        Refused

18

19

20

_____

United States District Judge

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

41

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

[Source: 9th Cir. 1.14]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

# JURY INSTRUCTION NO. 10
## QUESTIONS TO WITNESSES BY JURORS

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. *[Specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

[Source: 9th Cir. 1.19]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

1
2

### JURY INSTRUCTION NO. 11
### OPINION TESTIMONY OF A LAY WITNESS

3    A witness [who was not testifying as an expert] gave an opinion during the

4  trial. You may, but are not required to, accept that opinion. You may give the

5  opinion whatever weight you think is appropriate. Consider the extent of the

6  witness's opportunity to perceive the matters on which the opinion is based, the

7  reasons the witness gave for the opinion, and the facts or information on which

8  the witness relied in forming that opinion. You must decide whether information

9  on which the witness relied was true and accurate. You may disregard all or any

10  part of an opinion that you find unbelievable, unreasonable, or unsupported by the

11  evidence.

12  [Source: CACI 223]

13                                    _____    Given

14                                    _____    Given as Modified

15                                    _____    Withdrawn

16                                    _____    Refused

17

18                                    _____

19                                    United States District Judge

20

21

22

23

24

25

26

27

28

## C. CAUSES OF ACTION & AFFIRMATIVE DEFENSES INSTRUCTIONS APPLICABLE TO MULTIPLE CAUSES OF ACTION

## JURY INSTRUCTION NO. 1

## DISABILITY DISCRIMINATION DISPARATE TREATMENT – ESSENTIAL FACTUAL ELEMENTS (Gov. Code, § 12940(a))

Ms. Washington claims that FedEx Ground wrongfully discriminated against her based on her pregnancy or a pregnancy related disability. To establish her claim for pregnancy or disability discrimination, Ms. Washington must prove all of the following:

(1)     That FedEx Ground was an employer;

(2)     That Ms. Washington was an employee of FedEx Ground;

(3)     That FedEx discharged Ms. Washington

(4)     That Ms. Washington's pregnancy or disability was a substantial motivating reason for FedEx Ground's decision to discharge her;

(5)     That Ms. Washington was harmed; and

(6)     That FedEx Ground's conduct was a substantial factor in causing Ms. Washington's harm.

Ms. Washington does not need to prove that FedEx Ground held any ill will or animosity toward her personally because she was pregnant or disabled. On the other hand, if you find that FedEx Ground did hold ill will or animosity toward Ms. Washington because she was pregnant or disabled, you may consider this fact, along with all the other evidence, in determining whether Ms. Washington's pregnancy or disability was a substantial motivating reason for the decision of FedEx Ground to discharge Ms. Washington.

[Source: CACI 2500]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____

United States District Judge

1
2
3

**JURY INSTRUCTION NO. 2**

**DISABILITY DISCRIMINATION – DISPARATE TREATMENT –**

**ESSENTIAL FACTUAL ELEMENTS**

4        Ms. Washington claims that FedEx Ground wrongfully discriminated

5   against her based on her pregnancy or disability. To establish this claim, Ms.

6   Washington must prove all of the following:

7        (1)    That FedEx Ground was an employer;

8        (2)    That Ms. Washington was an employee of FedEx Ground;

9        (3)    That FedEx Ground knew that Ms. Washington's pregnancy or

10   disability limited her ability to work;

11        (4)    That Ms. Washington was able to perform the essential job

12   duties with reasonable accommodation for her pregnancy or disability;

13        (5)    That FedEx Ground discharged Ms. Washington;

14        (6)    That Ms. Washington's pregnancy or disability was a substantial

15   motivating reason for FedEx Ground's decision to discharge Ms. Washington;

16        (7)    That Ms. Washington was harmed; and

17        (8)    That FedEx Ground's conduct was a substantial factor in causing

18   Ms. Washington's harm.

19        Ms. Washington does not need to prove that FedEx Ground held any ill

20   will or animosity toward her personally because she was disabled.

21        On the other hand, if you find that FedEx Ground did hold ill will or

22   animosity toward Ms. Washington because she was disabled, you may consider

23   this fact, along with all the other evidence, in determining whether Ms.

24   Washington's pregnancy or disability was a substantial motivating reason for the

25   decision of FedEx Ground to discharge Ms. Washington.

26
27
28

[Source: CACI 2540]

|  |  |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____

United States District Judge[1]

---

[1] These two instructions appear to cover the same thing.  Defendant prefers jury instruction #2.

