1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10   DOMINIQUE WASHINGTON,              Case No. 2:19-cv-05226 MCS (KSx)

11              Plaintiff,

12                                      **ORDER RE: MOTIONS IN LIMINE**
                                        **(ECF NOS. 36–39, 42, 43)**
13        v.

14   FEDEX GROUND PACKAGE
15   SYSTEM, INC., et al.,

16              Defendants.

17

18

19                          **ORDER**

20        Plaintiff Dominque Washington ("Plaintiff") moves in limine to exclude:

21   evidence and references to allegations that Plaintiff terminated two pregnancies (Pl.'s

22   MIL No. 1, ECF No. 36); evidence and references to allegations that Plaintiff terminated

23   a pregnancy five months after Defendant FedEx Ground Package System, Inc.

24   ("Defendant") terminated her employment (Pl.'s MIL No. 1, ECF No. 37); a report

25   written by Francine B. Kulick, Ph.D ("Dr. Kulick") and any evidence or testimony by

26   Dr. Kulick about Plaintiff's mental condition and the cause of Plaintiff's emotional

27   distress (Pl.'s MIL No. 3, ECF No. 38); and evidence and references that Plaintiff used

28   "street" drugs (Pl.'s MIL No. 4, ECF No. 39). Defendant moves in limine for an order

                                       1

bifurcating this case into a liability phase and a punitive damages phase. Def.'s MIL No. 1, ECF No. 42. Defendant also moves in limine to exclude testimony regarding the religious beliefs of third party witnesses as it pertains to issues of abortion. Def.'s MIL No. 2, ECF No. 43.

On August 2, 2021, the Court heard oral argument, advised the parties of its tentative rulings, and took the motions under submission. The parties shall instruct their witnesses not to reference evidence excluded by this Order. All decisions on motions in limine are subject to reevaluation at trial. *See* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing… prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce v. United States*, 469 U.S. 38, 41–42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

## I.     BACKGROUND

Plaintiff Dominique Washington ("Plaintiff") worked for Defendant FedEx Ground Package System, Inc. ("Defendant") until Defendant terminated her employment. Def.'s Mem. of Contentions of Fact and Law 2, ECF No. 44. Plaintiff alleges numerous causes of action arising out of her employment and eventual termination. *Id*. at 2, 3.

## II.     DISCUSSION

### A. Plaintiff's Motion in Limine No. 1

Plaintiff seeks to exclude evidence that she obtained two abortions. *See generally*, Pl.'s MIL No. 1. Plaintiff argues that such evidence is irrelevant, does not relate to issues of liability or credibility, and would be highly prejudicial and confusing to the jury. *Id*. at 4.[1]

---

[1] The Court will address Plaintiff's first abortion in this section and Plaintiff's second abortion in the next section.

1    Defendant intends to introduce evidence pertaining to Plaintiff's first abortion for
2    two reasons. Def.'s Opp'n to Pl.'s MIL No. 1, ECF No. 50 First, Defendant's view is
3    that whether Plaintiff told her work supervisor she was having an abortion "may be
4    dispositive [*sic*]" in both determining whether Defendant had "discriminatory intent"
5    and whether the communications "triggered" Defendant's "obligation to engage in the
6    interactive process." *Id*. at 4. Second, Defendant intends to introduce the conversation
7    between Plaintiff and Plaintiff's supervisor about Plaintiff's first abortion because
8    Defendant asserts it is relevant to determining the weight or credibility that should be
9    given to other evidence. *Id*. at 5. Defendant avers that in both a written discovery
10   response and during a deposition Plaintiff stated she informed her supervisor she was
11   having an abortion. Decl. of Sean F. Daley ISO Def.'s Opp'n to Pl.'s MIL No. 1 ("Daley
12   Decl."), Ex.'s A, B, ECF No. 50-1. Plaintiff stated during her deposition that her
13   supervisor was aware of the abortion because Plaintiff gave him a letter from Planned
14   Parenthood. Washington Dep. Tr. (Ex. B) 175:24–176:24. According to Plaintiff, even
15   though the letter from Planned Parenthood does not mention an abortion, Plaintiff's
16   supervisor should have understood that the Planned Parenthood letter implied she was
17   having an abortion. *Id*. Defendant thus argues that it should be able to present evidence
18   about communications between Plaintiff and Plaintiff's supervisor because they
19   "overlap[] with [Plaintiff's] pregnancy-related medical condition and may affect the
20   jury's perception of Plaintiff's credibility." Def.'s Opp'n to Pl.'s MIL No. 1 at 6.