## JURY INSTRUCTION NO. 3

## RETALIATION – ESSENTIAL FACTUAL ELEMENTS (GOVERNMENT CODE, § 12940(h))

Ms. Washington claims that FedEx Ground retaliated against her for taking time off work due to her pregnancy or a pregnancy related condition or procedure. To establish this claim, Ms. Washington must prove all of the following:

(1)　　That Ms. Washington took time off work due to her pregnancy or a pregnancy related condition or procedure,

(2)　　That FedEx Ground discharged Ms. Washington;

(3)　　That Ms. Washington's taking time off work due to her pregnancy or a pregnancy related disability or medical procedure was a substantial motivating reason for FedEx Ground's decision to discharge her;

(4)　　That Ms. Washington was harmed; and

(5)　　That FedEx Ground's decision to discharge Ms. Washington was a substantial factor in causing her harm.

Ms. Washington does not need to prove discrimination in order to be protected from retaliation. If she reasonably believed that FedEx Ground's conduct was unlawful/ requested a [disability accommodation, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination.

[Source: CACI 2505]

| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____

United States District Judge

# JURY INSTRUCTION NO. 4

## "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the decision to terminate Ms. Washington's employment. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the termination decision.

[Source: CACI 2507]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

1
2

### **JURY INSTRUCTION NO. 5**
### **"SUBSTANTIAL FACTOR" EXPLAINED**

3
4
5

A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

6
7

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.[2]

8

[Source: CACI 430]

9

_____   Given

10

_____   Given as Modified

11

_____   Withdrawn

12

_____   Refused

13
14
15

_____

United States District Judge

16
17
18
19
20
21
22
23
24
25
26
27
28

_____

[2] Defendant requests this language as part of this instruction.  If Plaintiff does not agree, this instruction should be added to the disputed list.

1
2
3
4
5

## JURY INSTRUCTION NO. 6
## "ADVERSE EMPLOYMENT ACTIONS" EXPLAINED

6       Ms. Washington must prove that she was subjected to an adverse
7 employment action.

8       Adverse employment actions are not limited to ultimate actions such as
9 termination or demotion. There is an adverse employment action if FedEx
10 Ground has taken an action or engaged in a course or pattern of conduct that,
11 taken as a whole, materially and adversely affected the terms, conditions, or
12 privileges of Ms. Washington's employment. An adverse employment action
13 includes conduct that is reasonably likely to impair a reasonable employee's job
14 performance or prospects for advancement or promotion. However, minor or
15 trivial actions or conduct that is not reasonably likely to do more than anger or
16 upset an employee cannot constitute an adverse employment action.

17 [Source: CACI 2509]

18                _____     Given

19                _____     Given as Modified

20                _____     Withdrawn

21                _____     Refused

22
23
24               _____
                United States District Judge

25
26
27
28

## JURY INSTRUCTION NO. 7

## BUSINESS JUDGMENT

In California, employment is presumed to be "at will." That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory or retaliatory reason.

[Source: CACI 2513]

| | |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____
United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 8
### FAILURE TO PREVENT DISCRIMINATION OR RETALIATION -
### ELEMENTS OF CAUSE OF ACTION

Ms. Washington claims that FedEx Ground failed to take all reasonable steps to prevent discrimination and retaliation based on pregnancy, disability, and her taking disability leave. To establish this claim, Ms. Washington must prove all of the following:

(1)     That Ms. Washington was an employee of Defendant;

(2)     That Ms. Washington was subjected to discrimination or retaliation in the course of employment;

(3)     That FedEx Ground failed to take all reasonable steps to prevent the discrimination or retaliation;

(4)     That Ms. Washington was harmed; and

(5)     That FedEx Ground's failure to take all reasonable steps to prevent discrimination or retaliation was a substantial factor in causing Ms. Washington's harm.

[Source: CACI 2527]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

### JURY INSTRUCTION NO. 9

### FAILURE TO PROVIDE A REASONABLE ACCOMODATION – ELEMENTS OF A CAUSE OF ACTION

Ms. Washington claims that FedEx Ground failed to reasonably accommodate her pregnancy or other condition. To establish this claim, Ms. Washington must prove all of the following:

(1)      That FedEx Ground was an employer;

(2)      That Ms. Washington was an employee of FedEx Ground;

(3)      That Ms. Washington was pregnant or had a disability that limited a major life activity;

(4)      That FedEx Ground knew of Ms. Washington's pregnancy or other condition that limited a major life activity;

(5)      That Ms. Washington was able to perform the essential job duties with reasonable accommodation for her pregnancy or other condition that limited a major life activity;

(6)      That FedEx Ground failed to provide reasonable accommodation for Ms. Washington's pregnancy or other condition that limited a major life activity;

(7)      That Ms. Washington was harmed; and

(8)      That FedEx Ground' failure to provide reasonable accommodation was a substantial factor in causing Ms. Washington's harm.