21       The Court defers ruling on whether it will exclude evidence of Plaintiff's first
22   abortion. Plaintiff avers that her claims are based on a pregnancy-related disability and
23   not on a decision to obtain an abortion. *See* Pl.'s MIL No. 1 at 6. (Plaintiff does not
24   "allege any claim . . . related to whether or not Plaintiff aborted any pregnancy during
25   her employment.") Therefore, evidence pertaining to an abortion is likely irrelevant to
26   the claims at issue. Fed. R. Evid. 402. However, the Court defers ruling on this MIL
27   because some of the evidence does not align with Plaintiff's stated summary of her
28   claims. For instance, in response to an interrogatory, Plaintiff stated that her

conversation with her supervisor about "undergoing an abortion" was a "statement . . . concerning" an "issue in this lawsuit." Daley Decl., Ex. A at 8, 9. And as Defendants argue, what Plaintiff's supervisor knew about Plaintiff's condition may be relevant to determining whether Defendant "discriminated against [Plaintiff] for a pregnancy-related medical condition." Def.'s Opp'n to Pl.'s MIL No. 1 at 4.

Defendant's argument that evidence about Plaintiff's first abortion is relevant for determining the weight and credibility of other evidence is also an issue best addressed at trial. The importance of using this evidence to evaluate Plaintiff's credibility is unclear at this stage. The Court thus defers ruling on this issue until trial, though it is inclined to prevent Defendant from using evidence about Plaintiff's first abortion to attack Plaintiff's credibility.[2] The Court also defers ruling on whether the evidence is prejudicial and confusing to the jury and deems these issues better addressed through objections at trial.

Further, the Court defers ruling on whether the Parties should use a different phrase for abortion, such as "pregnancy-related medical procedure." At the Final Pretrial conference, the Court invited the Parties to meet and confer about the potential to use a different phrase in place of abortion. Hearing Tr. 7:24–8:5.[3] The Court defers ruling until trial so it can give the Parties another chance to come to agreement on a different phrase.

**B. Plaintiff's Motion in Limine No. 2**

Plaintiff seeks to exclude evidence pertaining to her second abortion which Plaintiff obtained five months after Defendant terminated her employment. *See*

---

[2] Though the Court will address evidence issues pertaining to Plaintiff's second abortion in the next section, *supra* (II)(B), the Court notes here that it will also not allow Defendant to use Plaintiff's second abortion to attack Plaintiff's credibility.

[3] The transcript from the Pretrial Conference Hearing has not been filed on the public docket. Pinpoint citations refer to the rough draft of the transcript provided to the Court by the court reporter.

4

*generally*, Pl.'s MIL No. 2. Plaintiff argues that such evidence is irrelevant and unfairly prejudicial. Fed. R. Evid. 401, 403. Plaintiff also argues that such evidence cannot be used for impeachment. Pl.'s MIL No. 2 at 6. Defendant argues that evidence of Plaintiff's second abortion is relevant for showing a superseding cause in Plaintiff's life that resulted in emotional distress. Def.'s Opp'n to Pl.'s MIL No. 2.

The Court agrees with Defendant. As just one example, Plaintiff brings a claim under California Government Code section 12940(k) and will have to show that Defendant's "failure" to prevent retaliation "caused the plaintiff to suffer injury, damage, loss, or harm." *See Hicks v. Netflix, Inc.*, 472 F. Supp. 3d 763, 772 (C.D. Cal. 2020) ("California state courts have observed that" California Government Code section 12940(k) "creates a statutory tort action with the usual tort elements (duty of care to the plaintiff, breach of duty, causation, and damages"). This is just one example of Plaintiff's need to prove her termination caused emotional distress. Prohibiting Defendant from introducing superseding causes of emotional distress would be prejudicial because such evidence is relevant for determining whether Plaintiff's abortion five months after Defendant terminated Plaintiff's employment was a superseding cause of any emotional distress. Therefore, the Court **DENIES** Plaintiff's MIL No. 2.