In determining whether Ms. Washington's pregnancy or other disability that limited a major life activity, you must consider the condition in its unmedicated state.

[Source: CACI 2541]

| | |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 10

## "REASONABLE ACCOMMODATION" EXPLAINED

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job; Reasonable accommodations may include the following:

(1)     Making the workplace readily accessible to and usable by employees with disabilities;

(2)     Changing job responsibilities or work schedules;

(3)     Reassigning the employee to a vacant position;

(4)     Modifying or providing equipment or devices;

(5)     Modifying tests or training materials;

(6)     Providing medical leave;

(7)     Providing qualified interpreters or readers; and

(8)     Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

[Source: CACI 2542]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____
United States District Judge

## JURY INSTRUCTION NO. 11
## INTRODUCTION OF VICARIOUS RESPONBILITY

One may authorize another to act on his or her behalf in transactions with third persons. This relationship is called "agency." The person giving the authority is called the "principal"; the person to whom authority is given is called the "agent."

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

[Source: CACI 3700]

_____      Given

_____      Given as Modified

_____      Withdrawn

_____      Refused


_____

United States District Judge

### JURY INSTRUCTION NO. 12

### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS – ELEMENTS OF CAUSE OF ACTION

Ms. Washington contends that FedEx Ground failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Ms. Washington could perform the essential duties of her job. In order to establish this claim, Ms. Washington must prove the following:

(1)     That FedEx Ground was an employer;

(2)     That Ms. Washington was an employee of FedEx Ground;

(3)     That Ms. Washington was pregnant, had a disability, or had a medical condition that limited a major life activity that was known to FedEx Ground;

(4)     That Ms. Washington requested that FedEx Ground make reasonable accommodation for her pregnancy, disability, or medical condition that limited a major life activity so that she would be able to perform the essential job requirements;

(5)     That Ms. Washington was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements;

(6)     That FedEx Ground failed to participate in a timely good-faith interactive process with Ms. Washington to determine whether reasonable accommodation could be made;

(7)     That Ms. Washington was harmed; and

(8)     That FedEx Ground's failure to engage in a good-faith interactive process was a substantial factor in causing Ms. Washington's harm.

[Source: CACI 2546]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____

United States District Judge

## JURY INSTRUCTION NO. 13

## INTERACTIVE PROCESS OBLIGATIONS EXPLAINED

When an employee is unable to perform the functions of his or her job due to a temporary or permanent disability, an employer is required to engage in a good faith interactive process before terminating the employee. The interactive process requires communication and good-faith exploration of possible accommodations between the employer and employee with the goal of identifying an accommodation that allows the employee to perform the job effectively. If the employee's disability and resulting limitations are not obvious, the employee must typically initiate the interactive process. The employer must initiate the interactive process when:

(1)    an employee with a known physical or mental disability or medical condition requests reasonable accommodations;

(2)    the employer becomes aware of the need for an accommodation through a third party or by observation; or

(3)    the employer becomes aware of the possible need for an accommodation because the employee with a disability has exhausted leave under the California Family Rights Act, Family & Medical Leave Act, or Pregnancy Disability Act, and the employee or the employee's health care provider indicates that further accommodation is still necessary.

Once an interactive process has been initiated, both the employer and the employee have an obligation to keep communications open, and neither has a right to obstruct the process. Each party must participate in good faith, undertake reasonable efforts to communicate its concerns, and make available to the other information which is available, or more accessible, to one party. Responsibility for any breakdown lies with the party who fails to participate in good faith.

The employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks

for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed.