### C. Plaintiff's Motion in Limine No. 3

Plaintiff seeks to exclude the testimony and expert rebuttal report of Defendant Francine B. Kulick, Ph.D. ("Dr. Kulick"). Pl.'s MIL No. 3. Defendant hired Dr. Kulick to draft a rebuttal report to Plaintiff's expert, Anthony E. Reading, Ph.D ("Dr. Reading"). In drafting the expert rebuttal report, Dr. Kulick "did not conduct a Defense Medical Exam ('DME') of Plaintiff." *Id*. at 4. According to Plaintiff, Dr. Kulick violated section 9.01 of the Ethical Principles of Psychologists and Code of Conduct of the APA ("APA Ethics Code § 9.01") by failing to conduct the DME before drafting

the report and opining on Plaintiff's mental condition.[4] *Id.* at 6. Plaintiff argues that Dr. Kulick's report and testimony should be excluded under Federal Rules of Evidence 702 and *Daubert*. *Id.* at 6–9.[5] Defendant disagrees. *See* Def.'s Opp'n to Pl.'s MIL No. 3.

Rule 702 governs the admissibility of expert testimony. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Testimony must be "based upon sufficient facts or data" and be "the product of reliable principles and methods." *Id.* Further, the expert witness must have "applied the principles and methods reliably to the facts of the case." *Id.* The Supreme Court has imposed a "gatekeeping responsibility" for courts to engage in objective screening to ensure that evidence "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141–42 (1999) (clarifying the "gatekeeping" obligation "applies not only to testimony based on 'scientific knowledge,' but also to testimony based on 'technical' and 'other specialized' knowledge").

In *Daubert*, the Supreme Court outlined factors relevant to the reliability prong, including: (1) whether the theory can be and has been tested; (2) whether it has been subjected to peer review; (3) the known or potential rate of error; and (4) whether the theory or methodology employed is generally accepted in the relevant scientific community. 509 U.S. at 593–94. The Supreme Court emphasized the "flexible" nature of this inquiry. *Id.* at 594; *see also Kumho*, 526 U.S. at 141-42 ("Daubert's list of

---

[4] Plaintiff also asks the Court to take judicial notice of the APA Ethics Code website. Pl.'s MIL No. 3 at 5. The Court **DENIES** judicial notice.

[5] In a footnote, Plaintiff also objects to the evidence under Federal Rules of Evidence 403 without providing any argument as to why the evidence is unfairly prejudicial, confuses the issues, or is misleading to the jury. However, evidence about the cause of her emotional distress surely is relevant to this case.

specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather the law grants a district court the same broad latitude when it decides how to determine reliability as [the court] enjoys in respect to its ultimate reliability determination.") Indeed, a "trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho*, 526 U.S. at 152).

The Court disagrees with Plaintiff's position for several reasons. As an initial matter, Plaintiff misstated the content of Dr. Kulick's report at the Pretrial Conference by stating Dr. Kulick's report questions whether Plaintiff suffered emotional distress. Hearing Tr. 9:19–21. However, Dr. Kulick has questioned the *cause* of Plaintiff's emotional distress, not the *existence* of it. *See* Decl. of Daniel J. Friedman ISO Pl.'s MIL No. 13 ("Friedman Decl."), Ex. 1., ECF No. 38-1. Dr. Kulick states that Dr. Reading failed to consider that Plaintiff may have experienced "numerous possible precipitating events" that could have caused Plaintiff's Adjustment Order with Depressed Mood and then outlines those events. *Id*. Dr. Kulick also opines on her disagreements with how Dr. Reading created his opinions about the source of Plaintiff's Adjustment Order with Depressed Mood. *Id*. Dr. Kulick explains that she believes Dr. Reading reached this conclusion largely based on Plaintiff's self-report and failed to consider other material. *Id*.

Further, Dr. Kulick's failure to conduct a Defense Medical Exam in accordance with APA Ethics Code § 9.01 is not a proper basis to exclude her testimony. *Munoz v. FCA US LLC*, 495 F. Supp. 3d 1008, 1012 (D.N.M. 2020) ("[C]ompliance with the APA Code does not dictate whether Dr. Fucetola's opinion testimony is admissible for *Daubert* purposes."); *AbdulSalaam v. Franklin Cnty. Bd. of Comm'rs*, No. 2:06-CV-413, 2011 WL 672072, at *1 (S.D. Ohio Feb. 17, 2011) ("This Court is not persuaded, however, that either alleged inconsistency with selected APA guidelines or Pawlarczyk's choice of diagnostic source material constitutes enough of a challenge to