[Source: CACI 2546, Sources and Authority (citing *Swanson v. Morongo Unified School Dist.*, 232 Cal. App. 4th 954, 971-972 (2014) ["Once initiated, the employer has a continuous obligation to engage in the interactive process in good faith. Both employer and employee have the obligation to keep communications open and neither has a right to obstruct the process. Each party must participate in good faith, undertake reasonable efforts to communicate its concerns, and make available to the other information which is available, or more accessible, to one party.... [R]esponsibility for [any] breakdown lies with the party who fails to participate in good faith."] [internal quotations omitted]); *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1169; *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.* (2008) 166 Cal.App.4th 952,984 ("The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees' with the goal of identifying an accommodation that allows the employee to perform the job effectively."); *Scotch v. Art Inst. Of Cal.-Orange Cnty., Inc.* (2009) 173 Cal.App.4th 986, 1013 ("The employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed."; 2 Cal.Code Reg. § 11069(b) ("An employer or other covered entity shall initiate an interactive process when: ... (3) the employer or other covered entity becomes aware of the possible need for an accommodation because the employee with a disability has exhausted leave ... for the employee's own serious health condition under the CFRA and/or the FMLA, or other federal, state, employer or other covered entity leave provisions and yet the employee or the employee's health care provider indicates that further

accommodation is still necessary for recuperative  leave or other accommodation for the employee to perform the essential functions  of the job.").]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____

United States District Judge

## JURY INSTRUCTION NO. 14
## "KNOWN" DISABILITY EXPLAINED

A "known" disability means a disability of which FedEx Ground has become aware, whether because: (1) it is obvious; (2) the employee has brought it to the employer's attention; (3) it is based on the employer's own perception— mistaken or not—of the existence of a disabling condition; or (4) the employer has come upon information indicating the presence of a disability."

[Source: CACI 2546 (citing *Gelfo*, 140 Cal.App.4th at p. 61, fn. 21.)]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

1
2
3

### **JURY INSTRUCTION NO. 15**

### **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC**

### **POLICY – ELEMENTS OF CAUSE OF ACTION**

4   Ms. Washington claims she was discharged from employment for reasons

5   that violate a public policy. It is a violation of public policy to discriminate

6   against an employee on the basis of her pregnancy or disability, or to retaliate

7   against an employee for requesting or taking disability leave. To establish this

8   claim, Ms. Washington must prove all of the following:

9   (1)   That Ms. Washington was employed by FedEx Ground;

10  (2)   That Ms. Washington was pregnant, disabled, or had a medical

11  condition;

12  (3)   That FedEx Ground discharged Ms. Washington;

13  (4)   That Ms. Washington's pregnancy, disability, or medical condition

14  was a substantial motivating reason for Ms. Washington's discharge; and

15  (5)   That the discharge caused Ms. Washington harm.

16  [Source: CACI 2430]

17

18  _____   Given

19  _____   Given as Modified

20  _____   Withdrawn

21  _____   Refused

22

23  _____

24  United States District Judge

25

26

27

28

## JURY INSTRUCTION NO. 16

## BUSINESS JUDGMENT

In California, employment is presumed to be "at will." That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory or retaliatory reason.

[Source: CACI 2513]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

**DAMAGES**

**JURY INSTRUCTION NO. 1**

**INTRODUCTION TO TORT DAMAGES**

If you decide that Ms. Washington has proved her claims against FedEx Ground, you also must decide how much money will reasonably compensate Ms. Washington for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by FedEx Ground's wrongful conduct, even if the particular harm could not have been anticipated.

Ms. Washington does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

You must award damages in an amount that fully compensates Ms. Washington for her damages in accordance with instructions from the court. You may not speculate or consider any other possible sources of benefit that Ms. Washington may have received. After you have returned your verdict the court will make whatever adjustments are necessary in this regard.

[Source: CACI 3900 & 3923]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

1
2

## **JURY INSTRUCTION NO. 2**

## **SPECULATIVE DAMAGES NOT PERMITTED**

3       Do not award a party speculative damages, which means compensation for
4   future loss or harm which, although possible, is conjectural or not reasonably
5   certain.

6       However, if you determine that a party is entitled to recover, you should
7   compensate a party for loss or harm caused by the injury in question which is
8   reasonably certain to be suffered in the future.

9   [Source: California Jury Instructions – Civil (Spring 2017 Edition) ("BAJI")
10  14.60.]

11

12                        _____   Given
13                        _____   Given as Modified
14                        _____   Withdrawn
15                        _____   Refused

16

17                        _____
18                        United States District Judge

19
20
21
22
23
24
25
26
27
28

1
2

### JURY INSTRUCTION NO. 3

### DAMAGES MUST BE REASONABLE

3
4
5

    If you decide that Ms. Washington has proven her claim against FedEx Ground, you also must decide how much money will be reasonably compensate Ms. Washington for the harm. This compensation is called "damages."