his chosen methodology to exclude his testimony under the *Daubert* standard.") Even under APA Ethics Code § 9.01, a psychologist can "conduct a record review" when "an individual examination is not warranted or necessary." AMERICAN PSYCHOLOGICAL ASSOCIATION, *Ethical Principles of Psychologists and Code of Conduct*, https://www.apa.org/ethics/code (last visited October 7, 2021); *Sille v. Parball Corp.*, No. 2:07-CV-00901-KJD, 2011 WL 2710102, at *2 (D. Nev. July 12, 2011) (rejecting a challenge to an expert report based on APA Ethics Code § 9.01 because it "allow[s] for situations, as here, in which only a records review is conducted"). Though Dr. Kulick failed to explain why "an individual examination is not warranted or necessary," this omission does not warrant excluding the testimony or report. *Munoz*, 495 F. Supp. 3d at 1013 ("The APA Code does not appear to be specific as to how, when or where a psychologist should explain why an individual examination is not warranted or necessary, and most certainly, a *Daubert* inquiry does not depend on this issue. Plaintiff's *Daubert* reliability challenge therefore fails on issues related to purported deficiencies under the APA Code.")

The Court thus **DENIES** Plaintiff's MIL No. 3 and will allow Dr. Kulick to testify at trial.

**D. Plaintiff's Motion in Limine No. 4**

Plaintiff seeks to exclude evidence that she used street drugs after Defendant terminated her employment. *See generally*, Pl.'s MIL No. 4. Plaintiff argues that the drug was not a "street drug" at the time she consumed it because it was legal and her alleged use of the drug is not relevant. Pl.'s MIL No. 5, 6. Plaintiff also argues that such evidence should be excluded under Federal Rules of Evidence 403 and is also not permissible character evidence under Federal Rules of Evidence 404. *Id*. at 6–8.

Defendant does not intend to use Plaintiff's alleged drug use as character evidence. Def.'s Opp'n to Pl.'s MIL No. 5. Defendant intends to assert that Plaintiff's drug use was a "superseding cause of her alleged anxiety, trouble sleeping, and emotional distress." *Id*. at 4. For the same reasons as above, it would prejudice

Defendant to deny it the ability to argue that Plaintiff's drug use was a superseding cause. *Supra* (II)(d). The Court **DENIES** Plaintiff's MIL No. 4.

### E. Defendant's Motion in Limine No. 1

Defendant seeks to bifurcate this trial into two phases. Def.'s MIL No. 1. The two phases include a phase on liability and a phase on punitive damages. *Id*. Defendant is concerned that "Plaintiff will prematurely attempt to refer to or introduce evidence pertaining to her claim for punitive damages." *Id*. at 4. Plaintiff does not oppose this MIL. As the Court stated at the Final Pretrial Conference hearing, the Court **DENIES** Defendant's MIL No. 1 and will not bifurcate the trial. *See Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV 15-02034 JVS (JCGx), 2018 WL 6136784, at *2 (C.D. Cal. Apr. 17, 2018) ("A district court has broad discretion to decide" when to bifurcate a trial under Federal Rules of Civil Procedure 42(b)). (quotation marks omitted).

### F. Defendant's Motion in Limine No. 2

Defendant moves to exclude evidence and testimony pertaining to the personal and religious beliefs of third party witnesses as it pertains to the issue of abortion. *See generally*, Def.'s MIL No. 2. At the hearing, Plaintiff asserted that some of the witnesses testified they had attended Catholic church. Hearing Tr. 6:19–23. Defendant stated that the witnesses just testified they were raised in the Catholic faith. *Id*. 7:9–13. At the hearing, the Court expressed its concern that Plaintiff has not laid a proper foundation for referencing the religious views of third party witnesses.

It is unclear from the record if any third party witness espoused personal views concerning abortion. Neither party identified any personal views in their briefs or at the hearing. The Court thus does not rule on the exclusion of personal views surrounding abortion.

/ / /

/ / /

/ / /

1    The Court **GRANTS in part** and **DEFERS RULING in part** Defendant's MIL

2    No. 2 and excludes evidence and testimony of the religious beliefs of third party

3    witnesses as they pertain to abortion.

4    **IT IS SO ORDERED.**

5

6    Dated: October 12, 2021

        _____

7        MARK C. SCARSI
         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28