6
7
8

    The amount of damages must include an award for each item of harm that was caused by FedEx Ground's wrongful conduct, even if the particular harm could not have been anticipated.

9
10
11

    Ms. Washington does not have to prove the exact amount of damages that will provide reasonable compensation or the harm. However, you must not speculate or guess in awarding damages.

12
13

    The following are the specific items of damages claimed by Ms. Washington: Past and future lost wages and emotional distress damages.

14

[Source: CACI 3900]

15
16       _____    Given

17       _____    Given as Modified

18       _____    Withdrawn

19       _____    Refused

20
21       _____

22       United States District Judge

23
24
25
26
27
28

**JURY INSTRUCTION NO. 4**

**AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Ms. Washington is not entitled to damages for any physical or emotional condition that she had before her discharge. However, if Ms. Washington had a physical or emotional condition that was made worse by FedEx Ground's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

[Source: CACI 3927]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused

_____

United States District Judge

## **JURY INSTRUCTION NO. 5**

## **DAMAGES ON MULTIPLE THEORIES**

Ms. Washington seeks damages from FedEx Ground under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether FedEx Ground is liable to Ms. Washington under the following related legal theories:

(1)     Disability/Pregnancy Discrimination;

(2)     Retaliation

(3)     Failure to Prevent Disability Discrimination or Retaliation;

(4)     Failure to Accommodate a Disability;

(5)     Failure to Engage in an Interactive Process to Accommodate a Disability; and

(6)     Wrongful Termination in Violation of Public Policy;

The following items of damages are recoverable only once under all of the above legal theories:

(1)     Past income and benefits;

(2)     Future income and benefits; and

(3)     Damages for emotional distress.

[Source: CACI 3934]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____

United States District Judge

## **JURY INSTRUCTION NO. 6**

## **WRONGFUL DISCHARGE DAMAGES**

If you find that FedEx Ground wrongfully discharged Ms. Washington in violation of public policy, then you must decide the amount of damages that Ms. Washington has proven she is entitled to recover, if any. To make that decision, you must:

(1)     Decide the amount that Ms. Washington would have earned up to today, including any benefits and pay increases;

(2)     Add the present cash value of any future wages and benefits that she would have earned for the length of time the employment with FedEx Ground was reasonably certain to continue; and

(3)     Add damages for emotional distress if you find that the conduct of FedEx Ground was a substantial factor in causing that harm.

In determining the period that Ms. Washington's employment was reasonably certain to have continued, you should consider such things as:

(a)     Ms. Washington's age, work performance, and intent regarding continuing employment with FedEx Ground;

(b)     FedEx Ground's prospects for continuing the operations involving Ms. Washington; and

(c)     Any other factor that bears on how long Ms. Washington would have continued to work.

[Source: CACI 2433]

‾‾‾‾‾‾‾        Given

‾‾‾‾‾‾‾        Given as Modified

‾‾‾‾‾‾‾        Withdrawn

‾‾‾‾‾‾‾        Refused

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

United States District Judge

## **JURY INSTRUCTION NO. 7**

## **ECONOMIC AND NONECONOMIC DAMAGES**

The damages claimed by Ms. Washington for the harm caused by FedEx Ground fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

[Source: CACI 3902]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

## **JURY INSTRUCTION NO. 8**

## **ITEMS OF ECONOMIC DAMAGE**

The following are the specific items of economic damages claimed by Ms. Washington:

(1)   Past income and benefits; and

(2)   Future income and benefits.

To recover damages for past income and benefits, Ms. Washington must prove the amount of wages and the value of benefits that she has lost to date.

To recover damages for future income and benefits, Ms. Washington must prove the amount of wages she will be reasonably certain to lose in the future as a result of the injury.

[Source: CACI 3903 & 3903C]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

## JURY INSTRUCTION NO. 9

## MEDICAL EXPENSES – FUTURE (ECONOMIC DAMAGE)

(1)    Future medical expenses. To recover damages for future medical expenses, Ms. Washington must prove the reasonable cost of reasonably necessary medical care that she is reasonably certain to need in the future.

[Source: CACI 3903A]

      _____    Given

      _____    Given as Modified

      _____    Withdrawn

      _____    Refused


_____

United States District Judge

## **JURY INSTRUCTION NO. 10**
## **PREJUDGMENT INTEREST**

If you decide that Ms. Washington is entitled to recover damages for past economic loss in one or more of the categories of damages that she claims, then you must decide whether she should also receive prejudgment interest on each item of loss in those categories.

Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Ms. Washington should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Ms. Washington, you will be asked to address prejudgment interest in the special verdict form.

[Source: CACI 3935]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 11**

**PRESENT CASH VALUE**

If you decide that Ms. Washington's harm includes future economic damages for future income and benefits, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. FedEx Ground must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Ms. Washington with the amount of her future damages.

[Source: CACI 3904A]

| | |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____

United States District Judge

**JURY INSTRUCTION NO. 12**

**ITEMS OF NONECONOMIC DAMAGE**

The following are the specific items of noneconomic damages claimed by Ms. Washington:

(1)     Mental suffering and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering and emotional distress, Ms. Washington must prove that she is reasonably certain to suffer that harm.

For future mental suffering and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Ms. Washington for future mental suffering and emotional distress.

[Source: CACI 3905 & 3905A]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____

United States District Judge

### JURY INSTRUCTION NO. 13

### UNUSUALLY SUSCEPTIBLE PLAINTIFF

You must decide the full amount of money that will reasonably and fairly compensate Ms. Washington for all damages caused by the wrongful conduct of FedEx Ground, even if Ms. Washington was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

[Source: CACI 3928]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____

United States District Judge

## **JURY INSTRUCTION NO. 14**
## **AVOIDABLE CONSEQUENCES DOCTRINE**

If Ms. Washington proves that FedEx Ground discriminated against her, FedEx Ground is responsible for Ms. Washington's harm caused by the discrimination. However, FedEx Ground claims that Ms. Washington could have avoided some or all of the harm with reasonable effort. To succeed, FedEx Ground must prove all of the following:

(1)     That FedEx Ground took reasonable steps to prevent and correct workplace discrimination;

(2)     That Ms. Washington unreasonably failed to use the preventive and corrective measures for discrimination that FedEx Ground provided; and

(3)     That the reasonable use of FedEx Ground's procedures would have prevented some or all of Ms. Washington's harm.

You should consider the reasonableness of Ms. Washington's actions in light of the circumstances facing her at the time, including her ability to report the conduct without facing undue risk, expense, or humiliation.

If you decide that FedEx Ground have proved this claim, you should not include in your award of damages the amount of damages that Ms. Washington could have reasonably avoided.

[Source: CACI 2526 (as modified)]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

## JURY INSTRUCTION NO. 15

## ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

[Source: CACI 3925]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____

United States District Judge

**JURY INSTRUCTION NO. 16**

**DUTY TO MITIGATE (PERSONAL INJURY)**

It is the duty of a person who has been injured to use reasonable diligence in caring for her injuries and reasonable means to prevent their aggravation and to accomplish healing.

When one does not use reasonable diligence to care for her injuries, and they are aggravated as a result of this failure, the liability, if any, of another whose act or omission was a cause of the original injury, must be limited to the amount of damage that would have been suffered if the injured person herself had exercised the diligence required of her.

The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that the plaintiff failed to mitigate her damages, namely, that the plaintiff failed to use reasonable diligence in caring for her injuries or failed to use reasonable means to prevent their aggravation and accomplish healing; and that this failure was a cause of further injury or harm.

However, an injured person is not required to take a particular action if to do so would involve an unreasonably great effort, risk, or expense or would be impractical.

From the mere fact that a competent physician advised an injured person to submit to a course of treatment or operation, you are not justified in inferring that the injured person was negligent or unreasonable in declining such treatment or operation. Other factors that confronted the injured person must be considered in determining whether, although she refused to follow the physician's advice, she nevertheless exercised reasonable diligence in caring for herself and her injuries.

[Source: BAJI 14.67]

| | |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Withdrawn |
| _____ | Refused |

_____

United States District Judge

## JURY INSTRUCTION NO. 17
## MITIGATION OF DAMAGES (PERSONAL INJURY)

If you decide that FedEx Ground are responsible for the original harm, Ms. Washington is not entitled to recover damages for harm that FedEx Ground prove Ms. Washington could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Ms. Washington's efforts in light of the circumstances facing her at the time, including her ability to make the efforts or expenditures without undue risk or hardship.

If Ms. Washington made reasonable efforts to avoid harm, then your award should include reasonable amounts that she spent for this purpose.

[Source: CACI 3930]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____
United States District Judge

## JURY INSTRUCTION NO. 18

## AFFIRMATIVE DEFENSE – EMPLOYEE'S DUTY TO MITIGATE DAMAGES

FedEx Ground claims that if Ms. Washington is entitled to any damages, they should be reduced by the amount that she could have earned from other employment. To succeed, FedEx Ground must prove all of the following:

(1)     That employment substantially similar to Ms. Washington's former job was available to her;

(2)     That Ms. Washington failed to make reasonable efforts to seek this employment; and

(3)     The amount that Ms. Washington could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(1)     The nature of the work was different from Ms. Washington's employment with FedEx Ground;

(2)     The new position was substantially inferior to Ms. Washington's former position;

(3)     The salary, benefits, and hours of the job were similar to Ms. Washington's former job;

(4)     The new position required similar skills, background, and experience;

(5)     The job responsibilities were similar; and

(6)     The job was in the same locality.

In deciding whether Ms. Washington failed to make reasonable efforts to retain comparable employment, you should consider whether Ms. Washington quit or was discharged from that employment for a reason within her control.

87

[Source: CACI 2407]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____

United States District Judge

### JURY INSTRUCTION NO. 19
### EFFECT OF DUTY TO MITIGATE ON DAMAGES

If you find that FedEx Ground met its burden to prove Ms. Washington could mitigate her damages, then Ms. Washington is not entitled to recover damages for economic losses that FedEx Ground proved she could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

(1)    Determine the amount Ms. Washington would have earned from the job she held at the time she was injured; and

(2)    Subtract the amount Ms. Washington earned or could have earned by returning to gainful employment.

The resulting amount is Ms. Washington's damages for past lost earnings.

If you find that FedEx Ground met its burden to prove Ms. Washington could mitigate her damages, then Ms. Washington is also not entitled to recover damages for future economic losses that FedEx Ground proves she will be able to avoid by returning to gainful employment as soon as it is reasonable for her to do so.

If you decide that Ms. Washington will be able to return to work, then you must not award her any damages for the amount she will be able to earn from future gainful employment. To calculate the amount of damages you must:

(1)    Determine the amount Ms. Washington would have earned from the job she held at the time she was injured; and

(2)    Subtract the amount Ms. Washington is reasonably able to earn from alternate employment.

The resulting amount is Ms. Washington's damages for future lost earnings.

[Source: CACI 3961 & 3962]

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

# JURY INSTRUCTION NO. 20

## ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

[Source: CACI 3964]

_____       Given

_____       Given as Modified

_____       Withdrawn

_____       Refused


_____

United States District Judge

## **JURY INSTRUCTION NO. 21**
## **EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial. You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

(1)     The expert's training and experience;

(2)     The facts the expert relied on; and

(3)     The reasons for the expert's opinion.

[Source: CACI 219]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### **JURY INSTRUCTION NO. 22**
### **EXPERTS-QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions." In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

[Source: CACI 220]

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____

United States District Judge

# D. <u>CLOSING INSTRUCTIONS</u>
## <u>JURY INSTRUCTION NO. 1</u>
### <u>DUTY TO DELIBERATE</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[Source: 9th Cir. 3.1]

_____        Given

_____        Given as Modified

_____        Withdrawn

_____        Refused


_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 2
### CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place

95

discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

[Source: 9th Cir. 3.2]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

JOINT PROPOSED JURY INSTRUCTIONS

## **JURY INSTRUCTION NO. 3**
## **COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[Source: 9th Cir. 3.3]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____

United States District Judge

### JURY INSTRUCTION NO. 4
### RETURN OF VERDICT

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

[Source: 9th Cir. 3.5]

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____
United States District Judge

**<ins>PROOF OF SERVICE</ins>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010.

On June 7, 2021, I served the foregoing document described on the attached Joint Proposed Jury Instructions

On the interested parties in this action as follows:

> Shaun J. Voigt, Esq.               *Attorney for Defendants*
> Fisher & Phillips LLP
> 444 South Flower Street, Suite 1500
> Los Angeles, CA  90071
> svoigt@fisherphillips.com

☒     BY CM/ECF:  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on June 7, 2021, at Los Angeles, California.

        ☒     FEDERAL  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Daniel Friedman _____       /s/ Daniel Friedman

PROOF OF SERVICE

FP 37988723.1